Craig J. Mariam  (SBN: 225280)
cmariam@gordonrees.com
Andrew M. Legolvan (SBN: 292520)
alegolvan@gordonrees.com
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco CA, 94111
Telephone:  (415) 986-5900
Facsimile:  (877) 306-0043

Attorneys for Defendants,
Mandot, LLC, d/b/a 1st American Self Storage;
Budget Self Storage, LLC, d/b/a Tiger Self Storage;
Elite Self Storage Management, LLC; Brandon Joseph
Luthye; and Tina Luthye

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DELEON, individually and on behalf of all others similarly situated and on behalf of the general public,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>ELITE SELF STORAGE MANAGEMENT, LLC, a California limited liability company; MANDOT, LLC, D/B/A 1ST AMERICAN SELF STORAGE, a California limited liability company; BUDGET SELF STORAGE, LLC, D/B/A TIGER SELF STORAGE, a California limited liability company; REPWEST INSURANCE COMPANY, an Arizona corporation; GREAT AMERICAN ASSURANCE COMPANY, an Ohio corporation; BRANDON JOSEPH LUTHYE, individually and in his official capacity; TINA LUTHYE, individually and in her official capacity; and DOES 1 through 100, inclusive,<br><br>　　　　　　　　Defendants. | CASE NO.  2:15-at-001033<br><br>*Removed from the Superior Court for the State of California, County of Sacramento Case No. 34-2015-001843-46*<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>**(DIVERSITY JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT)**<br><br>**[28 U.S.C. §§ 1332, 1453, AND 1446]**<br><br>*Filed Concurrently with the Declaration of Matthew Walter*<br><br>Complaint Filed: September 16 2015<br>Trial Date:  None |

TO THIS HONORABLE COURT, TO ALL PARTIES, AND COUNSEL OF RECORD:

///

PLEASE TAKE NOTICE that Mandot, LLC, d/b/a 1st American Self Storage ("1st American") and Budget Self Storage, LLC, d/b/a Tiger Self Storage ("Tiger") hereby remove to this Honorable Court under 28 U.S.C. §§ 1332, 1446, and 1453 the state court action captioned *John Deleon, et al, v. Elite Self Storage Management, LLC, et al.*, Case No. 34-2015-001843-46 filed in the Superior Court for the State of California, County of Sacramento.

## I.   GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA")

1.   Defendants First American and Tiger remove the state court class action to this Court pursuant to 28 U.S.C. §§ 1332 (diversity of citizenship), 1446 (procedure for removal), and 1453 (removal of class actions) because it is a civil class action consisting of over one hundred (100) putative class member, involving an amount in controversy exceeding $5,000,000, and at least one of the defendants has a different citizenship than at least one of the putative class members. *See* 28 U.S.C. § 1332(d) (providing that district courts have original jurisdiction over a class action where: (1) the class consists of 100 members or more; (2) the amount in controversy exceeds the sum of $5,000,000.00, exclusive of costs and interest; and (3) any member of the class is a citizen of a state different from any defendant).

## I.   PLEADINGS

2.   Plaintiff John DeLeon, on behalf of himself and all others similarly situated, brings this nationwide consumer class action against First American and Tiger, two self-storage companies; Elite Self Storage Management, LLC ("Elite"), a self-storage management company that allegedly manages 35,000 units, including the units owned by First American and Tiger; individuals Brandon Joseph Luthye and Tina Luthye, the alleged owners and operators of Elite; and Repwest Insurance Company and Great American Assurance Company, two insurance companies that allegedly sell self-service storage insurance to self-

storage renters of First American and Tiger. *See* Compl. ¶¶ 2–3.

3. Plaintiff, on behalf of himself and the putative class, alleges that defendants have violated Bus. & Prof. Code § 17200, *et seq.* (California's Unfair Competition Statute); Bus. & Prof. Code § 21700, *et seq.* (California Self-Service Storage Facility Act); and Cal. Ins. Code §§ 1758.7–1758.792 (California Insurance Code governing self-storage facilities), for engaging in the following conduct:

    a. Denying renters in good standing access to their storage units at all self-storage facilities if the renter is behind on payment to any of the self-storage facilities under their management;

    b. Sending the invalid preliminary lien notices to renters—which are invalid for failing to include the notices and disclosures required by statute;

    c. Charging renters various fees after sending preliminary lien notices to renters;

    d. Using unlicensed salespersons to sell overpriced self-service storage insurance to renters in order to realize unearned and unlawful commissions;

    e. Falsely representing to prospective renters that self-service storage insurance is required by law in order to rent a storage unit;

    f. Failing to provide consumers with certain written disclosures required by statute when selling self-service storage insurance; and

    g. Failing to display certain signage disclosures regarding self-service storage insurance required by statute.

*See* Compl. ¶¶ 4–6, 150–185.

4. Plaintiff purports to represent a class defined as the following:

(i) all persons with addresses in the United States, (ii) who rented a self-service storage unit owned, managed or operated by [Elite, First American, Tiger, Brandon Luthye, or Tina Luthye], (iii) during the

four years prior to the date this action was filed [September 16, 2015]. Compl., ¶ 130.[1]

5. Plaintiff, individually, also brings claims for breach of contract, breach of implied covenant of good faith and fair dealing, conversion, and trespass to chattel against all defendants (except for the insurance company defendants) for allegedly breaching the self-storage agreement by allegedly depriving plaintiff of his personal property. *See* Compl., ¶¶ 7, 186–218.

6. Plaintiff, on behalf of himself and the putative class, prays for, *inter alia*, declaratory relief regarding the above-described violations, an injunction prohibiting defendants from engaging in the above-described conduct, compensatory damages/restitution, punitive damages, and attorney's fees. *See* Compl., at pp. 48–52.

7. Specifically, plaintiff, on behalf of the putative class, prays for, *inter alia*, restitution of a $20 preliminary lien fee, restitution of a $20 inventory fee, restitution of a $15 lock cutting fee, and restitution of the monthly premiums paid to each insurance company defendant (either $5 or $6.45 per month). *See* Compl., at pp. 50–51.

8. Plaintiff prays for punitive damages against First American, Elite, and Mr. Luthye on the grounds that their "conduct was fraudulent, malicious, despicable and oppressive and was intended to harm plaintiff." Compl., ¶ 219.

9. Plaintiff also prays for an award of damages for the loss of use of his goods and the value of his goods. *See* Compl., at p. 50.

10. Plaintiff also prays for the costs of the action and reasonable attorney's fees under a contract provision in the rental contract, Cal. Civ. Code §

---

[1] Plaintiff also alleges several subclasses in his Complaint, *see* Compl. ¶¶ 135 (The Tiger Subclass), 138 (The Repwest Subclass), 140 (The Great American Subclass); however, plaintiff does not appear to distinguish between the subclasses when making allegations against the defendants. Instead, plaintiff brings claims against the defendants on behalf of "the Class." *See, e.g.*, Compl. ¶ 150 ("Plaintiff and the Class bring the first cause of action against [Elite, First American, Tiger, Brandon Luthye, and Tina Luthye] for violation of California's Unfair Competition Law[.]").

1717, and Code of Civil Procedure § 1021.5 (California's Private Attorney General Statute). *See* Compl., at p. 51.

## II. THE REQUIREMENTS OF DIVERSITY JURISDICTION ARE MET

11. The Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1453, permits removal of class actions. As amended by CAFA, 28 U.S.C. § 1332(d) vests district courts with original jurisdiction of any civil class action if (1) any member of the plaintiff class is a citizen of a state different from any defendant; (2) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (3) the aggregate number of proposed plaintiffs is 100 or greater. Without conceding any merit to the legitimacy of plaintiff's claims, calculation of damages, or ability to certify the putative classes, First American and Tiger assert that the CAFA elements are satisfied.

### A. At Least One of the Defendants' Citizenship is Diverse from One of the Putative Class Members' Citizenship.

12. Removal under CAFA requires minimal diversity—*i.e.*, one of the defendants must be diverse from any one of the class members, whether named or unnamed. 28 U.S.C. § 1332(d)(1)(D)(2)(A) (diversity is satisfied if "any member of a class of plaintiffs is a citizen of a State different from any defendant"); 28 U.S.C. § 1332(d)(1)(D) (for purposes of CAFA, "the term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action").

13. Plaintiff alleges that he resides in Sacramento County, California, *see* Compl. ¶ 11; *see Lew v. Moss*, 797 F.2d 747, 749–750 (9th Cir. Cal. 1986) (an individual is a citizen of his state of domicile, which is defined as the location where he has established a "fixed habitation or abode in a particular place" where he intends to remain indefinitely); *see Lockard v. Lockard*, 1993 U.S. App. LEXIS 37748, *3 (9th Cir. 1993) ("current residence" is a factor in determine where a person is domiciled); *see also Hernandez v. Towne Park, Ltd.*, 2012 U.S. Dist.

LEXIS 86975, *13 n.37 (C.D. Cal. 2012) (holding that for purposes of a removal, where the plaintiff alleges he resides in a certain State but fails to allege his citizenship, the court may assume that the plaintiff is a citizen of the State of residence).

14. Additionally, at least one of the defendants is a citizen of a state other than California, *see* Compl. ¶ 15 (plaintiff alleges that defendant Repwest "is an Arizona corporation…with its principal place of business located at: 2721 N. Central Avenue, Phoenix, Arizona 85004"). *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1203 (E.D. Cal. 2008) ("For purposes of diversity jurisdiction, a corporation is a citizen in the state of its incorporation, as well as in the state of its principal place of business.").

15. Therefore, because there is diversity between at least one of the class members and one of the defendants, there is sufficient diversity under CAFA.

**B. The Amount in Controversy Likely Exceeds $5,000,000.**

16. Plaintiffs failed to specify the amount of damages they are seeking—therefore, extrinsic evidence is admissible to determine whether the jurisdictional amount of $5,000,000 is satisfied. *See Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 998 (9th Cir. Or. 2007) (where a plaintiff "seeks no specific amount of damages,…a court is forced to look beyond the complaint to determine whether the suit meets the jurisdictional requirements"), *abrogated on other grounds by Std. Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1347 (U.S. 2013); *see also Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. Cal. 2013) ("the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard").

17. Without admitting that plaintiff or the class are entitled to anything—indeed, First American and Tiger strongly contend that they were not—the amount in controversy exceeds the $5,000,000 jurisdictional minimum.

///

**1. Restitution/Compensatory Damages**

18.     Plaintiff, on behalf of himself and the class, is seeking restitution of various fees that were allegedly improperly charged to him and members of the class, which total $55 per class member ($20 preliminary lien fee, $20 inventory fee, and $15 lock cutting fee). Plaintiff alleges that there are approximately 35,000 self-surface storage units at issue in this case. *See* Compl. ¶ 3.

19.     Assuming an approximate turnover rate of 62.6%, *see* Declaration of Matthew Walter ("Walter Decl.") ¶ 3, approximately 21,910 renters move in/move out of these units per year (35,000 units × 62.6%). This number of turnovers is approximately 87,640 when taking into account the alleged four-year statute of limitations (21,910 × 4 years). Thus, with approximately 87,640 putative class members, the amount in controversy equals **$4,820,200** (87,640 × $55). The figure herein does not include those turnovers post-filing of the Complaint, which also must be aggregated to determine the amount in controversy.

20.     The industry standard annual turnover rate as calculated by the Self Storage Association is approximately 49% for self-storage units. *See* Exhibit B (Self Storage Association Industry Fact Sheet states that 49% of renters say they will rent storage units for less than one year).[2] Thus, even assuming this figure more accurate, the potential restitution relative to a calculation of the amount in controversy equals approximately **$3,773,000** (35,000 units × 49% × 4 years × $55).

21.     Plaintiff, on behalf of himself and the class, also seeks restitution of insurance premium payments (either $5 or $6.45 per month) paid by members of the class. On any given day during the class period, First American and Tiger alone own approximately 1240 occupied units. *See* Walter Decl. ¶ 4. Thus, the amount of premiums paid during the class period could approximate **$383,904** ($6.45 × 12 months × 4 years × 1240 tenants).

---

[2] Available at: http://www.selfstorage.org/ssa/content/navigationmenu/aboutssa/factsheet/.

22. Plaintiff, individually, also seeks damages for breach of contract and the value/loss of use of his goods. Plaintiff alleges he paid **$173.36**. *See* Compl. ¶ 46–48. Additionally, although plaintiff does not allege exactly what personal property was stored in his storage unit, he does allege that he purchased an insurance policy with $2,000 of coverage. Thus, the amount in controversy totals approximately **$2,000**. *See Intel Corp. v. Hamidi*, 30 Cal. 4th 1342, 1482 (Cal. 2003) (the tort of conversion requires the "defendant to pay the full value of the thing with which he has interfered").

23. Therefore, the total amount in controversy is at least **$5,206,277.36** ($4,820,200 + $383,904 + $173.36 + $2,000), not including any amount in controversy post-filing of the Complaint. Including an approximate two years through judgment, an additional 50% of the foregoing amounts are in controversy (half of the four-year retroactive statute of limitations). Therefore, the total amount in controversy in this case is approximately **$7,809,416.04** ($5,206,277.36 + 150%).

### 2. Punitive Damages and Attorney's Fees.

24. Plaintiff also seeks punitive damages and attorneys' fees. *See Weiss v. Del Webb Cmtys., Inc.*, 2013 U.S. Dist. LEXIS 91176, *8 (D. Nev. 2013) ("In determining the amount in controversy, a district court may consider the amount of compensatory and punitive damages recoverable based on the plaintiff's complaint as well as attorneys' fees"); *see also Lowdermilk*, 479 F.3d at 1000 (attorney's fees are included under CAFA to determine whether the amount in controversy is met "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language").

25. Plaintiff seeks an unspecified amount of punitive damages, and seeks an unspecified amount of attorney's fees under the contract and Code of Civil Procedure section 1021.5, which generally provides for attorney's fees to a successful party in an action to enforce an important right affecting the public

interest if the public receives a significant benefit and other requirements are satisfied. First American and Tiger do not admit that plaintiff or the class is entitled to punitive damages or attorney's fees, only that a claim has been made in the Complaint.

26. Based on the allegations at hand, and while vehemently denied, punitive damages alone could exceed $5 million. *See Gugielmino v. McKee Foods Corp.*, 506 F3d 696, 698 (9th Cir. Cal. 2007) (approving of calculating punitive damages as a 1:1 ratio of economic damages in order to determine amount in controversy under CAFA). And, while the defense denies that plaintiff has any right to recovery of fees, based on the allegations alone, attorney's fees would be added to the aforementioned jurisdictional analysis. *Id*; *see also Bayol v. Zipcar, Inc.*, 2015 U.S. Dist. LEXIS 109027, *25 (N.D. Cal. 2015) (calculating 25% of the total recover to determine the potential attorney's fees for purposes of calculating the amount in controversy under CAFA).

### 3. Injunction

27. In addition to compensatory damages, restitution, punitive damages, and attorney's fees, plaintiff also seeks an injunction against the defendants prohibiting future violations, the implementation of which should be included in calculating the amount in controversy. *See Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274 (7th Cir. Ill. 2011) (a defendant may count the foregone profits that may result from complying with the requested injunction for purposes of calculating the amount in controversy); *see also Burton v. Trinity Universal Ins. Co.*, 2015 U.S. Dist. LEXIS 21953, *5 (D. Mont. 2015).

28. Taking plaintiff's allegations at face value, and assuming the magnitude and extent of the violations alleged in his Complaint, all of the defendants would be required to hire compliance attorneys with expertise in California law as it relates to self-storage operators. It would take months and countless billable hours to assess the extent of the violations, devise a plan to

remedy each violation, implement a compliance program, and provide an avenue for continued training on new developments in the law.

### C. The Number of Class Members Exceeds 100.

29. CAFA requires that there be at least 100 members in the putative class or classes. 28 U.S.C. § 1332(d)(1)(D)(5)(B) (prohibiting jurisdiction under CAFA where "the number of members of all proposed plaintiff classes in the aggregate is less than 100").

30. Plaintiff specifically alleged that there are in excess of 100 members in the putative class. *See* Compl. ¶ 132 ("Defendants have denied hundreds of Class members access to self-service storage units despite the contractual rent on such storage unit having been paid.").

## III. THE OTHER REQUIREMENTS OF REMOVAL ARE MET

### A. Removal Is Timely.

31. Removal is timely because it is made within thirty days of First American and Tiger having been served with the Complaint on September 26, 2015. *See* 28 U.S.C. § 1446(b)(3) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]").

### B. Venue And Other Requirements Are Satisfied.

32. The United States District Court for the Eastern District of California includes Sacramento County, the county in which the action is now pending. *See* 28 U.S.C. § 84. Thus, this Court is the proper venue for the action pursuant to 28 U.S.C. § 1441(a) (providing for removal "to the district court of the United States for the district and division embracing the place where such action is pending").

33. As required by 28 U.S.C. § 1446(d), First American and Tiger are filing a written Notice of Filing of Removal with the Superior Court of the State of California, County of Sacramento. A Notice of Filing of Removal To Adverse

Party, together with copies of this Notice of Removal and the Notice of Filing Notice of Removal, are being served upon plaintiff's counsel as required by 28 U.S.C. § 1446(d).

34. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon First American and Tiger are attached hereto collectively as Exhibit A.

Respectfully submitted,

Dated: October 5, 2015      GORDON & REES LLP

By: /s/ Craig J. Mariam
Craig J. Mariam
Andrew M. Legolvan
Attorneys for Defendants
Mandot, LLC, d/b/a 1st American Self Storage; Budget Self Storage, LLC, d/b/a Tiger Self Storage; Elite Self Storage Management, LLC; Brandon Joseph Luthye; and Tina Luthye