**EXHIBIT A THROUGH A-4**

**TABLE OF  CONTENTS**

EXHIBIT A            COMPLAINT FILED                              09-16-2015

EXHIBIT A-1          CIVIL CASE COVER SHEET FILED                 09-16-2015

EXHIBIT A-2          SUMMONS FILED                                09-24-2015

EXHIBIT A-3          EX PARTE APPLICATION RE TRO & OSC            09-24-2015
                     AND DOCUMENTS IN SUPPORT THEREOF

EXHIBIT A-4          DEFENDANTS' ANSWER TO COMPLAINT              10-05-2015

# EXHIBIT A

# EXHIBIT A

1  Fred W. Schwinn (SBN 225575)
   Raeon R. Roulston (SBN 255622)
2  CONSUMER LAW CENTER, INC.
   12 South First Street, Suite 1014
3  San Jose, California  95113-2418
   Telephone Number: (408) 294-6100
4  Facsimile Number: (408) 294-6190
   Email Address: fred.schwinn@sjconsumerlaw.com
5
6  Attorneys for Plaintiff
   JOHN DELEON
7

FILED
Superior Court Of California,
Sacramento
09/16/2015
emedina
By _____ , Deputy
Case Number:
**34-2015-00184346**

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SACRAMENTO

10

11  JOHN DELEON, individually and on behalf        Case No.
    of all others similarly situated and on behalf of   (Unlimited Civil Case)
12  the general public,

                                                   **CLASS ACTION COMPLAINT**
13                        Plaintiffs,              **FOR DECLARATORY RELIEF AND**
                                                   **DAMAGES FOR:**
    v.
14
    ELITE SELF STORAGE MANAGEMENT,                 (1) Violation of the Unfair Business
15  LLC, a California limited liability company;       Practices Act, Bus. & Prof. Code §
    MANDOT, LLC, D/B/A 1ST AMERICAN                    17200, *et seq.*
16  SELF STORAGE, a California limited                 a) Violation of the Self-Service Storage
    liability company; BUDGET SELF                        Facility Act, Bus. & Prof. Code §
17  STORAGE, LLC, D/B/A TIGER SELF                        21700, *et seq.*
    STORAGE, a California limited liability              b) Violation of Insurance Code §§
18  company; REPWEST INSURANCE                             1758.7 – 1758.792
    COMPANY, an Arizona corporation; GREAT          (2) Breach of Contract
19  AMERICAN ASSURANCE COMPANY, an                  (3) Breach of the Implied Covenant of Good
    Ohio corporation; BRANDON JOSEPH                    Faith and Fair Dealing
20  LUTHYE, individually and in his official        (4) Conversion
    capacity; TINA LUTHYE, individually and in     (5) Trespass to Chattels
21  her official capacity; and DOES 1 through
    100, inclusive,
22
23                        Defendants.

24        Plaintiff, JOHN DELEON, on behalf of himself and all others similarly situated, and on

25  behalf of the general public, based on information and belief and investigation of counsel, except for

26  those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal

27  knowledge), hereby make the following allegations:

28

                                        - 1 -
      CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

# INTRODUCTION

1.   This is a consumer class action brought pursuant to the Unfair Business Practices Act, Business & Professions Code § 17200, *et seq*., which prohibits "any unlawful, unfair or fraudulent business act or practice,"[1] the California Self-Service Storage Facility Act, Business and Professions Code § 21700, *et seq*., which governs self-service storage facilities in this State, and for Defendants' violations of Insurance Code §§ 1758.7 – 1758.792, which governs how self-service storage insurance agents may provide insurance disclosures to prospective renters of self-service storage units.

2.   Plaintiff, JOHN DELEON, on behalf of himself and all persons similarly situated and on behalf of the general public, seeks declaratory relief, injunctive relief, actual damages, attorney fees and costs against Defendants arising from Defendants' routine business practices as set forth in the proceeding paragraphs.  As a result of Defendants' unlawful business policies and practices, Plaintiff and the Class have suffered significant pecuniary damages and inconvenience.

3.   Defendants are a self-service storage management company that owns, leases and/or manages approximately 35,000 self-service storage units across the United States; two California companies that own, lease, manage, and/or operate self-service storage facilities in California; two of the managers of the self-service storage management company; and the two insurance companies for whom the self-service storage companies sell self-service storage insurance to renters of their storage units.

4.   These self-service storage companies engage in the business practice of unlawfully denying renters in good standing access to their storage unit(s) at <u>all</u> self-service service storage facility locations they own/manage if their renter/occupant is behind on payment to <u>any</u> of the self-service storage facilities under their management.

5.   These self-service storage companies also engage in the unlawful business practice

---

[1]  Business and Professions Code § 17200.

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

of sending Preliminary Lien Notices to occupants which are invalid for failure to include the notices and disclosures required by the California Business and Professions Code. Additionally, after sending these invalid Preliminary Lien Notices, these self-service storage companies then charge occupants various fees which are neither lawfully owed, nor provided for in the rental agreements signed by the occupants.

6. Additionally, it is Defendants' standard business practice to use unlicensed salespersons to sell overpriced self-service storage insurance to renters of self-service storage units in order to realize unearned and unlawful commissions and "kickbacks." Defendants' actions are particularly reprehensible because, as part of their sales tactics, Defendants: falsely represent to prospective renters that such insurance is "required by law" in order to rent a storage unit, when it is not; fail to provide consumers with certain written disclosures required by the Insurance Code; and fail to display, by clear and conspicuous signage, certain disclosures required by the Insurance Code.

7. In addition to being liable to Plaintiff and the Class, by their actions set forth above, Defendants are liable to Plaintiff individually for breach of contract, breach of the implied covenant of good faith and fair dealing, conversion, and trespass to chattel.

## JURISDICTION AND VENUE

8. The California Superior Court has jurisdiction over this action pursuant to Code of Civil Procedure § 410.10 and California Constitution Article VI, § 10, which grants the Superior Court "original jurisdiction in all cases except those given by statute to other trial courts." The statutes under which this action is brought do not grant jurisdiction to any other trial court in California.

9. This Court has jurisdiction over each Defendant named herein because, based on information and belief, each Defendant is a corporation or association authorized to do business in California and registered with the California Secretary of State, or does sufficient business, has

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

1    sufficient minimum contacts in California, is a citizen of California, or otherwise intentionally avails

2    itself of the California market through the promotion, sale, marketing and/or distribution of goods and

3    services in California and thereby having such other contacts with California so as to render the

4

5    exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play

6    and substantial justice.

7        10.    Venue is proper in the Sacramento Superior Court, pursuant to Code of Civil

8    Procedure §§ 393 and 395.5, because one or more of the violations alleged in this Complaint arise in

9    the County of Sacramento.  Venue is also proper in the Sacramento Superior Court, pursuant to Code of

10

11   Civil Procedure § 395(a), because the parties entered into one or more contracts that were to be

12   performed in the County of Sacramento, and one or more of Defendants herein resided in the County of

13   Sacramento at the commencement of this action.

14                                **PARTIES**

15       11.    Plaintiff, JOHN DELEON (hereinafter "Plaintiff"), is a natural person residing in

16
     Sacramento County, California.  Plaintiff is an "occupant" as that term is defined by Business and
17

18   Professions Code § 21701(c), and a "renter" as that term is defined by Insurance Code § 1758.791(c),

19   and a "disabled person" as that term is defined by Civil Code § 1761(g) and Business and Professions

20   Code § 17206.1(b)(2).

21       12.    Defendant, ELITE SELF STORAGE MANAGEMENT, LLC (hereinafter

22
     "ELITE"), is a California limited liability company engaged in the business of owning, leasing,
23

24   operating and/or managing "self-service storage facilities"[2] in this state with its principal place of

25   business located at: 2928 Scotland Drive, Antelope, California 95843.  ELITE may be served as

26   follows: Elite Self Storage Management, LLC, c/o Corporation Service Company, 2710 Gateway Oaks

27   Drive, Suite 150N, Sacramento, California 95833.  Plaintiff is informed and believes, and thereon

28   ─────────────────────
     [2]  Business and Professions Code § 21701(a).

                              - 4 -
              CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

alleges that, ELITE is a self-service storage management company that owns, leases and/or manages approximately 35,000 self-service storage units across the United States.   Plaintiff is informed and believes, and thereon alleges that, at all relevant times alleged in this action, ELITE is a "self-service storage facility" as that term is defined by Insurance Code § 1758.791(a), and an "owner" as that term is defined by Business and Professions Code § 21701(b), and a "person" as that term is defined by Business and Professions Code § 17201.   Plaintiff is informed and believes, and thereon alleges that, ELITE is <u>not</u> a "self-service storage agent" as that term is defined by Insurance Code § 1758.791(e).

13.   Defendant, MANDOT, LLC, D/B/A 1ST AMERICAN SELF STORAGE (hereinafter "MANDOT"), is a California limited liability company engaged in the business of owning, leasing, operating and/or managing "self-service storage facilities"[3] in this state with its principal place of business located at: 2928 Scotland Drive, Antelope, California 95843.   MANDOT may be served as follows: Mandot, LLC, c/o Matthew F. Walter, Agent for Service of Process, 1620 Spring Mountain Road, St. Helena, California 94574.   Plaintiff is informed and believes, and thereon alleges that, at all relevant times alleged in this action, MANDOT is a "self-service storage facility" as that term is defined by Business and Professions Code § 21701(a) and Insurance Code § 1758.791(a), and an "owner" as that term is defined by Business and Professions Code § 21701(b), and a "person" as that term is defined by Business and Professions Code § 17201.   Plaintiff is informed and believes, and thereon alleges that, MANDOT is <u>not</u> a "self-service storage agent" as that term is defined by Insurance Code § 1758.791(e).

14.   Defendant, BUDGET SELF STORAGE, LLC, D/B/A TIGER SELF STORAGE (hereinafter "BUDGET"), is a California limited liability company engaged in the business of owning, leasing, operating and/or managing "self-service storage facilities"[4] in this state with its principal place

---

[3] Business and Professions Code § 21701(a).
[4] Business and Professions Code § 21701(a).

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

of business located at: 2718 Q Street, North Highlands, California 95660.  BUDGET may be served as follows: Budget Self Storage, LLC, c/o Matthew F. Walter, Agent for Service of Process, 1620 Spring Mountain Road, St. Helena, California 94574.  Plaintiff is informed and believes, and thereon alleges that, at all relevant times alleged in this action, BUDGET is a "self-service storage facility" as that term is defined by Business and Professions Code § 21701(a) and Insurance Code § 1758.791(a), and a "self-service storage agent" as that term is defined by Insurance Code § 1758.791(e), and an "owner" as that term is defined by Business and Professions Code § 21701(b), and a "person" as that term is defined by Business and Professions Code § 17201.

15.  Defendant, REPWEST INSURANCE COMPANY (hereinafter "REPWEST"), is an Arizona corporation engaged in the business of insurance in this state with its principal place of business located at: 2721 North Central Avenue, Phoenix, Arizona 85004.  REPWEST may be served as follows: Repwest Insurance Company, c/o CT Corporation System, Agent for Service of Process, 818 West Seventh Street, Suite 930, Los Angeles, California 90017.  Plaintiff is informed and believes, and thereon alleges that, at all relevant times alleged in this action, REPWEST is an "insurer" as that term is defined by Insurance Code § 23, and an "authorized insurer" as that term is defined by 10 California Code of Regulations § 2194.10(a), and a "person" as that term is defined by Business and Professions Code § 17201.

16.  Defendant, GREAT AMERICAN ASSURANCE COMPANY (hereinafter "GREAT AMERICAN"), is an Ohio corporation engaged in the business of insurance in this state with its principal place of business located at: 301 East Fourth Street, Cincinnati, Ohio 45202.  GREAT AMERICAN may be served as follows: Great American Assurance Company, c/o CT Corporation System, Agent for Service of Process, 818 West Seventh Street, Suite 930, Los Angeles, California 90017.  Plaintiff is informed and believes, and thereon alleges that, at all relevant times alleged in this

1    action, GREAT AMERICAN is an "insurer" as that term is defined by Insurance Code § 23, and an

2    "authorized insurer" as that term is defined by 10 California Code of Regulations § 2194.10(a), and a

3    "person" as that term is defined by Business and Professions Code § 17201.

4

5          17.   Defendant, BRANDON JOSEPH LUTHYE (hereinafter "BRANDON

6    LUTHYE"), is a natural person residing in Sacramento County, California.  Plaintiff is informed and

7    believes, and thereon alleges that, at all times relevant herein, BRANDON LUTHYE was and is an

8    officer, director, employee, or agent of ELITE, MANDOT and BUDGET.  BRANDON LUTHYE may

9    be served at his principal business address at: Brandon Luthye, 1st American Self Storage, 2928

10   Scotland Drive, Antelope, California 95843.  Plaintiff is informed and believes, and thereon alleges

11   that, the principal purpose of BRANDON LUTHYE's business is operating and managing "self-service

12   storage facilities" as that term is defined by Business and Professions Code § 21701(a).  Plaintiff is

13   informed and believes, and thereon alleges that, at all relevant times alleged in this action, BRANDON

14   LUTHYE is an "owner" as that term is defined by Business and Professions Code § 21701(b), and a

15   "person" as that term is defined by Business and Professions Code § 17201.  Plaintiff is informed and

16   believes, and thereon alleges that BRANDON LUTHYE is liable for the acts of ELITE, MANDOT and

17   BUDGET because he sets and approves ELITE's, MANDOT's and BUDGET's business policies,

18   practices and procedures, and he personally participated in and directed the unlawful activities

19   described herein.

20          18.   Defendant, TINA LUTHYE (hereinafter "TINA LUTHYE"), is a natural person

21

22   residing in Sacramento County, California.  Plaintiff is informed and believes, and thereon alleges that,

23   at all times relevant herein, TINA LUTHYE was and is an officer, director, employee, or agent of

24   ELITE, MANDOT and BUDGET.  TINA LUTHYE may be served at her principal business address at:

25

26   Tina Luthye, Tiger Self Storage, 2718 Q Street, North Highlands, California 95660.  Plaintiff is

27

28

- 7 -

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

informed and believes, and thereon alleges that, the principal purpose of TINA LUTHYE's business is operating and managing "self-service storage facilities" as that term is defined by Business and Professions Code § 21701(a). Plaintiff is informed and believes, and thereon alleges that, at all relevant times alleged in this action, TINA LUTHYE is an "owner" as that term is defined by Business and Professions Code § 21701(b), and a "person" as that term is defined by Business and Professions Code § 17201. Plaintiff is informed and believes, and thereon alleges that TINA LUTHYE is liable for the acts of ELITE, MANDOT and BUDGET, because she sets and approves ELITE's, MANDOT's and BUDGET's business policies, practices, and procedures, and she personally participated in and directed the unlawful activities described herein.

19. The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of Defendants, DOES 1 through 100, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this Complaint accordingly. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused damages thereby to the Plaintiff, as hereinafter alleged. Defendants, DOES 1-100, are, and each of them is, a "person" as that term is defined by Business and Professions Code § 17201.

20. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, Defendants, DOES 1-100, inclusive, were and are individuals, corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, have regularly conducted business in the

- 8 -
CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

County of Sacramento, State of California.

21.   At all times herein mentioned, each of the Defendants was the agent, servant, employee and/or joint venturer of his/her/its Co-Defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said agency, service, employment and/or joint venture.  Defendants, ELITE, BUDGET, BRANDON LUTHYE and TINA LUTHYE, shall be referred to collectively as the "TIGER PARTIES."  Defendants, ELITE, MANDOT and BRANDON LUTHYE, shall be referred to collectively as the "1ST AMERICAN PARTIES."  Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## FACTUAL ALLEGATIONS

### Tiger Self Storage Unit Rental

22.   Plaintiff is informed and believes, and thereon alleges that, at all relevant times alleged in this action, the TIGER PARTIES owned, leased and/or managed a "self-service storage facility," as that term is defined by Business and Professions Code § 21701(a), located on the premises commonly known as 2718 Q Street, North Highlands, California 95660 (hereinafter "Tiger Self Storage").

23.   On or about March 23, 2015, Plaintiff and his wife, Stephanie DeLeon, went to Tiger Self Storage to rent a 10' x 10' storage unit to store some "personal property" as that term is defined by Business and Professions Code § 21701(e) (*i.e.*, furniture and other household goods), where they were met by Defendant, TINA LUTHYE.

24.   During her sales pitch, TINA LUTHYE told Plaintiff and his wife that they would be "required by law" to purchase property insurance as part of any rental agreement with Tiger Self Storage.  When Plaintiff stated that he did not want to purchase property insurance from Tiger Self

- 9 -
CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

Storage, TINA LUTHYE told Plaintiff and his wife that all personal property stored in a self-service storage facility was "required by law" to be insured. Plaintiff is informed and believes, and thereon alleges that, TINA LUTHYE and other members of the TIGER PARTIES made similar "required by law" statements regarding insurance to the Class.

25.   Plaintiff is informed and believes, and thereon alleges that, TINA LUTHYE did not receive the insurance training program and instruction required by Insurance Code § 1758.72.

26.   Plaintiff is informed and believes, and thereon alleges that, TINA LUTHYE is <u>not</u> listed as an "authorized endorsee" on BUDGET's self-service storage insurance license, as required by Insurance Code § 1758.72(d) and 10 California Code of Regulations § 2194.16(c).

27.   At no time did the TIGER PARTIES provide Plaintiff or the Class with the disclosures required by Insurance Code § 1758.76(a)(4) and 10 California Code of Regulations § 2194.13(a).

28.   At no time did the TIGER PARTIES provide Plaintiff or the Class with the written disclosures required by Insurance Code § 1758.76(b) and 10 California Code of Regulations § 2194.13(b).

29.   At no time did the TIGER PARTIES display, by clear and conspicuous signage where rental agreements are executed at Tiger Self Storage, the disclosures required by Insurance Code § 1758.76(b).

30.   Plaintiff is informed and believes, and thereon alleges that, despite BUDGET's license to act as a "self-service storage agent" as that term is defined by Insurance Code § 1758.791(e), the TIGER PARTIES were not, and are not, authorized to sell self-service storage insurance policies to Plaintiff and the Class because they did not, and do not, comply with the requirements of Insurance Code §§ 1758.7-1758.792, and Title 10, Article 12, of the California Code of Regulations, as described

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

above.

31.    Thereafter, in reliance on the statements made by TINA LUTHYE and the lack of disclosures required by California law, Plaintiff entered into a <u>Month to Month Self Storage Rental Agreement</u> with the TIGER PARTIES.

32.    A true and accurate copy of the <u>Month to Month Self Storage Rental Agreement</u> is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

33.    The <u>Month to Month Self Storage Rental Agreement</u> (Exhibit "1") is a "rental agreement" as that term is defined by Business and Professions Code § 21701(d) and Insurance Code § 1758.791(d).

34.    The <u>Month to Month Self Storage Rental Agreement</u> (Exhibit "1") is a standardized form contract that was presented to Plaintiff and the Class on a "take it or leave it" basis without any opportunity to negotiate its material terms.

35.    On and after March 23, 2015, Plaintiff was an "occupant" of the Tiger Self Storage facility, as that term is defined by Business and Professions Code § 21701(c).

36.    Plaintiff is informed and believes, and thereon alleges that, GREAT AMERICAN authorized the TIGER PARTIES to act as its agent for the marketing, solicitation and sale of GREAT AMERICAN self-service storage insurance policies to Plaintiff and the Class.

37.    Plaintiff is informed and believes, and thereon alleges that, at all times relevant herein, GREAT AMERICAN had actual or constructive knowledge that the TIGER PARTIES were representing to Plaintiff, the Class and the general public that property insurance was "required by law."

38.    Plaintiff is informed and believes, and thereon alleges that, at all times relevant herein, GREAT AMERICAN had actual knowledge that the TIGER PARTIES were violating Insurance Code §§ 1758.72, 1758.76(a)(4), 1758.76(b) and 10 California Code of Regulations §§

2194.13(a), 2194.13(b) and 2194.16(c) when selling GREAT AMERICAN insurance policies to Plaintiff and the Class.

39.     Because the TIGER PARTIES did not provide Plaintiff the disclosures required by Insurance Code §§ 1758.76(b) and 10 California Code of Regulations § 2194.13(b) (*i.e.*, "That the purchase by the renter of the insurance is not required in order to rent storage space" and "[t]hat the insurance policies offered by the self-service storage agent may provide a duplication of coverage already provided by a renter's homeowners insurance policy or by another source of coverage."), and in reliance on TINA LUTHYE's statement that property insurance <u>was</u> "required by law," Plaintiff purchased a GREAT AMERICAN insurance policy from the TIGER PARTIES with $2,000 of coverage, at a cost of $8.00 per month.

40.     Plaintiff is informed and believes, and thereon alleges that, the majority of the $8.00 monthly fee charged by the TIGER PARTIES for the GREAT AMERICAN insurance coverage sold to Plaintiff and the Class was <u>not</u> paid to GREAT AMERICAN, but was instead retained by the TIGER PARTIES as a commission or agent fee (*i.e.*, a kickback).

41.     Plaintiff is informed and believes, and thereon alleges that, the GREAT AMERICAN insurance policy sold to Plaintiff and the Class by the TIGER PARTIES was grossly overpriced, and that the true value of the insurance coverage that Plaintiff and the Class received is no more than $3.00 per month.

42.     Plaintiff is informed and believes, and thereon alleges that, Plaintiff and the Class could purchase the same or similar insurance coverage for a lower price either directly from GREAT AMERICAN or another insurance company. In fact, self storage insurance policies offered online and without the TIGER PARTIES' false statements and non-disclosures, offer greater benefits ($4,000 coverage) at a lower monthly cost ($6.00 per month) because those policy premiums do not include

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

1  unlawful sales commissions and kickbacks.[5]

2      43.   Plaintiff is informed and believes, and thereon alleges that, Plaintiff and the Class

3  paid more for the GREAT AMERICAN insurance coverage than it was worth because of the TIGER

4

5  PARTIES' failure to comply with California law, specifically, Insurance Code §§ 1758.72, 1758.76(a)

6  (4), 1758.76(b) and 10 California Code of Regulations §§ 2194.13(a), 2194.13(b) and 2194.16(c).

7      44.   Plaintiff is informed and believes, and thereon alleges that, it is the standard

8  business practice of GREAT AMERICAN and the TIGER PARTIES to take advantage of unsuspecting

9  self-service storage facility renters by providing false information about insurance being "required by

10

11  law" and by failing to provide the disclosures required by California law that are intended to assist

12  California consumers and the general public make informed decisions before purchasing property

13  insurance coverage.

14      45.   But for GREAT AMERICAN's and the TIGER PARTIES' unlawful acts

15  described herein, Plaintiff and the Class would not have paid unlawful sales commissions and

16

17  kickbacks as part of their purchase of property insurance from GREAT AMERICAN.

18      46.   On or about March 23, 2015, Plaintiff paid $78.36 to the TIGER PARTIES,

19  consisting of $79.00 for rent on a 10' x 10' storage unit, $20.00 for an administrative fee, $9.99 + $.87

20  sales tax for a disk lock, $8.00 insurance coverage, and a $39.50 "1/2 off" rent credit.  This payment

21  brought Plaintiff current through April 22, 2015.  A true and accurate copy of the Storage Receipt dated

22

23  March 23, 2015, evidencing said payments is attached hereto, marked Exhibit "2," and by this reference

24  is incorporated herein.

25      47.   On or about April 25, 2015, Plaintiff paid $47.50 to the TIGER PARTIES,

26  consisting of $79.00 for rent on a 10' x 10' storage unit, $8.00 insurance coverage, and a $39.50 "1/2

27  off" rent credit.  This payment brought Plaintiff current through May 22, 2015.  A true and accurate

28
─────────────────────
[5] http://safestor.com/

- 13 -
CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

copy of the Storage Receipt dated April 25, 2015, evidencing said payments is attached hereto, marked Exhibit "3," and by this reference is incorporated herein.

48.     On or about May 26, 2015, Plaintiff paid $47.50 to the TIGER PARTIES, consisting of $79.00 for rent on a 10' x 10' storage unit, $8.00 insurance coverage, and a $39.50 "1/2 off" rent credit. This payment brought Plaintiff current through June 22, 2015. A true and accurate copy of the Storage Receipt dated May 26, 2015, evidencing said payments is attached hereto, marked Exhibit "4," and by this reference is incorporated herein.

49.     Plaintiff made no further payments to the TIGER PARTIES after May 26, 2015.

50.     Thereafter, on or about July 9, 2015, the TIGER PARTIES sent a document titled "Preliminary Lien Notice" to Plaintiff. A true and accurate copy of the Preliminary Lien Notice dated July 9, 2015, is attached hereto, marked Exhibit "5," and by this reference is incorporated herein.

51.     The Preliminary Lien Notice (Exhibit "5") does not contain the notices and disclosures required by Business and Professions Code § 21703(b). Specifically, the Preliminary Lien Notice (Exhibit "5") does not state a "specific date" on which Plaintiff's "right to use the storage space will terminate."

52.     The Preliminary Lien Notice (Exhibit "5") does not contain the notices and disclosures required by Business and Professions Code § 21703(c). Specifically, the Preliminary Lien Notice (Exhibit "5") does not state a "specific date" on which Plaintiff "may be denied access to the storage space."

53.     The Preliminary Lien Notice (Exhibit "5") does not contain the notices and disclosures required by Business and Professions Code § 21703(d). Specifically, the Preliminary Lien Notice (Exhibit "5") does not state, "The name, street address, and telephone number of the owner or his or her designated agent whom the occupant may contact to respond to the notice."

- 14 -
CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

54.   Plaintiff is informed and believes, and thereon alleges that, the <u>Preliminary Lien Notice</u> (Exhibit "5") was and is invalid, due to its failure to comply with the requirements of Business and Professions Code § 21703.

55.   Moreover, Plaintiff is informed and believes, and thereon alleges that, the TIGER PARTIES failed to send a copy of the <u>Preliminary Lien Notice</u> (Exhibit "5") to the "alternative address" for Plaintiff and the Class, as required Business and Professions Code § 21703.

56.   The <u>Preliminary Lien Notice</u> (Exhibit "5") states Plaintiff's account had been charged an $8.00 fee for "Services."

57.   Plaintiff is informed and believes, and thereon alleges that, the TIGER PARTIES in fact charged Plaintiff's account $8.00 for the GREAT AMERICAN insurance on or about June 23, 2015. A true and accurate copy of the <u>Payment History</u> for Plaintiff's account with the TIGER PARTIES as of August 29, 2015, is attached hereto, marked Exhibit "6," and by this reference is incorporated herein.

58.   Plaintiff is informed and believes, and thereon alleges that, the TIGER PARTIES again charged Plaintiff's account $8.00 for the GREAT AMERICAN insurance on or about July 23, 2015. Said charge is reflected on the <u>Payment History</u> (Exhibit "6") for Plaintiff's account with the TIGER PARTIES.

59.   The <u>Preliminary Lien Notice</u> (Exhibit "5") states "An additional $20 preliminary lien fee has been charged to your account."

60.   Plaintiff is informed and believes, and thereon alleges that, the "$20 preliminary lien fee" was in fact charged by the TIGER PARTIES to Plaintiff's account on or about June 23, 2015. Said charge is reflected on the <u>Payment History</u> (Exhibit "6") for Plaintiff's account with the TIGER PARTIES.

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

61.   Plaintiff is informed and believes, and thereon alleges that, the "$20 preliminary lien fee" charged by the TIGER PARTIES to Plaintiff and the Class is not lawfully owed because the TIGER PARTIES failed to comply with the notice requirements of Business and Professions Code § 21703.

62.   The Preliminary Lien Notice (Exhibit "5") states that, "A $20.00 inventory fee will be assessed."   However, the Month to Month Self Storage Rental Agreement (Exhibit "1") provided by the TIGER PARTIES to Plaintiff and the Class does not disclose or provide for such a fee, nor did Plaintiff or the Class agree to pay an "inventory fee."

63.   Plaintiff is informed and believes, and thereon alleges that, the "$20.00 inventory fee" was in fact charged by the TIGER PARTIES to Plaintiff's account on or about July 23, 2015.   Said charge is reflected on the Payment History (Exhibit "6") for Plaintiff's account with the TIGER PARTIES.

64.   Plaintiff is informed and believes, and thereon alleges that, the "$20.00 inventory fee" charged by the TIGER PARTIES to Plaintiff and the Class is not lawfully owed because the TIGER PARTIES failed to comply with the notice requirements of Business and Professions Code § 21703, and Plaintiff and the Class never agreed to pay such a fee in the Month to Month Self Storage Rental Agreement (Exhibit "1").

65.   Plaintiff is informed and believes, and thereon alleges that, because the Preliminary Lien Notice (Exhibit "5") does not comply with the notice requirements of Business and Professions Code § 21703(b), the TIGER PARTIES could not, and cannot, lawfully deny Plaintiff and the Class access to their rented storage units, and any such denial was and is wrongful.

66.   Plaintiff is informed and believes, and thereon alleges that, the TIGER PARTIES denied Plaintiff access to his rented storage unit at Tiger Self Storage on or about June 23, 2015, in

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

violation of Business and Professions Code § 21705(a)(1).  Plaintiff is informed and believes, and thereon alleges that, the TIGER PARTIES similarly denied the Class access to their rented storage units at Tiger Self Storage, in violation of Business and Professions Code § 21705(a)(1).

67.    Plaintiff is informed and believes, and thereon alleges that, the TIGER PARTIES thereafter failed to send Plaintiff and the Class a "Notice of Lien Sale" by certified mail or by first-class mail with a certificate of mailing, as required by Business and Professions Code § 21705(b)(1).

68.    Plaintiff is informed and believes, and thereon alleges that, the TIGER PARTIES also failed to send Plaintiff and the Class a blank "Declaration in Opposition to Lien Sale" by certified mail or by first-class mail with a certificate of mailing, as required by Business and Professions Code § 21705(b)(2).

69.    Plaintiff is informed and believes, and thereon alleges that, a $15.00 "Lock Cut for Auction Fee" was charged by the TIGER PARTIES to Plaintiff's account on or about August 20, 2015. Said charge is reflected on the Payment History (Exhibit "6") for Plaintiff's account with the TIGER PARTIES.

70.    Plaintiff is informed and believes, and thereon alleges that, the $15.00 "Lock Cut for Auction Fee" charged by the TIGER PARTIES to Plaintiff and the Class is not lawfully owed because the TIGER PARTIES failed to comply with the notice requirements of Business and Professions Code § 21703, and Plaintiff and the Class never agreed to pay such a fee in the Month to Month Self Storage Rental Agreement (Exhibit "1").

71.    Plaintiff is informed and believes, and thereon alleges that, the TIGER PARTIES again charged Plaintiff's account $8.00 for the GREAT AMERICAN insurance on or about August 23, 2015. Said charge is reflected on the Payment History (Exhibit "6") for Plaintiff's account with the TIGER PARTIES.

---

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

72.    As of the date this action was filed, Plaintiff has not received a "Notice of Lien Sale," as required by Business and Professions Code § 21705(b)(1) or a blank "Declaration in Opposition to Lien Sale," as required by Business and Professions Code § 21705(b)(2) from the TIGER PARTIES.

### 1st American Self Storage Unit Rental

73.    Plaintiff is informed and believes, and thereon alleges that, at all relevant times alleged in this action, the 1ST AMERICAN PARTIES owned, leased and/or managed a "self-service storage facility," as that term is defined by Business and Professions Code § 21701(a), located on the premises commonly known as 2928 Scotland Drive, Antelope, California 95843 (hereinafter "1st American Self Storage").

74.    On or about May 5, 2015, Plaintiff and his wife, Stephanie DeLeon, went to 1st American Self Storage to rent a 10' x 10' storage unit to store some "personal property" as that term is defined by Business and Professions Code § 21701(e) (i.e. furniture and other household goods), where they were met by Defendant, BRANDON LUTHYE.

75.    During his sales pitch, BRANDON LUTHYE told Plaintiff and his wife that they would be "required by law" to purchase property insurance as part of any rental agreement with 1st American Self Storage.  When Plaintiff stated that he did not want to purchase property insurance from 1st American Self Storage, BRANDON LUTHYE told Plaintiff and his wife that all personal property stored in a self-service storage facility was "required by law" to be insured.  Plaintiff is informed and believes, and thereon alleges that, BRANDON LUTHYE and other members of the 1ST AMERICAN PARTIES made similar "required by law" statements regarding insurance to the Class.

76.    Plaintiff is informed and believes, and thereon alleges that, BRANDON LUTHYE did not receive the insurance training program and instruction required by Insurance Code § 1758.72.

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

77.     Plaintiff is informed and believes, and thereon alleges that, MANDOT is <u>not</u> a "self-service storage agent" as that term is defined by Insurance Code § 1758.791(e), and that MANDOT is not authorized or licensed to sell self-service storage insurance in the state of California.

78.     Plaintiff is informed and believes, and thereon alleges that, BRANDON LUTHYE is <u>not</u> listed as an "authorized endorsee" on any self-service storage insurance license, as required by Insurance Code § 1758.72(d) and 10 California Code of Regulations § 2194.16(c).

79.     At no time did the 1ST AMERICAN PARTIES provide Plaintiff or the Class with the disclosures required by Insurance Code § 1758.76(a)(4) and 10 California Code of Regulations § 2194.13(a).

80.     At no time did the 1ST AMERICAN PARTIES provide Plaintiff or the Class with the written disclosures required by Insurance Code § 1758.76(b) and 10 California Code of Regulations § 2194.13(b).

81.     At no time did the 1ST AMERICAN PARTIES display, by clear and conspicuous signage where rental agreements are executed at 1st American Self Storage, the disclosures required by Insurance Code § 1758.76(b).

82.     Plaintiff is informed and believes, and thereon alleges that, in addition to not having the required license form the California Department of Insurance, the 1ST AMERICAN PARTIES were not, and are not, authorized to sell self-service storage insurance policies to Plaintiff and the Class because they did not, and do not, comply with the requirements of Insurance Code §§ 1758.7-1758.792, and Title 10, Article 12, of the California Code of Regulations, as described above.

83.     Thereafter, in reliance on the statements made by BRANDON LUTHYE and the lack of disclosures required by California law, Plaintiff entered into a <u>1st American Self Storage Rental Agreement</u> and <u>Tenant Acknowledgment Addendum</u> with the 1ST AMERICAN PARTIES.

- 19 -

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

84.   A true and accurate copy of the 1st American Self Storage Rental Agreement and Tenant Acknowledgment Addendum is attached hereto, marked Exhibit "7," and by this reference is incorporated herein.

85.   The 1st American Self Storage Rental Agreement and Tenant Acknowledgment Addendum (Exhibit "7") is a "rental agreement" as that term is defined by Business and Professions Code § 21701(d) and Insurance Code § 1758.791(d).

86.   The 1st American Self Storage Rental Agreement and Tenant Acknowledgment Addendum (Exhibit "7") are standardized form contracts that were presented to Plaintiff and the Class on a "take it or leave it" basis without any opportunity to negotiate their material terms.

87.   On and after May 5, 2015, Plaintiff was an "occupant" of the 1st American Self Storage facility, as that term is defined by Business and Professions Code § 21701(c).

88.   Plaintiff is informed and believes, and thereon alleges that, REPWEST authorized the 1ST AMERICAN PARTIES to act as its agent for the marketing, solicitation and sale of REPWEST self-service storage insurance policies to Plaintiff and the Class.

89.   Plaintiff is informed and believes, and thereon alleges that, at all times relevant herein, REPWEST had actual or constructive knowledge that the 1ST AMERICAN PARTIES were not licensed to sell self-service storage insurance policies to Plaintiff and the Class, as required by Insurance Code §§ 1758.7-1758.792.

90.   Plaintiff is informed and believes, and thereon alleges that, at all times relevant herein, REPWEST had actual or constructive knowledge that the 1ST AMERICAN PARTIES were representing to Plaintiff, the Class and the general public that property insurance was "required by law."

91.   Plaintiff is informed and believes, and thereon alleges that, at all times relevant herein, REPWEST had actual knowledge that the 1ST AMERICAN PARTIES were violating Insurance

Code §§ 1758.72, 1758.76(a)(4), 1758.76(b) and 10 California Code of Regulations §§ 2194.13(a), 2194.13(b) and 2194.16(c) when selling REPWEST insurance policies to Plaintiff and the Class.

92.   Because the 1ST AMERICAN PARTIES did not provide Plaintiff the disclosures required by Insurance Code §§ 1758.76(b) and 10 California Code of Regulations § 2194.13(b) (*i.e.*, "That the purchase by the renter of the insurance is not required in order to rent storage space" and "[t]hat the insurance policies offered by the self-service storage agent may provide a duplication of coverage already provided by a renter's homeowners insurance policy or by another source of coverage.") and in reliance on BRANDON LUTHYE's statement that property insurance was "required by law," Plaintiff purchased a REPWEST insurance policy from the 1ST AMERICAN PARTIES with $1,000 of coverage, at a cost of $7.95 per month.

93.   Plaintiff is informed and believes, and thereon alleges that, the majority of the $7.95 monthly fee charged by the 1ST AMERICAN PARTIES for the REPWEST insurance coverage sold to Plaintiff and the Class was not paid to REPWEST, but was instead retained by the 1ST AMERICAN PARTIES as a commission or agent fee (*i.e.*, a kickback).

94.   Plaintiff is informed and believes, and thereon alleges that, the REPWEST insurance policy sold to Plaintiff and the Class by the 1ST AMERICAN PARTIES was grossly overpriced, and that the true value of the insurance coverage that Plaintiff and the Class received is no more than $1.50 per month.

95.   Plaintiff is informed and believes, and thereon alleges that, Plaintiff and the Class could purchase the same or similar insurance coverage for a lower price either directly from REPWEST or another insurance company. In fact, self storage insurance policies offered by REPWEST online and without the 1ST AMERICAN PARTIES' false statements and non-disclosures, offer greater benefits ($4,000 coverage) at a lower monthly cost ($6.00 per month) because those policy premiums do not

include unlawful sales commissions and kickbacks.[6]

96.    Plaintiff is informed and believes, and thereon alleges that, Plaintiff and the Class paid more for the REPWEST insurance coverage than it was worth because of the 1ST AMERICAN PARTIES' failure to comply with California law, specifically, Insurance Code §§ 1758.72, 1758.76(a)(4), 1758.76(b) and 10 California Code of Regulations §§ 2194.13(a), 2194.13(b) and 2194.16(c).

97.    Plaintiff is informed and believes, and thereon alleges that, it is the standard business practice of REPWEST and the 1ST AMERICAN PARTIES to take advantage of unsuspecting self-service storage facility renters by providing false information about insurance being "required by law" and by failing to provide the disclosures required by California law that are intended to assist California consumers and the general public make informed decisions before purchasing property insurance coverage.

98.    But for REPWEST's and the 1ST AMERICAN PARTIES' unlawful acts described herein, Plaintiff and the Class would not have paid unlawful sales commissions and kickbacks as part of their purchase of property insurance from REPWEST.

99.    On or about May 5, 2015, Plaintiff paid $77.95 to the 1ST AMERICAN PARTIES, consisting of $100.00 for rent on a 10' x 10' storage unit, $20.00 for an administrative fee, $7.95 insurance coverage, and a $50.00 "6 Months 1/2 off" rent credit. This payment brought Plaintiff current through June 4, 2015. A true and accurate copy of the Storage Receipt dated May 5, 2015, evidencing said payments is attached hereto, marked Exhibit "8," and by this reference is incorporated herein.

100.    On or about June 5, 2015, Plaintiff paid $57.95 to the 1ST AMERICAN PARTIES, consisting of $100.00 for rent on a 10' x 10' storage unit, $7.95 insurance coverage, and a $50.00 "6 Months 1/2 off" rent credit. This payment brought Plaintiff current through July 4, 2015. A

---

[6]  http://safestor.com/

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

true and accurate copy of the <u>Storage Receipt</u> dated June 5, 2015, evidencing said payments is attached hereto, marked Exhibit "9," and by this reference is incorporated herein.

101.   On or about July 5, 2015, Plaintiff paid $57.95 to the 1ST AMERICAN PARTIES, consisting of $100.00 for rent on a 10' x 10' storage unit, $7.95 insurance coverage, and a $50.00 "6 Months 1/2 off" rent credit.  This payment brought Plaintiff current through August 4, 2015. A true and accurate copy of the <u>Storage Receipt</u> dated July 5, 2015, evidencing said payments is attached hereto, marked Exhibit "10," and by this reference is incorporated herein.

102.   On or about July 31, 2015, Plaintiff paid $57.95 to the 1ST AMERICAN PARTIES, consisting of $100.00 for rent on a 10' x 10' storage unit, $7.95 insurance coverage, and a $50.00 "6 Months 1/2 off" rent credit.  This payment brought Plaintiff current through September 4, 2015.  A true and accurate copy of the <u>Storage Receipt</u> dated July 31, 2015, evidencing said payments is attached hereto, marked Exhibit "11," and by this reference is incorporated herein.

103.   Thereafter, on or about August 2, 2015, Plaintiff attempted to access his storage unit at the 1st American Self Storage facility and was denied access by the 1ST AMERICAN PARTIES.  Specifically, when Plaintiff attempted to open the security gate at 1st American Self Storage, his access code for the gate lockbox did not work and the display read "SORRY – ACCESS SUSPEND-D."

104.   On or about August 2, 2015, Plaintiff sent an electronic message to the 1ST AMERICAN PARTIES through "emove.com", an online service that processes payments for Defendants.  In his electronic message, Plaintiff notified the 1ST AMERICAN PARTIES that he could not access his storage unit.

105.   Thereafter, on or about August 3, 2015, at 1:42 p.m., TINA LUTHYE left the following voice message on Plaintiff's cellular telephone:

- 23 -
CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

Hi John. This is Tina, Tiger Self Storage, um, returning your call. I've called several times. Ah, the reason why you're locked at 1st American is because they are owned by the same company, and um, same owner, so when we did accounting, um, you left a, you skipped out on the balance here, and never took care of it. So this needs to be taken care. Um, my number here is 916-332-3612. Thank you. Bye, bye.

106.     After hearing the voice message from TINA LUTHYE, Plaintiff and his wife

went to Tiger Self Storage to speak with TINA LUTHYE about her voice message on August 3, 2015.

At Tiger Self Storage, TINA LUTHYE repeated to Plaintiff and his wife that the 1ST AMERICAN

PARTIES would continue to deny Plaintiff access to his storage unit until he paid the balance due on

his account with the TIGER PARTIES. Thereafter, BRANDON LUTHYE appeared, walked up to the

front counter at Tiger Self Storage and repeated to Plaintiff that, Tiger Self Storage and 1st American

Self Storage were owned by the same company and that the 1ST AMERICAN PARTIES would

continue to deny Plaintiff access to his storage unit at 1st American Self Storage until he paid the

balance owed to the TIGER PARTIES.

107.     On or about August 8, 2015, at 1:28 p.m., Plaintiff and his wife went to 1st

American Self Storage to check on their furniture, household goods and other personal belongings in

Plaintiff's storage unit. When Plaintiff arrived at 1st American Self Storage, his access code for the

gate lockbox did not work and the display read "SORRY – ACCESS SUSPEND-D."

108.     Thereafter, on or about August 29, 2015, at 12:56 a.m., Plaintiff received an

email from the 1ST AMERICAN PARTIES which stated, "Just a friendly reminder that your rent for

room 192 at 1st American Self Storage will be due on 9/5/2015." A true and accurate copy of the

August 29, 2015, email is attached hereto, marked Exhibit "12," and by this reference is incorporated

herein.

109.     On or about August 29, 2015, at 2:24 p.m., Plaintiff and his wife went to 1st

American Self Storage to remove their furniture, household goods and other personal belongings from

Plaintiff's storage unit.  When Plaintiff arrived at 1st American Self Storage, his access code for the gate lockbox did not work and the display read "SORRY – ACCESS SUSPEND-D."   Thereafter, Plaintiff and his wife waited for another tenant at 1st American Self Storage to open the security gate. After several minutes, Plaintiff and his wife were let into the 1st American Self Storage facility by another tenant, whereupon Plaintiff discovered that the 1ST AMERICAN PARTIES had placed a lock on Plaintiff's storage unit, thereby denying him access to his furniture, household goods and other personal belongings.

110.    On or about September 2, 2015, Plaintiff attempted to make a rental payment in the amount of $57.95 which was due on September 5, 2015, to the 1ST AMERICAN PARTIES through Defendants' online payment service (emove.com), but Plaintiff's payment was refused. Thereafter, Plaintiff printed a payment history for his account with the 1ST AMERICAN PARTIES, and discovered a charge on his account in the amount of $331.00 and a description of "Fee: AUCTION DEFICIENCY TIGER 1." A true and accurate copy of the Payment History for Plaintiff's account with the 1ST AMERICAN PARTIES as of September 15, 2015, at 11:42 a.m., is attached hereto, marked Exhibit "13," and by this reference is incorporated herein.

111.    Thereafter, on or about September 4, 2015, at approximately 10:30 a.m., Plaintiff and his wife went to the 1st American Self Storage facility for the purpose of paying the storage unit rental payment which was to be due on September 5, 2015. When Plaintiff and his wife arrived at the 1st American Self Storage facility, they were greeted by employee "Dan", who began to accept Plaintiff's rental payment.   However, "Dan" then called TINA LUTHYE on the telephone and thereafter refused to accept Plaintiff's payment. After his telephone call with TINA LUTHYE, "Dan" told Plaintiff and his wife that they would be required to pay the 1ST AMERICAN PARTIES the $331.00 that was owed to the TIGER PARTIES in addition to the $57.95 in rent and insurance that was

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

due on September 5, 2015, to the 1ST AMERICAN PARTIES. "Dan" then stated that Defendants would not accept a "partial payment" and that Plaintiff must pay entire balance of $388.95 if he wanted to obtain access to his storage unit at 1st American Self Storage.

112.   Plaintiff is informed and believes, and thereon alleges that, the 1ST AMERICAN PARTIES charged Plaintiff's account a $15.00 late fee on or about September 5, 2015, that was not lawfully owed because the 1ST AMERICAN PARTIES refused to accept Plaintiff's rental payment and otherwise failed to comply with the 1st American Self Storage Rental Agreement (Exhibit "7") and California law.

113.   Plaintiff is informed and believes, and thereon alleges that, the 1ST AMERICAN PARTIES again charged Plaintiff's account $7.95 for the REPWEST insurance on or about September 5, 2015. Said charge is reflected on the Payment History (Exhibit "13") for Plaintiff's account with the 1ST AMERICAN PARTIES.

114.   Plaintiff is informed and believes, and thereon alleges that, the 1ST AMERICAN PARTIES did not send Plaintiff or the Class a "Preliminary Lien Notice," as described by Business and Professions Code § 21703.

115.   As of the date this action was filed, Plaintiff has not received a "Preliminary Lien Notice," as described by Business and Professions Code § 21703 from the 1ST AMERICAN PARTIES.

116.   Plaintiff is informed and believes, and thereon alleges that, the 1ST AMERICAN PARTIES did not send Plaintiff or the Class a "Notice of Lien Sale," as described by Business and Professions Code § 21705(b)(1) or a blank "Declaration in Opposition to Lien Sale," as described by Business and Professions Code § 21705(b)(2).

117.   As of the date this action was filed, Plaintiff has not received a "Notice of Lien

Sale," as required by Business and Professions Code § 21705(b)(1) or a blank "Declaration in Opposition to Lien Sale," as required by Business and Professions Code § 21705(b)(2) from the 1ST AMERICAN PARTIES.

118.   As of the date this action was filed, Plaintiff remains locked out of his storage unit at 1st American Self Storage and the 1ST AMERICAN PARTIES have taken control of his furniture, household goods and other personal belongings.

**DEFENDANTS' ROUTINE PRACTICES**

119.   It is the standard practice and policy of the TIGER PARTIES and the 1ST AMERICAN PARTIES to deny occupants access to their storage units at any self-service storage facility that is owned, managed or operated by ELITE, even if the occupants have paid the contractual rent on the said storage units, if such occupants are past due at another self-service storage facility that is owned, managed or operated by ELITE.

120.   It is the standard practice and policy of the TIGER PARTIES to send, or cause to be sent, Preliminary Lien Notice documents in the form of Exhibit "5" to occupants, which fail to contain the notices and disclosures required by the California Self-Service Storage Facility Act, Business and Professions Code §§ 21703(b), 21703(c) and 21703(d).

121.   It is the standard practice and policy of the TIGER PARTIES to charge occupants a $20.00 preliminary lien fee, despite the TIGER PARTIES' failure to send Preliminary Lien Notice documents to said occupants which comply with the disclosure requirements of Business and Professions Code § 21703. Further, the TIGER PARTIES regularly fail to send Preliminary Lien Notice documents to the occupant at the occupant's "alternative address," as required by Business and Professions Code §21703.

122.   It is the standard practice and policy of the TIGER PARTIES to charge

- 27 -
CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

occupants unauthorized fees which are not provided for in the <u>Month to Month Self Storage Rental Agreement</u>, or otherwise authorized by law. Despite sending <u>Preliminary Lien Notice</u> documents to occupants which do not comply with the disclosure requirements of Business and Professions Code § 21703, the TIGER PARTIES regularly charge occupants fees which include, but are not limited to, a $20.00 "inventory fee," and a $15.00 "Lock Cut for Auction Fee."

123.    It is the standard practice and policy of the 1ST AMERICAN PARTIES to charge occupants unauthorized late fees after refusing to accept the contractual amount owed from their occupants.

124.    It is the standard practice and policy of the TIGER PARTIES to fail to send occupants "Notice of Lien Sale" documents, as required by Business and Professions Code § 21705(b)(1), and blank "Declaration in Opposition to Lien Sale" documents, as required by Business and Professions Code § 21705(b)(2).

125.    It is the standard practice and policy of the TIGER PARTIES and GREAT AMERICAN to take advantage of unsuspecting self-service storage facility renters by falsely representing that insurance is "required by law," and by failing to provide the disclosures required by California law that are intended to assist California consumers and the general public make informed decisions before purchasing property insurance coverage.

126.    It is the standard practice and policy of the TIGER PARTIES and GREAT AMERICAN to sell overpriced self-service storage insurance without complying with the disclosure requirements of Insurance Code §§ 1758-1758.792. The TIGER PARTIES and GREAT AMERICAN regularly sell self-service storage insurance to renters for as much as 167% (or $5.00 per month) more than the price at which renters can purchase similar self-service storage insurance online without the TIGER PARTIES acting as a "middle man."

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

127.    It is the standard practice and policy of the 1ST AMERICAN PARTIES and REPWEST to take advantage of unsuspecting self-service storage facility renters by falsely representing that insurance is "required by law" and by failing to provide the disclosures required by California law that are intended to assist California consumers and the general public make informed decisions before purchasing property insurance coverage.  Further, the 1ST AMERICAN PARTIES are not licensed to sell self-service storage insurance, as required by California Insurance Code § 1758.7(a), and do not provide an insurance training program to their employees, as required by California Insurance Code § 1758.72.

128.    It is the standard practice and policy of the 1ST AMERICAN PARTIES and REPWEST to sell overpriced self-service storage insurance, without complying with the disclosure requirements of Insurance Code §§ 1758-1758.792.  The 1ST AMERICAN PARTIES and REPWEST regularly sell self-service storage insurance to renters for as much as 430% (or $6.45 per month) more than the price at which renters can purchase similar self-service storage insurance online without the unlicensed 1ST AMERICAN PARTIES acting as a "middle man."

## CLASS ALLEGATIONS

129.    Plaintiff brings this action on behalf of a class of all other persons similarly situated.

### The Class

130.    Plaintiff tentatively defines the Class as (i) all persons with addresses in the United States, (ii) who rented a self-service storage unit owned, managed or operated by ELITE, MANDOT, BUDGET, BRANDON LUTHYE or TINA LUTHYE, (iii) during the four year prior to the date this action was filed.

131.    Excluded from the class would be any officers, directors or legal representatives

- 29 -
CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

of Defendants, and any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.  Plaintiff reserves the right to modify the Class definition and Class period based on the results of discovery.

132.  **Numerosity:** The Class is so numerous that joinder of all members is impractical.  Plaintiff is informed and believes, and thereon alleges that, Defendants have denied hundreds of Class members access to self-service storage units despite the contractual rent on such storage unit having been paid.

133.  **Predominance of Common Questions of Fact and Law:** Defendants have acted with respect to the Class, in a manner generally applicable to Plaintiff and each Class member. There is a well-defined community of interest in the questions of law and fact involved in this action, which affects all class members.  Questions of law and fact common to the Class predominate over any questions peculiar to individual class members.  The common questions include:

a.   Whether Defendants, ELITE, MANDOT, BUDGET, BRANDON LUTHYE, and TINA LUTHYE, are each an "owner" as that term is defined by Business and Professions Code § 21701(b);

b.   Whether Defendants, ELITE, MANDOT, and BUDGET, are each a "self-service storage facility" as that term is defined by Business and Professions Code § 21701(a);

c.   Whether Defendants, ELITE, MANDOT, BUDGET, BRANDON LUTHYE, and TINA LUTHYE, denied Plaintiff and the Class access to self-service storage units owned, managed or operated by ELITE despite the contractual rent on such storage unit having been paid, because the class member was past due at another self-service storage facility that is owned, managed or operated by ELITE;

d.   Whether Defendants, ELITE, MANDOT, BUDGET, BRANDON

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

LUTHYE, and TINA LUTHYE, may lawfully deny access to <u>all</u> storage units owned, managed or operated by ELITE, if an occupant has failed to pay a balance due at <u>any</u> self-service storage facility that is owned, managed or operated by ELITE; and

       e.    Whether Defendants, ELITE, BUDGET, BRANDON LUTHYE, and TINA LUTHYE, may lawfully charge occupants late fees after refusing to accept the contractual amount owed from their occupants.

       134.    There are no individual questions of law or fact, other than (1) whether a Class member was denied access to his or her self-service storage unit despite the contractual rent on such storage unit having been paid, because the Class member was past due at another self-service storage facility that is owned, managed or operated by ELITE, or (2) whether a Class member concurrently rented storage units at more than one storage facility owned, managed or operated by ELITE, both of which can be determined by ministerial inspection of Defendants' records.

### The Tiger Subclass

       135.    Plaintiff tentatively defines the Tiger Subclass as (i) all persons with addresses in the United States, (ii) who were sent a <u>Preliminary Lien Notice</u> in the form of Exhibit "5" by the TIGER PARTIES, and (iii) were thereafter charged any lien fees or sale fees by the TIGER PARTIES, (iv) during the four year prior to the date this action was filed.

       136.    The TIGER PARTIES have acted with respect to the Tiger Subclass, in a manner generally applicable to Plaintiff and each Tiger Subclass member. There is a well-defined community of interest in the questions of law and fact involved in this action, which affects all Tiger Subclass members. Questions of law and fact common to the Tiger Subclass predominate over any questions peculiar to individual Tiger Subclass members. The common questions include:

       a.    Whether Defendants, ELITE and BUDGET, are each an "owner" as that

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

term is defined by Business and Professions Code § 21701(b);

b.   Whether Defendants, ELITE and BUDGET, are each a "self-service storage facility" as that term is defined by Business and Professions Code § 21701(a);

c.   Whether the TIGER PARTIES' Preliminary Lien Notice in the form of Exhibit "5" complies with the requirements of Business and Professions Code § 21703;

d.   Whether the TIGER PARTIES charged Plaintiff and the Tiger Subclass a "Preliminary Lien Fee" in the amount of $20.00;

e.   Whether the TIGER PARTIES charged Plaintiff and the Tiger Subclass fees which are not authorized by the Month to Month Self Storage Rental Agreement (Exhibit "1"), or otherwise authorized by law, including, but not limited to, a $20.00 "inventory fee," and a $15.00 "Lock Cut for Auction Fee."

f.   Whether the TIGER PARTIES failed to send Plaintiff and the Tiger Subclass a "Notice of Lien Sale," as required by Business and Professions Code § 21705(b)(1), and a blank "Declaration in Opposition to Lien Sale," as required by Business and Professions Code § 21705(b)(2).

137.   There are no individual questions of law or fact, other than (1) whether a Tiger Subclass member was sent the non-compliant Preliminary Lien Notice (Exhibit "5") document, and/or (2) whether a Tiger Subclass member was charged fees which are not provided for in the Month to Month Self Storage Rental Agreement (Exhibit "1"), both of which can be determined by ministerial inspection of the TIGER PARTIES' records.

### The Repwest Subclass

138.   Plaintiff tentatively defines the Repwest Subclass as (i) all persons with addresses in the United States, (ii) who purchased REPWEST self-service storage insurance from the

- 32 -
CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

1ST AMERICAN PARTIES, (iii) during the four year prior to the date this action was filed.

139.   The 1ST AMERICAN PARTIES and REPWEST have acted with respect to the Repwest Subclass in a manner generally applicable to Plaintiff and each Repwest Subclass member. There is a well-defined community of interest in the questions of law and fact involved in this action, which affects all Repwest Subclass members.   Questions of law and fact common to the Repwest Subclass predominate over any questions peculiar to individual Repwest Subclass members.   The common questions include:

a.   Whether REPWEST is an "insurer" as that term is defined by Insurance Code § 23;

b.   Whether REPWEST is an "authorized insurer" as that term is defined by 10 California Code of Regulations § 2194.10(a);

c.   Whether REPWEST has a nondelegable duty to ensure that its agents comply with Insurance Code §§ 1758.7-1758.792;

d.   Whether the 1ST AMERICAN PARTIES complied with Insurance Code §§ 1758.7-1758.792; and

e.   Whether insurance premiums collected by the 1ST AMERICAN PARTIES for REPWEST self-service storage insurance policies were excessive and overpriced.

**The Great American Subclass**

140.   Plaintiff tentatively defines the Great American Subclass as (i) all persons with addresses in the United States, (ii) who purchased GREAT AMERICAN self-service storage insurance from the TIGER PARTIES, (iii) during the four year prior to the date this action was filed.

141.   The TIGER PARTIES and GREAT AMERICAN have acted with respect to the Great American Subclass, in a manner generally applicable to Plaintiff and each Great American

- 33 -
CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

Subclass member.   There is a well-defined community of interest in the questions of law and fact involved in this action, which affects all Great American Subclass members.  Questions of law and fact common to the Great American Subclass predominate over any questions peculiar to individual class members.  The common questions include:

> a.   Whether GREAT AMERICAN is an "insurer" as that term is defined by Insurance Code § 23;
>
> b.   Whether GREAT AMERICAN is an "authorized insurer" as that term is defined by 10 California Code of Regulations § 2194.10(a);
>
> c.   Whether GREAT AMERICAN has a nondelegable duty to ensure that its agents comply with Insurance Code §§ 1758.7-1758.792;
>
> d.   Whether the TIGER PARTIES complied with Insurance Code §§ 1758.7-1758.792; and
>
> e.   Whether the premiums collected by the TIGER PARTIES for GREAT AMERICAN self-service storage insurance policies were excessive and overpriced.

142.   **Adequacy of Representation:** Plaintiff will fairly and adequately represent and protect the interest of the class and subclass members.  Plaintiff is committed to vigorously litigating this matter.  Plaintiff has retained counsel experienced in handling class claims and litigation brought pursuant to various consumer protection statutes, including Business and Professions Code § 17200, *et seq*.  Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this claim.  Plaintiff and his counsel will vigorously pursue this matter.

143.   **Typicality:** Plaintiff's claims are typical of the claims of the other members of the Class and each subclass in that Plaintiff and other Class members were similarly harmed by the actions of Defendants and the claims alleged herein all arise from the same operative facts and are

1    based on the same legal theories. Plaintiff is a member of the Class and each of the Subclasses he seeks

2    to represent and he has suffered harm due to the unfair, deceptive and unlawful practices of Defendants.

3
          144.   Defendants have acted or refused to act, with respect to some or all issues
4
     presented in this Complaint, on grounds generally applicable to the Class and Subclasses, thereby
5
6    making it appropriate to provide relief with respect to the Class and Subclasses as a whole.

7          145.   **Superiority of Class Action:** A class action is a superior method for the fair and

8    efficient adjudication of this controversy. Most of the class members who rent self-service storage

9    units from Defendants and purchase self-service storage insurance have no knowledge that their rights
10
     are being violated by illegal business practices. The interest of the class members in individually
11
12   controlling the prosecution of separate claims against Defendants is small because the maximum

13   damages in an individual action are small. Management of this class action is likely to present

14   significantly fewer difficulties than those presented in many other class actions.

15
          146.   A class action is the best available method of the efficient adjudication of this
16
17   litigation because individual litigation of all Class members' claims would be impracticable and unduly

18   burdensome to the courts, and have the potential to result in inconsistent or contradictory judgments.

19   There are no unusual difficulties likely to be encountered in the management of this litigation as a class

20   action. A class action presents fewer management problems and provides the benefits of single

21   adjudication, economies of scale, and comprehensive supervision by a single court.

22
          147.   Certification of the Class under Code of Civil Procedure § 382 is appropriate in
23
24   that:

25          a.   The questions of law or fact common to the members of the Class and each

26   Subclass predominate over any questions affecting only individual members; and

27          b.   A class action is superior to other available methods for the fair and efficient

28

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

1    adjudication of the controversy.

2        148.    Certification of a class under Code of Civil Procedure § 382 is also appropriate in

3    that Defendants acted on grounds generally applicable to the Class, thereby making appropriate

4    declaratory relief with respect to the Class as a whole.

5

6        149.    Plaintiff, the Class and each Subclass are entitled to an award of attorney fees

7    and costs against Defendants, pursuant to Code of Civil Procedure § 1021.5 and/or the contractual

8    terms of the <u>Month to Month Self Storage Rental Agreement</u> (Exhibit "1") and <u>1st American Self</u>

9    <u>Storage Rental Agreement</u> (Exhibit "7").

10

11                            **FIRST CAUSE OF ACTION**

12        **VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW**
         **(Against the TIGER PARTIES and the 1ST AMERICAN PARTIES)**

13

14        150.    Plaintiff and the Class bring the first cause of action against the TIGER

15    PARTIES and the 1ST AMERICAN PARTIES for violation of California's Unfair Competition Law,

16    Business and Professions Code § 17200, *et seq.* (hereinafter "the UCL").

17        151.    Plaintiff repeats, realleges, and incorporates by reference all previous paragraphs

18    as though fully set forth herein.

19        152.    The TIGER PARTIES and the 1ST AMERICAN PARTIES violated the UCL's

20

21    prohibition against "any unlawful, unfair or fraudulent business act or practice" by acting in concert to

22    deny occupants access to their storage units at <u>all</u> storage units owned, managed or operated by ELITE,

23    because an occupant has failed to pay a balance due at <u>any</u> self-service storage facility that is owned,

24    managed or operated by ELITE.

25        153.    Defendants' business practices and actions as set forth above are unlawful, unfair

26    and fraudulent, and provide Defendants an unfair advantage in the marketplace.

27

28        154.    Plaintiff and the Class seek an order declaring such business practices to be

---

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

unlawful, and enjoining these business methods, acts and practices set forth herein.

155.   Plaintiff and the Class also request an award of reasonable attorneys' fees incurred pursuant to Code of Civil Procedure § 1021.5 and/or the contractual terms of the Month to Month Self Storage Rental Agreement (Exhibit "1") and 1st American Self Storage Rental Agreement (Exhibit "7").

## SECOND CAUSE OF ACTION

### VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW
### (Against the TIGER PARTIES and the 1ST AMERICAN PARTIES)

156.   Plaintiff and the Class bring the second cause of action against the TIGER PARTIES and the 1ST AMERICAN PARTIES for violation of the UCL.

157.   Plaintiff repeats, realleges, and incorporates by reference all previous paragraphs as though fully set forth herein.

158.   The TIGER PARTIES and the 1ST AMERICAN PARTIES violated the UCL's prohibition against "any unlawful, unfair or fraudulent business act or practice" by: acting in concert to take advantage of unsuspecting self-service storage facility renters and prospective renters by making and using false representations that insurance is "required by law" in order to rent a storage unit; by failing to provide the disclosures required by the Insurance Code § 1758.76 and 10 California Code of Regulations § 2194.13; and by failing to train their employees as required by Insurance Code § 1758.72 and 10 California Code of Regulations § 2194.16.

159.   Defendants' business practices and actions as set forth above are unlawful, unfair and fraudulent, and provide Defendants an unfair advantage in the marketplace.

160.   Plaintiff and the Class seek an order declaring such business practices to be unlawful, and enjoining these business methods, acts and practices set forth herein.

161.   Plaintiff and the Class also request an award of reasonable attorneys' fees

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

incurred pursuant to Code of Civil Procedure § 1021.5 and/or the contractual terms of the <u>Month to</u> <u>Month Self Storage Rental Agreement</u> (Exhibit "1") and <u>1st American Self Storage Rental Agreement</u> (Exhibit "7").

## THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW
### (Against the TIGER PARTIES)

162.   Plaintiff and the Class bring the third cause of action against the TIGER PARTIES for violation of the UCL.

163.   Plaintiff repeats, realleges, and incorporates by reference all previous paragraphs as though fully set forth herein.

164.   The TIGER PARTIES violated the UCL's prohibition against "any unlawful, unfair or fraudulent business act or practice" by:

a.   sending <u>Preliminary Lien Notice</u> documents in the form of Exhibit "5" to occupants, which fail to contain the notices and disclosures required by the California Self-Service Storage Facility Act, Business and Professions Code §§ 21703(b), 21703(c) and 21703(d);

b.   charging occupants a $20.00 preliminary lien fee and other lien fees and sale fees, despite the TIGER PARTIES' failure to send <u>Preliminary Lien Notice</u> to said occupants which complies with the disclosure requirements of Business and Professions Code § 21703;

c.   failing to send <u>Preliminary Lien Notice</u> documents to occupants at the occupant's "alternative address" as required by California Business and Professions Code § 21703;

d.   charging occupants fees which are not authorized or provided for in the <u>Month to Month Self Storage Rental Agreement</u> or otherwise authorized by law, including, but

- 38 -
CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

not limited to, a $20.00 "inventory fee," and a $15.00 "Lock Cut for Auction Fee"; and

e.   failing to send to occupants a "Notice of Lien Sale," as required by Business and Professions Code § 21705(b)(1), and blank "Declaration in Opposition to Lien Sale," as required by Business and Professions Code § 21705(b)(2).

165.   Defendants' business practices and actions as set forth above are unlawful, unfair and fraudulent, and provide Defendants an unfair advantage in the marketplace.

166.   Plaintiff and the Class seek an order declaring such business practices to be unlawful, and enjoining these business methods, acts and practices set forth herein.

167.   Plaintiff and the Class also request an order for reasonable attorneys' fees incurred pursuant to Code of Civil Procedure § 1021.5.

## FOURTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW
### (Against the 1ST AMERICAN PARTIES)

168.   Plaintiff and the Class bring the fourth cause of action against the 1ST AMERICAN PARTIES for violation of the UCL.

169.   Plaintiff repeats, realleges, and incorporates by reference all previous paragraphs as though fully set forth herein.

170.   The 1ST AMERICAN PARTIES violated the UCL's prohibition against "any unlawful, unfair or fraudulent business act or practice" by:

a.   denying Plaintiff and the Class access to their storage units despite said occupants being in full compliance with their contractual obligations under the 1st American Self Storage Rental Agreement (Exhibit "7");

b.   adding fees and charges to occupants' accounts that are not authorized by the 1st American Self Storage Rental Agreement (Exhibit "7") or otherwise authorized by law;

- 39 -
CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

c.    adding late fees to occupants' accounts after refusing to accept the contractual amount owed under the <u>1st American Self Storage Rental Agreement</u> (Exhibit "7") or otherwise authorized by law;

d.    failing to send Plaintiff and the Class a <u>Preliminary Lien Notice</u> before denying access to storage units, as required by the California Self-Service Storage Facility Act, Business and Professions Code § 21703; and

e.    failing to send to occupants a "Notice of Lien Sale," as required by Business and Professions Code § 21705(b)(1), and blank "Declaration in Opposition to Lien Sale," as required by Business and Professions Code § 21705(b)(2), after denying access to storage units.

171.   Defendants' business practices and actions as set forth above are unlawful, unfair and fraudulent, and provide Defendants an unfair advantage in the marketplace.

172.   Plaintiff and the Class seek an order declaring such business practices to be unlawful, and enjoining these business methods, acts and practices set forth herein.

173.   Plaintiff and the Class also request an order for reasonable attorneys' fees incurred pursuant to Code of Civil Procedure § 1021.5.

## FIFTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW
### (Against the TIGER PARTIES and GREAT AMERICAN)

174.   Plaintiff and the Class bring the fifth cause of action against the TIGER PARTIES and GREAT AMERICAN for violation of the UCL.

175.   Plaintiff repeats, realleges, and incorporates by reference all previous paragraphs as though fully set forth herein.

176.   The TIGER PARTIES and GREAT AMERICAN violated the UCL's prohibition against "any unlawful, unfair or fraudulent business act or practice" by:

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

a.   falsely representing to Plaintiff, the Class and the general public that personal property insurance is "required by law" in in California to rent a self-service storage space, in violation of Insurance Code § 1578.76(b)(1);

b.   failing to provide Plaintiff, the Class and prospective renters with the disclosures required by Insurance Code § 1758.76(a)(4) and 10 California Code of Regulations § 2194.13(a);

c.   failing to provide Plaintiff and the Class with the written disclosures required by Insurance Code § 1758.76(b) and 10 California Code of Regulations § 2194.13(b);

d.   failing to display, by clear and conspicuous signage where rental agreements are executed, the disclosures required by Insurance Code § 1758.76(b);

e.   failing to train their employees and agents, as required by Insurance Code § 1758.72;

f.   selling self-service storage insurance using other than an "authorized endorsee," as required by Insurance Code § 1758.72(d) and 10 California Code of Regulations § 2194.16(c);

g.   acting in concert to sell renters grossly overpriced self-service storage insurance, thereby facilitating the payment of unlawful commissions and kickbacks to the TIGER PARTIES.

177.   Defendants' business practices and actions as set forth above are unlawful, unfair and fraudulent, and provide Defendants an unfair advantage in the marketplace.

178.   Plaintiff and the Class seek an order declaring such business practices to be unlawful, and enjoining these business methods, acts and practices set forth herein.

179.   Plaintiff and the Class also request an order for reasonable attorneys' fees

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

incurred pursuant to Code of Civil Procedure § 1021.5.

## SIXTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW
### (Against the 1ST AMERICAN PARTIES and REPWEST)

180.    Plaintiff and the Class bring the sixth cause of action against the 1ST AMERICAN PARTIES and REPWEST for violation of the UCL.

181.    Plaintiff repeats, realleges, and incorporates by reference all previous paragraphs as though fully set forth herein.

182.    The 1ST AMERICAN PARTIES and REPWEST violated the UCL's prohibition against "any unlawful, unfair or fraudulent business act or practice" by:

    a.    falsely representing to Plaintiff, the Class and the general public that personal property insurance is "required by law" in in California to rent a self-service storage space, in violation of Insurance Code § 1578.76(b)(1);

    b.    failing to provide Plaintiff, the Class and prospective renters with the disclosures required by Insurance Code § 1758.76(a)(4) and 10 California Code of Regulations § 2194.13(a);

    c.    failing to provide Plaintiff and the Class with the written disclosures required by Insurance Code § 1758.76(b) and 10 California Code of Regulations § 2194.13(b);

    d.    failing to display, by clear and conspicuous signage where rental agreements are executed, the disclosures required by Insurance Code § 1758.76(b);

    e.    selling self-service storage insurance using other than a "self-service storage agent," as that term is defined by Insurance Code § 1758.791(e);

    f.    failing to train their employees and agents, as required by Insurance Code § 1758.72;

---

- 42 -

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

g.   selling self-service storage insurance using other than an "authorized endorsee," as required by Insurance Code § 1758.72(d) and 10 California Code of Regulations § 2194.16(c);

h.   acting in concert to sell renters grossly overpriced self-service storage insurance, thereby facilitating the payment of unlawful commissions and kickbacks to the 1ST AMERICAN PARTIES.

183.   Defendants' business practices and actions as set forth above are unlawful, unfair and fraudulent, and provide Defendants an unfair advantage in the marketplace.

184.   Plaintiff and the Class seek an order declaring such business practices to be unlawful, and enjoining these business methods, acts and practices set forth herein.

185.   Plaintiff and the Class also request an order for reasonable attorneys' fees incurred pursuant to Code of Civil Procedure § 1021.5.

### SEVENTH CAUSE OF ACTION

### BREACH OF CONTRACT
### (Against the 1ST AMERICAN PARTIES)

186.   Plaintiff brings the seventh cause of action against the 1ST AMERICAN PARTIES for Breach of Contract.

187.   Plaintiff repeats, realleges, and incorporates by reference all previous paragraphs as though fully set forth herein.

188.   Plaintiff entered into the 1st American Self Storage Rental Agreement and Tenant Acknowledgment Addendum (Exhibit "7") (hereinafter collectively "the 1ST AMERICAN contract") with the 1ST AMERICAN PARTIES.

189.   The 1ST AMERICAN contract requires Plaintiff to pay a monthly rental fee of $50.00 for the first six months, plus $7.95 per month for self-service storage insurance, in exchange for

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

1   the exclusive use of Unit No. 192 at 1st American Self Storage.

2      190.   Plaintiff paid $50.00 per month, plus $7.95 for self-service storage insurance, and

3   thus fully complied with his contractual obligations under the 1ST AMERICAN contract.

4
5      191.   Despite Plaintiff's full compliance and performance of his contractual obligations

6   under the 1ST AMERICAN contract, the 1ST AMERICAN PARTIES refused Plaintiff access to the 1st

7   American Self Storage facility and Unit No. 192. The 1ST AMERICAN PARTIES denied Plaintiff

8   access to his storage unit and took control of Plaintiff's possessions despite Plaintiff's full compliance

9   and performance of his contractual obligations.

10
11      192.   Moreover, the 1ST AMERICAN PARTIES refused to accept Plaintiff's

12   September 2015 rental payment, and have added amounts allegedly due and owing to the TIGER

13   PARTIES to Plaintiff's account with the 1ST AMERICAN PARTIES, despite the lack of any

14   authorization to do so in the 1ST AMERICAN contract. The 1ST AMERICAN PARTIES also added

15   late fees to Plaintiff's account after refusing to accept the contractual amount owed under the 1st

16   American Self Storage Rental Agreement (Exhibit "7"). Therefore, the 1ST AMERICAN PARTIES'

17   conduct is in direct violation of the 1ST AMERICAN contract's terms, and not otherwise authorized by

18
19   law.

20      193.   Plaintiff has been damaged in an amount to be determined at trial by the 1ST

21   AMERICAN PARTIES' breach of the 1ST AMERICAN contract.

22      194.   As a result of the 1ST AMERICAN PARTIES' breach of the 1ST AMERICAN

23   contract, Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to the terms

24   of the 1ST AMERICAN contract and Civil Code § 1717.

25
26   / / /

27   / / /

28

**EIGHTH CAUSE OF ACTION**

**BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**
**(Against the 1ST AMERICAN PARTIES)**

195.    Plaintiff brings the eighth cause of action against the 1ST AMERICAN PARTIES for Breach of the Covenant of Good Faith and Fair Dealing.

196.    Plaintiff repeats, realleges, and incorporates by reference all previous paragraphs as though fully set forth herein.

197.    Plaintiff entered into the 1ST AMERICAN contract with The 1ST AMERICAN PARTIES in good faith.

198.    The 1ST AMERICAN contract requires Plaintiff to pay a monthly rental fee of $50.00 for the first six months, plus $7.95 per month for self-service storage insurance, in exchange for the exclusive use of Unit No. 192 at 1st American Self Storage.

199.    Plaintiff paid $50.00 per month, plus $7.95 for self-service storage insurance, and thus fully complied with his contractual obligations under the 1ST AMERICAN contract.

200.    The 1ST AMERICAN PARTIES unlawfully, unfairly and intentionally interfered with Plaintiff's right to enjoy the benefits of the 1ST AMERICAN contract. Specifically, despite Plaintiff's fully compliance and performance of his contractual obligations under the 1ST AMERICAN contract, the 1ST AMERICAN PARTIES refused Plaintiff access to the 1st American Self Storage facility and Unit No. 192. The 1ST AMERICAN PARTIES denied Plaintiff access to his storage unit and took control of Plaintiff's possessions despite Plaintiff full compliance and performance of his contractual obligations.

201.    Moreover, the 1ST AMERICAN PARTIES refused to accept Plaintiff's September 2015 rental payment, and have added amounts allegedly due and owing to the TIGER PARTIES to Plaintiff's account with the 1ST AMERICAN PARTIES, despite any authorization to do

1   so in the 1ST AMERICAN contract. Therefore, the 1ST AMERICAN PARTIES' conduct is in direct

2   violation of the 1ST AMERICAN contract's terms, and not otherwise authorized by law.

3       202.   Plaintiff has been damaged in an amount to be determined at trial by the conduct

4
    of the 1ST AMERICAN PARTIES in denying Plaintiff access to his storage unit and by taking control
5
    of Plaintiff's possessions.
6

7       203.   As a result of the 1ST AMERICAN PARTIES' breach of covenant of good faith

8   and fair dealing, Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to the

9
    terms of the 1ST AMERICAN contract and Civil Code § 1717.
10

11                    **NINTH CAUSE OF ACTION**

12                         **CONVERSION**
                  **(Against the 1ST AMERICAN PARTIES)**
13

14      204.   Plaintiff brings the ninth cause of action against the 1ST AMERICAN PARTIES

15  for conversion.

16      205.   Plaintiff repeats, realleges, and incorporates by reference all previous paragraphs

17  as though fully set forth herein.

18      206.   Plaintiff has a right to possess his personal property in the storage unit he rented

19
    from the 1ST AMERICAN PARTIES.
20

21      207.   The 1ST AMERICAN PARTIES intentionally and substantially interfered with

22  Plaintiff's personal property by preventing him access to his property, despite Plaintiff's full

23  compliance and performance of his contractual obligations under the 1ST AMERICAN contract.

24      208.   The 1ST AMERICAN PARTIES continue to refuse to return Plaintiff's personal

25  property even after Plaintiff demanded its return.
26

27      209.   At no time did Plaintiff consent to having his personal property taken by the 1ST

28  AMERICAN PARTIES.

---

- 46 -
CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

210.   The 1ST AMERICAN PARTIES' conduct was a substantial factor in causing Plaintiff's harm.

211.   As a result of the 1ST AMERICAN PARTIES' conversion of Plaintiff's personal property, Plaintiff is entitled to actual damages and punitive damages in an amount to be determined at trial.

**TENTH CAUSE OF ACTION**

**TRESPASS TO CHATTEL**
**(Against the 1ST AMERICAN PARTIES)**

212.   Plaintiff brings the tenth cause of action against the 1ST AMERICAN PARTIES for trespass to chattel.

213.   Plaintiff repeats, realleges, and incorporates by reference all previous paragraphs as though fully set forth herein.

214.   Plaintiff owned and had a right to possess his personal property in the storage space he rented from the 1ST AMERICAN PARTIES.

215.   The 1ST AMERICAN PARTIES intentionally interfered with Plaintiff's use and enjoyment of his personal property by denying Plaintiff access to his storage unit, despite Plaintiff's full compliance and performance of his contractual obligations under the 1ST AMERICAN contract.

216.   At no time did Plaintiff consent to being locked out of his storage unit by the 1ST AMERICAN PARTIES.

217.   The 1ST AMERICAN PARTIES' conduct was a substantial factor in causing Plaintiff's harm.

218.   As a result of the 1ST AMERICAN PARTIES' trespass to Plaintiff's personal property, Plaintiff is entitled to actual damages and punitive damages in an amount to be determined at trial.

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

**PUNITIVE DAMAGES**

219.    Plaintiff is informed and believes, and thereon alleges that the 1ST AMERICAN PARTIES' conduct was fraudulent, malicious, despicable and oppressive and was intended to harm Plaintiff. The 1ST AMERICAN PARTIES' unlawful acts were in conscious disregards of the rights of Plaintiff.

220.    Plaintiff is informed and believes, and thereon alleges that an officer, director or managing agent of the 1ST AMERICAN PARTIES authorized, approved and ratified the 1ST AMERICAN PARTIES' wrongful and unlawful acts described herein.

221.    The 1ST AMERICAN PARTIES are liable for reasonable punitive damages in an amount sufficient to punish and educate the 1ST AMERICAN PARTIES, and to educate other businesses engaged in similar activities that the courts and juries of California will not tolerate such conduct in California.

**REQUEST FOR RELIEF**

Plaintiff requests that this Court:

   a)  Assume jurisdiction in this proceeding;

   b)  Certify this case as a class action and appoint Plaintiff and Plaintiff's counsel to represent the Class and Subclasses;

   c)  Declare that each of the following actions violate California Business and Professions Code §§ 17200, *et seq.*:

      1)  Denying occupants access to their storage units at <u>all</u> storage units owned, managed or operated by ELITE, because an occupant has failed to pay a balance due at <u>any</u> self-service storage facility that is owned, managed or operated by ELITE;

- 48 -
CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

2) Making and using false representations that insurance is "required by law" in order to rent a storage unit;

3) Failing to provide Plaintiff, the Class and prospective renters with the disclosures required by Insurance Code § 1758.76(a)(4) and 10 California Code of Regulations § 2194.13(a);

4) Failing to provide Plaintiff and the Class with the written disclosures required by the Insurance Code § 1758.76 and 10 California Code of Regulations § 2194.13;

5) Failing to display, by clear and conspicuous signage where rental agreements are executed, the disclosures required by Insurance Code § 1758.76(b);

6) Failing to train employees as required by Insurance Code § 1758.72 and 10 California Code of Regulations § 2194.16;

7) Selling renters grossly overpriced self-service storage insurance, thereby facilitating the payment of unlawful commissions and kickbacks;

8) Using and sending <u>Preliminary Lien Notice</u> documents in the form of Exhibit "5" to occupants, which fail to contain the notices and disclosures required by Business and Professions Code §§ 21703(b), 21703(c) and 21703(d);

9) Charging occupants a $20.00 preliminary lien fee and other lien fees and sale fees, despite the failure to send <u>Preliminary Lien Notice</u> to said occupants which complies with the disclosure requirements of Business and Professions Code § 21703;

10) Failing to send Preliminary Lien Notice documents to occupants at the occupant's "alternative address," as required by Business and Professions

Code § 21703;

11) Charging occupants fees which are not authorized or provided for in the rental agreement or otherwise authorized by law, including, but not limited to, a $20.00 "inventory fee," and a $15.00 "Lock Cut for Auction Fee";

12) Failing to send to occupants a "Notice of Lien Sale," as required by Business and Professions Code § 21705(b)(1), and blank "Declaration in Opposition to Lien Sale," as required by Business and Professions Code § 21705(b)(2);

13) Adding fees and charges to occupants' accounts that are not authorized by the rental agreement or otherwise authorized by law;

14) Adding late fees to occupants' accounts after refusing to accept the contractual amount owed under the rental agreement or otherwise authorized by law;

15) Failing to send a Preliminary Lien Notice before denying access to storage units, as required by Business and Professions Code § 21703;

16) Selling self-service storage insurance using other than a "self-service storage agent," as that term is defined by Insurance Code § 1758.791(e); and

17) Selling self-service storage insurance using other than an "authorized endorsee," as required by Insurance Code § 1758.72(d) and 10 California Code of Regulations § 2194.16(c).

d) Enter an order enjoining Defendants from continuing each of the practices set forth in subsection (c) above;

e) Award Plaintiff and each member of the Tiger Subclass restitution in the amount of $20.00 for illegal preliminary lien fee;

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

f)   Award Plaintiff and each member of the Tiger Subclass restitution in the amount of $20.00 for illegal "inventory fees";

g)   Award Plaintiff and each member of the Tiger Subclass restitution in the amount of $15.00 for illegal "Lock Cut for Auction Fees";

h)   Award Plaintiff and each member of the Great American Subclass restitution in an amount of $5.00 per month for each month of self-service storage insurance premium paid, against GREAT AMERICAN and the TIGER PARTIES;

i)   Award Plaintiff and each member of the Repwest Subclass restitution in an amount of $6.45 per month for each month of self-service storage insurance premium paid, against REPWEST and the 1ST AMERICAN PARTIES;

j)   Award Plaintiff damages against the 1ST AMERICAN PARTIES for the loss of use of his goods caused by the 1ST AMERICAN PARTIES' breach of contract;

k)   Award Plaintiff damages against the 1ST AMERICAN PARTIES for the loss of use of his goods caused by the 1ST AMERICAN PARTIES' breach of the covenant of good faith and fair dealing;

l)   Award Plaintiff the value and use of the goods stored against the 1ST AMERICAN PARTIES caused by conversion;

m)  Award Plaintiff damages against the 1ST AMERICAN PARTIES for the loss of use of his goods caused by trespass to chattels;

n)   Award Plaintiff the costs of this action and reasonable attorney's fees, pursuant to the terms of the Month to Month Self Storage Rental Agreement (Exhibit "1"), the 1st American Self Storage Rental Agreement (Exhibit "7"), Civil Code § 1717, and/or Code of Civil Procedure § 1021.5; and

- 51 -
CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

1    o)  Award Plaintiff such other and further relief as may be just and proper.

2

3             CONSUMER LAW CENTER, INC.

4

Dated: September 15, 2015

5             By: _____
              Fred W. Schwinn (SBN 225575)

6              Raeon R. Roulston  (SBN 255622)
              CONSUMER LAW CENTER, INC.

7              12 South First Street, Suite 1014
              San Jose, California  95113-2418

8              Telephone Number: (408) 294-6100
              Facsimile Number: (408) 294-6190

9              Email Address: fred.schwinn@sjconsumerlaw.com

10

11             Attorneys for Plaintiff
              JOHN DELEON

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

**MONTH TO MONTH**
**SELF STORAGE**
**RENTAL AGREEMENT**

# TIGER SELF STORAGE
2718 Q ST., NORTH HIGHLANDS, CA 95660
## (916) 332-3612

CODE # _____
SS# _____
DL# _____

THIS AGREEMENT is executed in duplicate on this _23_ day _March_ of 20__ between Lessor/Owner and

| LESSEE / OCCUPANT | ALTERNATE PERSON FOR NOTICE |
|---|---|
| NAME _John DeLeon_ | NAME _Stephani DeLeon_ |
| STREET _5328 Fontbonne Dr_ | STREET _____ |
| CITY _North Highlands_ | CITY _____ STATE ___ ZIP ___ |
| STATE _Ca_ ZIP _95660_ | RES. PHONE (_916_) _399 6210_ |
| RES. PHONE (_916_) _902-7950_ | BUS. PHONE (___) _____ |
| BUS. PHONE (___) _____ | IF ALTERNATE REFUSED LESSEE SIGN HERE: _____ |

SPACE # _F044_
APPROX. SIZE _10x10_
MONTHLY RENT _$79 00_
E-MAIL ADDRESS _____

| RENT & FEE SCHEDULE | | |
|---|---|---|
| LATE FEE(S) _15_ | RETURN CHECK FEE | $25 |
| PRE LIEN FEE $20 | BILLING FEE | N/A |
| LIEN FEE $20 | ADMIN. FEE | $20 |
| LIEN SALE FEE $50 | GATE FEE IF AFTER 7PM | $100 |

RENT DISCOUNT
(CONTINGENT ON RENT BEING PAID ON TIME)
_1 month 1/2 payment_

# NO RENT REFUNDS

1. **THESE FACILITIES ARE OPERATED IN ACCORDANCE WITH THE CALIFORNIA SELF-STORAGE FACILITY ACT. (SEE PARAGRAPH 8 BELOW).**

2. **PREMISES:** LESSOR hereby leases to LESSEE, and LESSEE rents from LESSOR, on the terms and conditions herein set forth, the self-storage space described above or the vehicle space described above, herein called "the premises." The premises shall be used solely for the purpose of storage pursuant to the terms and conditions of this agreement and for no other purpose whatsoever (See paragraphs 10, 11, 12 and 13 below).

3. **TERM:** The term of this agreement shall commence on the date set forth above and continue on a month to month basis as noted above; provided, however, that the term of this agreement shall be automatically extended on the same terms and conditions; for similar succeeding periods at the stated rent unless and until LESSEE has removed his property from the premises and given notice thereof to LESSOR. LESSOR may terminate this agreement with or without cause as of the end of any storage term, and LESSOR may terminate this agreement for reasonable cause at any time by giving LESSEE written notice thereof at least 24 hours prior to the termination date (and giving any unearned rental).

4. **RENTAL:** LESSEE agrees to pay to LESSOR as rental for the premises the sum of money set forth in the rent schedule above; provided, however, that all rental rates shall be subject to change upon 30 days written notice to LESSEE< and at the expiration of such 30-day period, the new rental rate shall thereupon be effective if set forth in this agreement. All rental is payable in advance and shall be due on the 1st day of each month. Partial tenders of rent and fees shall not be accepted as payment. Rental payments are not refundable.

5. **SERVICE CHARGES; DEPOSITS:** It is expressly understood and agreed the LESSOR is not required to nor does LESSOR send out monthly statements or reminders of rental due dates. Notification will only be given when rent is delinquent. After the 10th day, following each rent due date of this Agreement, payment is delinquent and late fees shall be applied as follows: a) if your monthly rent is $60.00 or less, your late fee will be $10.00. b) If your monthly rent is greater than $60.00 but less than $100.00, your late fee will be $15.00. c) If your monthly rent is greater than $100.00, but less than $139.00, your late fee will be $20.00/ d) If your monthly rent is greater than $139.00, your late fee will be $25.00. Such charge is due without prior notice as additional rental.
Notwithstanding the service charge, time is of the essence and in the event any rental is due and unpaid, the LESSOR may terminate this agreement by reason of default in the payment of rent. The security deposit, if any, paid by LESSEE to the LESSOR shall not be applied as rent, and LESSOR is not required to segregate such security deposit from other funds; provided however Lessor may deduct therefrom, at Lessor's option, any unpaid charges, damages or rent. The security deposit is refundable upon LESSEE's removing his property from the premises in a timely fashion at the expiration of the term hereof, leaving the premises in a neat and orderly conditions with ordinary wear and tear excepted, and having met all other terms and conditions of this agreement. Deposit will be returned by U.S. Mail. Other charges will apply as set forth in the rent schedule according to the Self Storage Facility Act (see paragraph #8).

6. **INSPECTION:** LESSEE has been afforded an opportunity to inspect the premises and the project property, and acknowledges and agrees that the premises and the common areas of the project, including the safety and security thereof, are satisfactory for LESSEE's intended uses of the premises or the common areas of the project and that all storage unit sizes are approximate. LESSEE shall be entitled to access to the premises and the common areas of the project only during such hours and on such days as are regularly posted at the project. LESSOR shall not be deemed to, either expressly or impliedly, provide any security or protection to LESSEE's property. Any security devices which LESSOR may maintain are for the protection of LESSOR's investment, including but not limited to building and equipment. LESSOR may discontinue their use at any time without notice.

7. **AGREEMENT READ, COPY RECEIVED AND INCORPORATION OF PROVISIONS ON REVERSE SIDE:** LESSEE acknowledges that he has read, is familiar with, and agrees to all of the terms and conditions of this agreement including the provisions printed on the reverse side of this lease, and LESSOR and LESSEE agree that all such provisions constitute a material part of this agreement and are hereby incorporated by reference, including the reviewing of all underlined items. LESSEE acknowledges receipt of a true and exact copy of this agreement.

8. **NO BAILMENT CREATED:** This agreement does not create a bailment, but is an agreement concerning the use and occupancy of self-storage facility only. LESSEE agrees that this agreement is governed by the provisions of the "California Self Service Storage Facility Act" contained in California Business and Professions Code Section 21700 et seq. (the "Act"). LESSEE acknowledges and agrees that LESSEE's property will be subject to a claim of lien by LESSOR and may be sold to satisfy the lien if the rent or other charges due remain unpaid for fourteen (14) consecutive days, and that such action is authorized by the Act. LESSEE acknowledges and agrees that if a preliminary lien notice has been sent as required by the Act, and the total sum due has not been paid as of the date specified in the preliminary lien notice, LESSOR may deny LESSEE access to the premises, enter the premises, and remove any property found therein to a place of safe keeping. A full copy of the Act is on file in LESSOR's main business office or LESSEE may obtain a copy from any public library or attorney's office. Enforcement of such lien rights by LESSOR shall not constitute an election of remedies, and LESSOR may, after sale, pursue LESSEE for delinquent rent, damages, attorney's fees, and any other damages suffered from the proceeds of a sale of LESSEE's property. Section 21703 of the Act requires that LESSOR must simultaneously send a notice to LESSEE and to LESSEE's alternative person when rent remains unpaid for fourteen (14) or more consecutive days. The fees posted in the rent schedule shall be applied upon the mailing of each required legal notice.

8a. **VEHICLE OR VESSEL STORAGE:** If storing a vehicle or vessel, LESSEE understands and agrees that if the rent set forth herein remains unpaid for sixty (60) consecutive days, LESSOR has the right to cause said vehicle or vessel to be removed from the premises and to be sold or disposed of by another party, subject to lien sales procedures in accordance with Sections 3071, 3072 or Civil Code and Sections 501, 504 or Harbors and Navigation Code.

**( CONTINUED ON OTHER SIDE )**

IN WITNESS WHEREOF, THE PARTIES HERETO HAVE EXECUTED THIS AGREEMENT THE DAY AND YEAR FIRST ABOVE WRITTEN.

LESSOR / OWNER / OWNERS REPRESENTATIVE                    LESSEE / OCCUPANT

BY _____                                                _John DeLeon_
Owner/Agent

LESSEE GRANTS ACCESS TO: _____
AND _____

LESSEE'S INITIAL _____                    LESSEE'S INITIAL _____

EXHIBIT
**1**

**9. NON-LIABILITY OF LESSOR FOR DAMAGES; INSURANCE OBLIGATION OF LESSEE; NON-LIABILITY OF OWNER FOR LESSEE'S POSSESSIONS:** LESSOR exercises neither care, custody, nor control over tenant stored property. LESSEE stores good without LESSOR'S knowledge, supervision or control. It is specifically agreed that LESSOR assumes no liability associated with the kind, quality or value of the goods stored by LESSEE pursuant to this agreement. LESSEE agrees that in no event shall the aggregate value of all personal property stored pursuant to this agreement be deemed to exceed $5,000.00 (five thousand dollars) without prior written consent of the Owner. Nothing herein shall constitute any agreement or admission by the LESSOR that LESSEE's property has any value, nor shall anything herein alter the release of LESSOR's liability. This agreement is made on the express condition that LESSOR is to be free from all liability and claim from damages by reason of injury of any kind to any person, including LESSEE or property of any kind whatsoever and to whomever belonging, including LESSEE, from any cause or causes whatsoever while in, upon or in any way connected with the premises during the term of this agreement or any extension hereof, except injuries caused by an affirmative act of LESSOR or LESSOR's agent, and LESSEE hereby agrees to hold LESSOR harmless from any liability, loss, cost (including, without limitation, attorney's fees) or obligation on account of or arising out of any such injuries or losses however occurring, and LESSEE agrees that LESSOR'S liability for damage occasioned by it or its agent shall be limited to the sum of $100.00. LESSEE agrees to maintain or secure fire, extended coverage and comprehensive liability insurance covering the fully insurable value of goods stored on the premises. Customer storage insurance is available for optional purchase by LESSEE. A brochure covering insurance is available in the rental office. Security for all vehicles is the sole responsibility of LESSEE.

**10. COMPLIANCE WITH LAW:** The storage of welding, flammable, explosive, corrosive or other inherently dangerous material is prohibited. LESSEE shall not store in the premises any items which shall be in violation of any order or requirement imposed by any Board of Health, Sanitary Department, Police Department or other government or governmental agency or in violation of any other legal requirements or do any act or cause to be done any act which creates or may create a nuisance.

**11. HAZARDOUS MATERIAL / TOXIC WASTE:** LESSEE agrees that he/she shall not at any time store, deliver or maintain on the premises any hazardous or toxic material, including but not limited to gasoline, diesel fuel, paint thinners, paint, insecticides, poisons, mineral spirits or any other material classified or designated as hazardous or toxic waste under the provisions of the applicable codes and statutes of the State of California or the state in which this agreement is procured. The costs of removal, cleanup, disposal or handling of any hazardous or toxic material stored on or abandoned on the premises shall be borne by the LESSEE, including all legal costs and attorney fees. LESSEE shall be responsible for all damages of any type created by the storage of hazardous or toxic materials including all attorney's fees and court costs associated with the LESSEE's violation of this agreement.

**12. USE AND ALTERATIONS:** LESSEE shall not make or allow any alterations to the premises. The premises shall be used for storage purposes only as to those items approved for such storage by LESSOR, such as merchandise, materials, supplies, equipment, boats and campers owned by LESSEE, and for no other use. All property stored shall be wholly owned by LESSEE. LESSEE agrees to comply with the rules and regulations of LESSOR, and further agrees that LESSOR shall have the continuing right to amend such rules and regulations from time to time as LESSOR in his sole discretion shall deem proper, and LESSEE agrees to comply with such amendments within a reasonable time following notification of such amendments.

**13. WASTE, QUIET CONDUCT, MAINTENANCE:** LESSEE shall not commit or allow to be committed, any waste upon the premises or in any building or property adjacent to the premises, nor shall LESSEE use the premises for any business use or purpose or in any manner deemed by LESSOR to be disreputable or hazardous. LESSEE shall take good care of the premises and shall repair any damage, whether to the interior and/or exterior of the premises, necessitated or occasioned by the act or neglect of LESSEE or any agent of LESSEE or other person for whose acts LESSEE is responsible.

**14. LOCKS:** LESSEE shall supply his own lock to the premises. LESSOR shall not at any time be in possession of a key for LESSEE's lock. LESSEE shall not put more than one lock on his unit at any time. LESSOR has the right, as it deems necessary, to remove such lock by cutting or other means, to gain entry to the premises under paragraph 16 below. LESSOR shall not be held liable for replacement of any lock that is damaged by forced entry by the LESSOR under provisions of paragraph 16 below.

**15. ABANDONMENT OF LESSEE'S PROPERTY:** Any property which shall remain on the premises after the expiration or termination of this agreement shall be deemed to have been abandoned, and may be sold or disposed of as provided by law. If such property or any part thereof shall be sold, LESSOR may receive and retain the proceeds of such sale and apply the same, at its option, against the expense of the sale, the cost of moving and storage. Any arrears of rent or additional rent payable hereunder and any damages to which LESSOR may be entitled.

**16. LESSOR'S RIGHT OF ENTRY:** If any default shall be made in any of the covenants herein contained or if LESSEE shall abandon the premises, LESSOR may enter the premises and remove all property therefrom, in which event this agreement shall terminate, without prejudice to LESSOR's right to recover rent due and unpaid through the date of such entry, damages in respect of any default under this lease, and such other amounts as may be recoverable pursuant to law. In the event of a breach of this agreement or abandonment of the premises by LESSEE prior to the expiration of the agreement, LESSOR may, at its option, determine and to immediately terminate this agreement, in which event the agreement shall continue in effect and LESSOR may enforce all of its rights and remedies under this agreement. LESSEE agrees that LESSOR and LESSOR's agents and other representatives shall have the right to enter into and upon the premises or any part thereof, at all reasonable hours for the purpose of examining the same or making such repairs or alterations therein as may be necessary or at any time as may be necessary in a situation which is deemed, in LESSOR's sole discretion, to be an emergency.

**17. ALARM SYSTEMS:** If the door to LESSEE's unit is alarmed, then LESSEE acknowledges and understands that LESSOR is not an insurer, that insurance coverage for the loss of LESSEE's personal property, goods, equipment, personal effects, merchandise, and inventory ("LESSEE's Property") shall be obtained by LESSEE, at LESSEE's sole election and cost, that the rent herein provided is based on factors such as the cost to LESSOR of the land and construction of improvements and is unrelated to the value or amount of any potential loss, damage or injury, or the value of LESSEE's Property, that LESSOR makes no guaranty or warranty, including any implied warranty of merchantability or fitness, that the alarm system will avert occurrences or the consequences therefrom which the alarm system is designed to detect or avert. LESSEE acknowledges that it is impractical and extremely difficult to fix the actual damages, if any, which may result from the failure of the alarm system to properly operate with the resulting loss to LESSEE because of, among other things: (a) the uncertain amount or value of LESSEE's Property kept in LESSEE's Space which may be lost, stolen, destroyed, damaged or otherwise affected by occurrences which the alarm system is designed to detect or avert; (b) the uncertainty of the response of the police, fire department or security personnel in the event of an alarm; (c) the inability to ascertain what portion, if any, of any loss would be proximately caused by LESSOR's failure to monitor and/or respond to the alarm system; (d) LESSOR's inability to control the nature or value of LESSEE's Property stored in the Space; (e) the fact that the alarm system was designed by persons or entities other than LESSOR; (f) the limitation of the alarm system in its ability to detect violations and tampering, including but not limited to that driving from its nature as an unsupervised closed-loop system.

LESSEE understands and agrees that if LESSOR shall be found liable for loss, damage or injury due to failure of LESSOR to perform or the failure of the alarm system or equipment in any respect whatsoever, LESSOR's liability shall be limited to a sum equal to the lesser of (i) the value of LESSEE's property stored in the Space damaged or lost or (ii) the sum of Two Hundred Fifty Dollars ($250) as liquidated damages and not as a penalty. Such liability shall be exclusive in that the provisions of this Rider shall apply if loss, damage or injury, irrespective of cause or origin, results directly or indirectly to LESSEE from the performance or non-performance or from the conduct or negligence, active or otherwise, of LESSOR, its agents, assigns or employees.

If LESSEE elects to purchase insurance, it shall be evidenced in writing by a copy of an insurance Rider attached to the Lease agreement signed by LESSEE. Rider shall in no way be interpreted to hold LESSOR an insurer. It shall be the LESSEE's responsibility to keep the insurance in force. LESSEE may obtain insurance from an insurer of their choice should LESSEE elect not to take insurance made available by LESSOR. If LESSEE wishes to insure his property for more than amount of the liquidated damages set forth above, the LESSEE shall purchase an insurance policy in the amount of insurance desired by LESSEE.

**18. NO WARRANTIES:** LESSOR hereby disclaims any implied or express warranties, guarantees or representations of the nature, conditions, safety or Security of the premises and LESSEE hereby acknowledges as provided in paragraph 6 above that LESSEE has inspected the premises and hereby acknowledges and agrees that LESSOR does not represent or guarantee the safety or security of the premises or of any property stored therein. LESSOR makes no representations concerning the driveway, fences, gates or lighting on or about the premises. This agreement sets forth the entire agreement of the parties with respect to the subject matter hereof and supersedes all prior agreements or understandings with respect thereto. No representative of LESSOR is authorized to make any representations or warranties on behalf of LESSOR.

**19. ACCEPTANCE OR PAYMENT OF RENT:** In the event of a default by LESSEE, LESSEE agrees that (a) the tender of the rental by LESSEE and the acceptance thereof by LESSOR, if not the full amount due or (b) the allowing of LESSEE to remove his personal property from the premises, after the delivery of a preliminary lien notice or during the pendency of an unlawful detainer action, shall not constitute a waiver of the preliminary lien notice, the notice of termination nor shall it reinstate the terms and provisions of this agreement.

**20. ASSIGNMENT:** LESSEE shall not assign or sublease the premises or any portion thereon. Any attempt to assign or sublease will be void.

**21. WAIVER:** The waiver by either party of any breach of any term, covenant or condition herein contained shall not be deemed to be a waiver of such term, covenant or condition upon any subsequent breach of the same term, covenant or condition. Any subsequent acceptance of performance shall not be deemed to be a waiver of any preceding breach of any term, covenant or condition of this agreement, other than the failure to perform the particular duties subsequently accepted, regardless of knowledge of such preceding breach at the time of acceptance of such performance.

**22. ATTORNEYS' FEES AND COSTS:** In the event any action be instituted or other proceedings taken to enforce any covenant herein contained or to recover any rent due or to recover possession of the premises for any default or breach of this agreement, the prevailing party shall be entitled to recover from the other party reasonable attorneys' fees, costs and expenses.

**23. SUCCESSORS:** All the provisions shall apply to the heirs, executors, representatives, successors and assigns of LESSEE and LESSOR.

**24. NUMBER AND GENDER:** Wherever the context of this agreement appears to require it, the singular number shall include the plural, and vice versa, and the masculine gender shall include the feminine and/or neuter genders, and vice versa.

**25. CONSTRUCTION:** This Agreement has been reviewed and negotiated and its terms and provisions explained to LESSEE. Accordingly, this agreement shall not be construed for or against either LESSOR or LESSEE.

**26. SEVERABILITY:** In the event that any of the provisions of portions thereof of this agreement are held to be unenforceable, invalid, void or illegal by any court of competent jurisdiction, the validity, legality and enforceability of the remaining provisions hereof shall not be affected or impaired thereby.

**27. NOTICES:** The address given herein by LESSEE shall remain his address for all notices until LESSEE notifies LESSOR in writing of any change. All notices required to be given hereunder or in any legal action are to be sent to the recipient's address set forth on page 1.

**28. CALIFORNIA ACCESSIBILITY NOTICE:** This Self Storage facility has not undergone inspection by a Certified Access Specialist (CASp)

Customers Receipt No:

**1020337-00005023-00025439**

JOHN DELEON

5828 FAIRBAIRIN DR.

NORTH HIGHLANDS, CA 95660

Monday - 3/23/2015 - 4:03:32 PM

TIGER SELF STORAGE 1, 1020337

2718 Q ST

NORTH HIGHLANDS, CA 95660

(916) 332-3612

| ROOM | DESCRIPTION | THRU | PAID | AMOUNT |
|---|---|---|---|---|
| E044 | (1) - DISC LOCK | | ✓ | $9.99 |
| E044 | 10X10X8 DRIVE UP 1 OUTSIDE NON-CLIMATE | 4/22/2015 | ✓ | $79.00 |
| E044 | ADMINISTRATIVE FEE | 4/22/2015 | ✓ | $20.00 |
| E044 | GA $2,000 COVERAGE | 4/22/2015 | ✓ | $8.00 |
| E044 | 3 MONTHS 1/2 OFF SPAREFOOT | 4/22/2015 | ✓ | ($39.50) |

Paid Total: $77.49
Unpaid Total: $0.00
Retail Tax : $0.87
Tax 0%: $0.00
Fee Total: **$78.36**

••••••••••••••••3214 VISA    $78.36
Auth Code: 057809
Payment Total: **$78.36**

Account Balance: **$0.00**

I hereby expressly authorize TIGER SELF STORAGE 1 to charge my credit card, debit card, or bank account (eCheck) as stated on this receipt.

X _____    X _____

Customer's Signature        Employee's Signature (TINA)

**Thank you for being a Premier Customer Club member!**
Next time make your payment online at www.emove.com.
NO DRIVING. NO MAILING. NO HASSLE.

**EXHIBIT 2**

Customers Receipt No:                                                    Saturday - 4/25/2015 - 1:03:49 PM
**1020337-00005023-00000000**
JOHN DELEON                                                              TIGER SELF STORAGE 1, 1020337
5828 FAIRBAIRIN DR                                                                          2718 Q ST
NORTH HIGHLANDS, CA 95660                                           NORTH HIGHLANDS, CA 95660
                                                                                         (916) 332-3612

| ROOM | DESCRIPTION | THRU | PAID | AMOUNT |
|------|-------------|------|------|--------|
| E044 | 10X10X8 DRIVE UP 1 OUTSIDE NON-CLIMATE | 5/22/2015 | ✔ | $79.00 |
| E044 | GA $2,000 COVERAGE | 5/22/2015 | ✔ | $8.00 |
| E044 | 3 MONTHS 1/2 OFF SPAREFOOT | 5/22/2015 | ✔ | ($39.50) |

|  |  |
|--|--|
| Paid Total: | $47.50 |
| Unpaid Total: | $0.00 |
| Tax 0%: | $0.00 |
| **Fee Total:** | **$47.50** |
| CASH | $47.50 |
| **Payment Total:** | **$47.50** |
| **Account Balance:** | **$0.00** |

I hereby expressly authorize TIGER SELF STORAGE 1 to charge my credit card, debit card, or bank account (eCheck) as stated on this receipt.

X _____        X _____

Customer's Signature                         Employee's Signature (TAMARA)

---

**Thank you for being a Premier Customer Club member!**
Next time make your payment online at www.emove.com.
NO DRIVING. NO MAILING. NO HASSLE.

EXHIBIT
**3**

Customers Receipt No:                                              Tuesday - 5/26/2015 - 10:48:31 AM
**1020337-00005023-00000000**
JOHN DELEON                                                       TIGER SELF STORAGE 1, 1020337
5828 FAIRBAIRIN DR.                                                              2718 Q ST
NORTH HIGHLANDS, CA 95660                                         NORTH HIGHLANDS, CA 95660
                                                                              (916) 332-3612

| ROOM | DESCRIPTION | THRU | PAID | AMOUNT |
|------|-------------|------|------|--------|
| E044 | 10X10X8 DRIVE UP 1 OUTSIDE NON-CLIMATE | 6/22/2015 | ✓ | $79.00 |
| E044 | GA $2,000 COVERAGE | 6/22/2015 | ✓ | $8.00 |
| E044 | 3 MONTHS 1/2 OFF SPAREFOOT | 6/22/2015 | ✓ | ($39.50) |

|  |  |
|--|--|
| Paid Total: | $47.50 |
| Unpaid Total: | $0.00 |
| Tax 0%: | $0.00 |
| Fee Total: | $47.50 |
|  |  |
| CASH | $47.50 |
| Payment Total: | $47.50 |
|  |  |
| Account Balance: | $0.00 |

I hereby expressly authorize TIGER SELF STORAGE 1 to charge my credit card, debit card, or bank account (eCheck) as stated on this receipt.

X _____                    X _____
Customer's Signature                         Employee's Signature (TINA)

---

**Thank you for being a Premier Customer Club member!**
Next time make your payment online at www.emove.com.
NO DRIVING. NO MAILING. NO HASSLE.



TIGER SELF STORAGE 1
2718 Q ST
NORTH HIGHLANDS, CA 95660
Phone :(916)332-3612

Date: 7/9/2015

**PRELIMINARY LIEN NOTICE**

JOHN DELEON
5828 FAIRBAIRIN DR
NORTH HIGHLANDS, CA  95660

Dear JOHN DELEON,

We have not received your monthly payment for storage room #E044. The rent was due on 6/23/2015.

Your rent is now over 14 days past due. An additional $20 preliminary lien fee has been charged to your account.

If you have not already sent payment, please send your payment today, in the form of a money order, credit card, or cash. Checks are not accepted when an account is in pre-lien status.

We hereby make immediate demand for full payment in the amount of $122.00. If full payment is not received your rights to use storage room #E044 shall be terminated. A $20.00 inventory fee will be assessed. The contractual landlord's lien and any applicable statutory liens will be imposed on the personal property contained within the room.

Please send your payment in the form of cash, cashier's check, or a money order today.

Sincerely,


TIGER SELF STORAGE 1

**Account Summary - Room #:   E044**

| | | | Item | Amount |
|---|---|---|---|---|
| Monthly Rent | : | $79.00 | Rent | $79.00 |
| Date Of Last Payment | : | May 26 2015 | Delinquent Fees | $35.00 |
| Amount Of Last Payment | : | $47.50 | Services | $8.00 |
| Payment Due Date | : | Jun 23 2015 | | |
| Rent Paid-Thru Date | : | Jun 22 2015 | Current Balance | $122.00 |



Logout      About Us      Contact Us

Home       Personal Information

## Payment History

| From | To | Show Type | Order | Show Rooms |
|------|-----|-----------|-------|------------|
| 03/01/2015 | 8/29/2015 | ALL | Ascending | ALL |



## Balance Due:
## $331.00

| Paid | Due | Unit | Description | Charge | Payment(s) | Balance |
|------|-----|------|-------------|--------|------------|---------|
| ✔ | 3/23/2015 - 4/22/2015 | E044 | RENT | $79.00 | | **$79.00** |
| ✔ | 3/23/2015 - 4/22/2015 | E044 | ADMINISTRATIVE FEE | $20.00 | | **$99.00** |
| ✔ | 3/23/2015 - 4/22/2015 | E044 | GA $2,000 COVERAGE | $8.00 | | **$107.00** |
| ✔ | 3/23/2015 - 4/22/2015 | E044 | 3 MONTHS 1/2 OFF SPAREFOOT | ($39.50) | | **$67.50** |
| ✔ | 3/23/2015 | E044 | DISC LOCK | $10.86 | | **$78.36** |
| | 3/23/2015 | | VISA | | ($78.36) | $0.00 |
| ✔ | 4/23/2015 - | E044 | RENT | $79.00 | | **$79.00** |

Payment History                                    https://emove.com/L   mcr/contracts/15539015/payments/?StartDat...

| Paid | Due | Unit | Description | Charge | Payment(s) | Balance |
|---|---|---|---|---|---|---|
| | 5/22/2015 | | | | | |
| ✔ | 4/23/2015 - 5/22/2015 | E044 | GA $2,000 COVERAGE | $8.00 | | $87.00 |
| ✔ | 4/23/2015 - 5/22/2015 | E044 | 3 MONTHS 1/2 OFF SPAREFOOT | ($39.50) | | $47.50 |
| | 4/25/2015 | | CASH | | ($47.50) | $0.00 |
| ✔ | 5/23/2015 - 6/22/2015 | E044 | RENT | $79.00 | | $79.00 |
| ✔ | 5/23/2015 - 6/22/2015 | E044 | GA $2,000 COVERAGE | $8.00 | | $87.00 |
| ✔ | 5/23/2015 - 6/22/2015 | E044 | 3 MONTHS 1/2 OFF SPAREFOOT | ($39.50) | | $47.50 |
| | 5/26/2015 | | CASH | | ($47.50) | $0.00 |
| | 6/23/2015 - 7/22/2015 | E044 | RENT | $79.00 | | $79.00 |
| | 6/23/2015 - 7/22/2015 | E044 | GA $2,000 COVERAGE | $8.00 | | $87.00 |
| | 6/23/2015 | E044 | 1ST STAGE DEL (POSTED JUL) | $15.00 | | $102.00 |
| | 6/23/2015 | E044 | 2ND STAGE DEL (POSTED JUL) | $20.00 | | $122.00 |
| | 7/23/2015 - 8/22/2015 | E044 | RENT | $79.00 | | $201.00 |
| | 7/23/2015 - 8/22/2015 | E044 | GA $2,000 COVERAGE | $8.00 | | $209.00 |
| | 7/23/2015 | E044 | 3RD STAGE DEL (POSTED JUL) | $0.00 | | $209.00 |
| | 7/23/2015 | E044 | LIEN STAGE (POSTED JUL) | $20.00 | | $229.00 |
| | 8/20/2015 | E044 | Fee: LOCK CUT FOR AUCTION FEE | $15.00 | | $244.00 |

8/29/2015 3:22 PM

Payment History                                    https://emove.com/t         mer/contracts/15539015/payments/?StartDat...

| Paid | Due | Unit | Description | Charge | Payment(s) | Balance |
|------|-----|------|-------------|--------|------------|---------|
| | 8/23/2015 – 9/22/2015 | E044 | RENT | $79.00 | | $323.00 |
| | 8/23/2015 – 9/22/2015 | E044 | GA $2,000 COVERAGE | $8.00 | | $331.00 |

✔ = Paid   ➖ = Removed / Voided Charge

Copyright © 2013 eMove Inc. All rights reserved.
Copyright © 2015 U-Haul International Inc. All rights reserved.

         Select Language ▼

| | | | |
|---|---|---|---|
| Self Storage in Alabama | • Self Storage in Indiana | • Self Storage in Nevada | • Self Storage in Pennsylvania |
| Self Storage in Alaska | • Self Storage in International | • Self Storage in New Brunswick | • Self Storage in Prince Edward Island |
| Self Storage in Alberta | • Self Storage in Iowa | • Self Storage in New Hampshire | • Self Storage in Québec |
| Self Storage in Arizona | • Self Storage in Kansas | • Self Storage in New Jersey | • Self Storage in Rhode Island |
| Self Storage in Arkansas | • Self Storage in Kentucky | • Self Storage in New Mexico | • Self Storage in Saskatchewan |
| Self Storage in British Columbia | • Self Storage in Louisiana | • Self Storage in New York | • Self Storage in South Carolina |
| Self Storage in California | • Self Storage in Maine | • Self Storage in Newfoundland | • Self Storage in South Dakota |
| Self Storage in Colorado | • Self Storage in Manitoba | • Self Storage in North Carolina | • Self Storage in Tennessee |
| Self Storage in Connecticut | • Self Storage in Maryland | • Self Storage in North Dakota | • Self Storage in Texas |
| Self Storage in Delaware | • Self Storage in Massachusetts | • Self Storage in Northwest Territories | • Self Storage in Utah |
| Self Storage in District of Columbia | • Self Storage in Michigan | • Self Storage in Nova Scotia | • Self Storage in Vermont |
| Self Storage in Florida | • Self Storage in Minnesota | • Self Storage in Nunavut | • Self Storage in Virginia |
| Self Storage in Georgia | • Self Storage in Mississippi | • Self Storage in Ohio | • Self Storage in Washington |
| Self Storage in Hawaii | • Self Storage in Missouri | • Self Storage in Oklahoma | • Self Storage in West Virginia |
| Self Storage in Idaho | • Self Storage in Montana | • Self Storage in Ontario | • Self Storage in Wisconsin |
| Self Storage in Illinois | • Self Storage in Nebraska | • Self Storage in Oregon | • Self Storage in Wyoming |

8/29/2015 3:22 PM

# 1 st American Self Storage Rental Agreement

**2928 Scotland Drive, Antelope, CA 95843  (916) 339-0033**

NOTICE:  YOUR STORED PROPERTY WILL BE SUBJECT TO A CLAIM OF LIEN FOR UNPAID RENT AND OTHER CHARGES AND MAY BE SOLD TO SATISFY THE LIEN IF THE RENT OR OTHER CHARGES DUE REMAIN UNPAID FOR FOURTEEN (14) CONSECUTIVE DAYS.  THIS LIEN AND ITS ENFORCEMENT IS AUTHORIZED BY CHAPTER 10 (COMMENCING WITH SECTION 21700) OF THE CALIFORNIA BUSINESS AND PREFESSIONS CODE.

CODE # 357 9x56
SS#
DL# 3357 9x56

THIS AGREEMENT is executed in duplicate on this _____ day _____ of 20_5 between Lessor/Owner and

### LESSEE / OCCUPANT
NAME _____
STREET _____ Fountain Dr
CITY _____
STATE CA   ZIP 95660
RES. PHONE ( 916 ) 607-2830
BUS. PHONE _____

### ALTERNATE PERSON FOR NOTICE
NAME Stephanie Deleon
STREET _____
CITY Same   STATE _____ ZIP _____
RES. PHONE ( 916 ) 679-2690
BUS. PHONE _____
IF ALTERNATE REFUSED
LESSEE SIGN HERE: _____

SPACE # 192
APPROX. SIZE _____
MONTHLY RENT _____
E-MAIL ADDRESS _____

### RENT & FEE SCHEDULE

| | | | |
|---|---|---|---|
| LATE FEE(S) | 15 | RETURN CHECK FEE | $25 |
| PRE LIEN FEE | $20 | BILLING FEE | N/A |
| LIEN FEE | $20 | ADMIN. FEE | _____ |
| LIEN SALE FEE | $50 | GATE FEE IF AFTER 7PM | $100 |

### RENT DISCOUNT
(CONTINGENT ON RENT BEING PAID ON TIME)

## MAKE PAYMENTS TO 1ST AMERICAN SELF STORAGE

1st American Self Storage, hereinafter Owner, rents to Occupant the storage space indicated above pursuant to the following terms and conditions:

**TERM:** The term of the tenancy shall commence on the date indicated above and shall continue until terminated on a month-to-month basis.  The minimum rental term is one month.

**RENT:**  The rent shall be the amount stated above and paid to Owner at the address stated above.  Rent is due each month on the rent due date in advance and without demand.  Owner reserves the right to require that rent and other charges be paid in cash, certified check or money order.  Owner may change the monthly rent or other charges by giving Occupant fifteen (15) days advanced written notice by first-class mail at the address stated in this agreement.  The new rent shall become effective on the next date rent is due.  If Occupant has made advanced rental payments, the new rent will be charged against such payments, effective upon giving notice of the new rate.  If rent is not paid on or by the end of the business day of your due date you will lose the discount amount for that particular month.  Your discount will be reinstated once the rental balance is paid in full.

**PARTIAL RENT PAYMENTS:** Owner, at Owner's sole discretion, may accept or reject partial rent payments.  Acceptance of partial payments of rent by Owner shall not constitute a waiver of Owner's rights and Occupant understands and agrees that acceptance of a partial rent payment made to cure a default for non-payment of rent shall not delay or stop foreclosure on Occupant's stored property as provided by the California Self-service Storage Facility Act.

**CHANGE OF ADDRESS:** Occupant's must provide address changes to Owner in writing.  Such change will become effective when received by Owner.  It is Occupant's responsibility to verify that Owner has received and recorded the requested change of address.

**ADMINISTRATION FEE:** Occupant agrees to pay the indicated non-refundable administration fee.

**LATE FEES AND OTHER CHARGES:** Occupant agrees to pay Owner the indicated late fee if rent is received ten (10) or more days after the due date.  Occupant will pay Owner the indicated fee for each letter sent to Occupant notifying Occupant of the default.  Occupant agrees to pay Owner the indicated bad check charge plus all bank charges for any dishonored check.  These fees are considered additional rent and are to compensate Owner for labor and other costs of collection.  In the event of default, Occupant agrees to pay all collection and lien costs incurred by Owner.
Late rent charge (if not received within 10 days of due date) $10-$20 or 15% of the rent whichever is greater
Preliminary Lien Charge (if not paid within 15 days of due date)  $15.00          Cut Lock Charge $50
Notice of Lien Charge   $20.00 (if not paid within 30 days of due date)          Advertising Charge $66 (or as documented)
Motor Vehicle Lien Fee $100.00          Any other foreclosure charges (as documented)
Abandoned Personal Property $100 plus cost of disposal          Dishonored check charge $25.00
After Hours Gate Fee: $100 If you are inside the facility after 9pm you will be charged $100.

**DENIAL OF ACCESS:** When rent or other charges remain unpaid for ten (10) consecutive days, Owner may deny Occupant access to the storage space.

Do not sign this agreement until you have read it, including the provision on the other side, and fully understand it.  This agreement limits the Owner's liability for loss of or damage to your stored property.  If you have any questions concerning its legal effect, consult your legal advisor.

_____ 
Occupant Signature

_____ 
On Behalf of Owner

9-5-15
Date

_____ 
Date

**EXHIBIT
7**

**TERMINATION:** Thirty (30) days advanced writ.....ce given by Owner or Occupant to the other party will term     this tenancy. Owner does not prorate rent. NO RENT REFUNDS. Occupant must leave the space broom clean and in good condition. Occupant is responsible for all damages.

**USE OF STORAGE SPACE:** Owner is not engaged in the business of storing goods for hire and no bailment is created under this agreement. Owner exercises neither care, custody nor control over Occupant's stored property. Occupant agrees to use the storage space only for the storage of property wholly owned by Occupant. Occupant shall not store antiques, artworks, heirlooms, collectibles or any property having special or sentimental value to Occupant. Occupant waives any claim for emotional or sentimental attachment to the stored property. Occupant agrees not to store property with a total value in excess of $5,000 without the written permission of the Owner. If such written permission is not obtained, the value of Occupant's property shall be deemed not to exceed $5,000. Nothing herein shall constitute any agreement or admission by Owner that Occupant's stored property has any value, nor shall anything alter the release of Owner's liability set forth below.

**HAZARDOUS OR TOXIC MATERIALS PROHIBITED:** Occupant is strictly prohibited from storing or using materials in the storage space or on the facility classified as hazardous or toxic under any local, state or federal law or regulation, and from engaging in any activity which produces such materials. Occupant's obligation of indemnity as set forth below specifically includes any costs, expenses, fines or penalties imposed against the Owner, arising out of the storage or use of any hazardous or toxic material by Occupant, Occupant's agents, employees, invitees or guests. Owner may enter the storage space at any time to remove and dispose of prohibited items.

**INSURANCE:** Occupant, at Occupant's expense, shall maintain a policy of fire, extended coverage endorsement, burglary, vandalism and malicious mischief insurance for the actual cash value of stored property. Insurance on Occupant's property is a material condition of this agreement and is for the benefit of both Occupant and Owner. Failure to carry the required insurance is a breach of this agreement and Occupant assumes all risk of loss to stored property that would be covered by such insurance. Occupant expressly agrees that the insurance company providing such insurance shall not be subrogated to any claim of Occupant against Owner. Owner's agents or employees for loss of or damage to stored property.

**RELEASE OF OWNER'S LIABILITY FOR PROPERTY DAMAGE:** All personal property stored within or upon the storage space by Occupant shall be at Occupant's sole risk. Owner and Owner's agents and employees shall not be liable for any loss of or damage to any personal property in the storage space or at the self storage facility arising from any cause whatsoever including, but not limited to, burglary, mysterious disappearance, fire, water damage, rodents, Acts of God, the active or passive acts or omissions or negligence of the Owner, Owner's agents or employees.

**RELEASE OF OWNER'S LIABILITY FOR BODILY INJURY:** Owner, Owner's agents and employees shall not be liable to Occupant for injury or death as a result of Occupant's use of the storage space or the self storage facility, even if such injury is caused by the active or passive acts or omissions or negligence of the Owner, Owner's agents or employees.

**INDEMNITY:** Occupant agrees to indemnify, hold harmless and defend Owner from all claims, demands, actions or causes of action (including attorneys' fees and all costs) that are hereinafter brought by others arising out of Occupant's use of the storage space and common areas, including claims for Owner's active negligence.

**LOCKS:** Occupant shall provide, at Occupant's own expense, a lock that Occupant deems sufficient to secure the space. If the space is found unlocked Owner may, but is not obligated to, take whatever measures Owner deems reasonable to re-secure the space, with or without notice to Occupant. Customer may only place 1 lock on the unit. If the customer has placed 2 locks, then if the unit goes late, management will cut the second lock in order to overlock said unit. Customer may NOT cut their own lock if key is lost. Bolt cutters and grinders etc are not permitted on the property. If you need your lock cut you MUST hire a license, bonded and insured locksmith and then they must check into the office during office hours and you must fill out a form with management authorizing the lock cut. Failure to do so may result in fines and suspension of gate code.

**RULES AND REGULATIONS:** Owner shall have the right to establish or change the hours of operation for the facility and to promulgate rules and regulations for the safety, care and cleanliness of the storage space or the preservation of good order on the facility. Occupant agrees to follow all rules and regulations now in effect, or that may be put into effect from time to time.
**PROPERTY LEFT IN THE STORAGE SPACE:** Owner may dispose of any property left in the storage space or on the storage facility by Occupant after they have terminated his or her tenancy. Occupant shall be responsible for paying all costs incurred by Owner in disposing of such property. The dumpster is NOT for customer use. If you leave trash outside the facility, by the dumpster etc you will be charged $100 disposal fee.
**OCCUPANT ACCESS:** Occupant's access to the storage facility may be conditioned in any manner deemed reasonably necessary by Owner to maintain order. Such measures may include but are not limited to, limiting hours of operation, requiring verification of Occupant's identity and inspecting vehicles that enter the storage facility.

**OWNER'S RIGHT TO ENTER:** Occupant grants Owner, Owner's agents or representatives of any governmental authority, including police and fire officials, access to the storage space upon three (3) days advanced written notice to Occupant. In the event of an emergency, Owner, Owner's agents or representatives of governmental authority shall have the right to enter the storage space without notice to Occupant, and take such action as may be necessary or appropriate to protect the storage facility, to comply with applicable law or enforce Owner's rights.

**NO SUBLETTING:** Occupant shall not assign or sublease the storage space without the written permission of the Owner. Owner may withhold permission to sublet or assign for any reason or for no reason in Owner's sole discretion.

**WAIVER OF JURY TRIAL:** Owner and Occupant waive their respective rights to trial by jury of any cause of action, claim, counterclaim, or cross complaint, in any action brought by either Owner against Occupant, or Occupant against Owner, or Owner's agents or employees, on any matter arising out of, or in any way connected with this rental agreement, Occupant's use of the storage space or this storage facility, or any claim of bodily injury or property loss or damage, or the enforcement of any remedy under any law, statute or regulation. This jury trial waiver is also made by Occupant on behalf of any of Occupant's agents, guests or invitees

**NOTICES:** All notices required by this rental agreement shall be sent by first class mail postage prepaid to Occupant's last known address. Notices shall be deemed given when deposited in the United States mail. Occupant agrees that any such notice is conclusively presumed to have been received by Occupant five (5) days after mailing, unless returned to Owner by the U.S. Postal Service. All statutory notices shall be sent as required by law.

**NO WARRANTIES:** No expressed or implied warranties are given by Owner. Owner's agents or employees as to the suitability of the storage space for Occupant's intended use. Owner disclaims and Occupant waives any implied warranties of suitability or fitness for a particular use.

**NO ORAL AGREEMENTS:** This rental agreement contains the entire agreement between Owner and Occupant, and no oral agreements shall be of any effect whatsoever. Occupant acknowledges that no representations or warranties have been made with respect to the safety, security or suitability of the storage space for the storage of Occupant's property, and that Occupant has made his own determination of such matters solely from inspection of the storage space and the facility. Occupant agrees that he is not relying, and will not rely, upon any oral representation made by Owner or by Owner's agents or employees purporting to modify or add to this rental agreement. Occupant understands and agrees that this agreement may be modified only in writing, signed by both parties.

**SUCCESSION:** All provisions of this rental agreement shall apply to and be binding upon all successors in interest, assigns or representatives of the parties hereto.

**ENFORCEMENT:** If any part of this rental agreement is held to be unenforceable for any reason, in any circumstance, the parties agree that such part shall be enforceable in other circumstances, and that all the remaining parts of this agreement will be valid and enforceable.

**SPACE SIZE APPROXIMATE:** Space sizes are approximate and for comparison purposes only. Spaces may be smaller than indicated in advertising or other size indicators.

**NO ALTERATIONS:** Occupant shall make no alterations to the interior or exterior of the space without the written permission of the Owner authorizing such alterations.

**PRO RATING AND REFUNDS:** Owner does not pro rate rent or issue refunds.



**SAFESTOR**
TENANT INSURANCE
*Presented by* ■▲ Ponderosa

# TENANT ACKNOWLEDGEMENT ADDENDUM

## SAFESTOR COVERAGE

- ✓ Tornado
- ✓ Smoke
- ✓ Hurricane
- ✓ Leaking Water
- ✓ Earthquake
- ✓ Explosion
- ✓ Wind
- ✓ Fire
- ✓ Hail
- ✓ Burglary
- ✓ Lightning
- ✓ Vermin

\* Please see Safestor brochure for exclusions.

This enrollment form contains only a general description of coverage and does not constitute an insurance contract.

The facility will provide you a Certificate of Insurance.

### You are responsible to have coverage for your stored items

**I understand that this storage facility does not insure my goods and is not responsible for damage or loss to my stored property.**

- I confirm that this facility has recommended that I provide proof of insurance coverage or immediately obtain coverage for my stored property.
- I confirm that Safestor Tenant Insurance has been offered.

### ☒ Yes, I want to cover my stored items with Safestor Tenant Insurance with the coverage limit selected.

- I understand that coverage is effective immediately at time of payment.
- I understand that the monthly rate to cover my stored goods is being collected by the facility and forwarded to the insurer as a courtesy.
- I understand that the storage facility is not responsible for paying my monthly premium if I fail to make payments.
- I understand that the facility may retain a portion of the monthly tenant insurance premium payment to cover the administration of the policy.

| SELECT ONE | COVERAGE LIMIT | RATE |
|---|---|---|
| ☒ | $1,000 | $7.95 |
| ☐ | $5,000 | $10.95 |
| ☐ | $10,000 | $20.95 |
| ☐ | $15,000 | $35.95 |

### ☐ No, I decline participation in Safestor Tenant Insurance.

- I understand that by declining coverage I am completely responsible for any loss or damage to any property including but not limited to: *mold, vermin, water damage, fire/smoke, tornado/hurricane, earthquake, lightning/hail, and burglary.*
- I understand that the storage facility is not responsible for loss or damage to my goods and agree to hold this storage facility harmless.
- I understand that if I have a homeowner's or renter's insurance policy it may exclude coverage for my goods stored away from my primary residence or provide only limited coverage for these items.

Insurance Company Name: _____

Type: ☐ Homeowners  ☐ Renters  ☐ Business Owners  ☐ Other _____

Policy #: _____  Deductible: _____

I acknowledge that I have read the above information and have selected the best option for me.

Customer Signature: *John DeLeon*

Print Name: *John DeLeon*

Date: *5/5/15*                Unit #: *192*

69831028(B) 05/14                                    WHITE - CUSTOMER    CANARY - FACILITY

| | | | | |
|---|---|---|---|---|
| Customers Receipt No: | | | | Tuesday - 5/5/2015 - 1:12:37 PM |
| **1029610-00000237-00000000** | | | | |
| JOHN DELEON | | | | 1st American Self Storage, 1029610 |
| 5828 FAIRBAIRN DR | | | | 2928 Scotland Dr |
| NORTH HIGHLANDS, CA 95660 | | | | Antelope, CA 95843 |
| | | | | (916) 339-9033 |

| ROOM | DESCRIPTION | THRU | PAID | AMOUNT |
|---|---|---|---|---|
| 192 | 10X10X8 DRIVE UP 1 OUTSIDE NON-CLIMATE | 6/4/2015 | ✓ | $100.00 |
| 192 | 6 MONTHS 1/2 OFF | 6/4/2015 | ✓ | ($50.00) |
| 192 | ADMINISTRATIVE FEE | 6/4/2015 | ✓ | $20.00 |
| 192 | INSURANCE $1,000 | 6/4/2015 | ✓ | $7.95 |

| | |
|---|---|
| Paid Total: | $77.95 |
| Unpaid Total: | $0.00 |
| Tax 0%: | $0.00 |
| **Fee Total:** | **$77.95** |
| CASH | $77.95 |
| **Payment Total:** | **$77.95** |
| **Account Balance:** | **$0.00** |

I hereby expressly authorize 1st American Self Storage to charge my credit card, debit card, or bank account (eCheck) as stated on this receipt.

X _____     X _____

Customer's Signature        Employee's Signature (Brandon)

---

**WHY CALL OR STAND IN LINE?**
NO DRIVING. NO MAILING. NO HASSLE.
Become a Premier Customer Club member and manage your account at www.emove.com.
Want to know how? Ask your storage representative now!
All that's needed is your email address. Join for **FREE!**

**EXHIBIT 8**

Customer Receipt #:                    Friday, June 05, 2015
**1029610-00000237-00000674**

                                    1st American Self Storage
JOHN DELEON                           2928 Scotland Dr
5828 FAIRBAIRN DR                    Antelope, CA 95843
NORTH HIGHLANDS, CA 95660            (916) 339-9033


| Room(s) | Description | Paid Through | Paid | Amount |
|---------|-------------|--------------|------|--------|
| 192 | 10X10X8 DRIVE UP 1 OUTSIDE NON-CLIMATE | 7/4/2015 | Y | $100.00 |
| 192 | 6 MONTHS 1/2 OFF | 7/4/2015 | Y | ($50.00) |
| 192 | INSURANCE $1,000 | 7/4/2015 | Y | $7.95 |

|  |  |
|--|--|
| Paid | $57.95 |
| Due | $0.00 |
| **Fee Total** | **$57.95** |

*********3222 Visa    $57.95
Auth Code: 035897

Payment(s) Total   $57.95

**Balance    $0.00**



EXHIBIT
9

Customers Receipt No:                                         Sunday - 7/5/2015 - 4:11:20 PM
**1029610-00000237-00000812**
JOHN DELEON                                           1st American Self Storage, 1029610
5828 FAIRBAIRN DR                                                      2928 Scotland Dr
NORTH HIGHLANDS, CA 95660                                           Antelope, CA 95843
                                                                       (916) 339-9033

| ROOM | DESCRIPTION | THRU | PAID | AMOUNT |
|------|-------------|------|------|--------|
| 192 | 10X10X8 DRIVE UP 1 OUTSIDE NON-CLIMATE | 8/4/2015 | ✓ | $100.00 |
| 192 | 6 MONTHS 1/2 OFF | 8/4/2015 | ✓ | ($50.00) |
| 192 | INSURANCE $1,000 | 8/4/2015 | ✓ | $7.95 |

|  |  |
|--|--|
| Paid Total: | $57.95 |
| Unpaid Total: | $0.00 |
| Tax 0%: | $0.00 |
| **Fee Total:** | **$57.95** |

| | |
|--|--|
| *********3222 Visa | $57.95 |
| Auth Code: 058282 | |
| **Payment Total:** | **$57.95** |

| | |
|--|--|
| **Account Balance:** | **$0.00** |

I hereby expressly authorize 1st American Self Storage to charge my credit card, debit card, or bank account (eCheck) as stated on this receipt.

X _____          X _____
Customer's Signature                              Employee's Signature (CUSTOMER)

```
            Thank you for making an ONLINE payment!
Did you know that you can also use your online account to communicate with the site manager, purchase
                 tenant insurance, print receipts, and more!
                    NO DRIVING. NO MAILING. NO HASSLE.
```

**EXHIBIT**
**10**

Customers Receipt No:
**1029610-00000237-00000929**
JOHN DELEON
5828 FAIRBAIRN DR
NORTH HIGHLANDS, CA 95660

Friday - 7/31/2015 - 1:21:12 PM

1st American Self Storage, 1029610
2928 Scotland Dr
Antelope, CA 95843
(916) 339-9033

| ROOM | DESCRIPTION | THRU | PAID | AMOUNT |
|------|-------------|------|------|--------|
| 192 | 10X10X8 DRIVE UP 1 OUTSIDE NON-CLIMATE | 9/4/2015 | ✓ | $100.00 |
| 192 | 6 MONTHS 1/2 OFF | 9/4/2015 | ✓ | ($50.00) |
| 192 | INSURANCE $1,000 | 9/4/2015 | ✓ | $7.95 |

| | |
|---|---|
| Paid Total: | $57.95 |
| Unpaid Total: | $0.00 |
| Tax 0%: | $0.00 |
| **Fee Total:** | **$57.95** |

| | |
|---|---|
| **********3222 Visa | $57.95 |
| Auth Code: 048073 | |
| **Payment Total:** | **$57.95** |

| | |
|---|---|
| **Account Balance:** | **$0.00** |

I hereby expressly authorize 1st American Self Storage to charge my credit card, debit card, or bank account (eCheck) as stated on this receipt.

X
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Customer's Signature

X
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Employee's Signature (CUSTOMER)

> **Thank you for making an ONLINE payment!**
> Did you know that you can also use your online account to communicate with the site manager, purchase
> tenant insurance, print receipts, and more!
> NO DRIVING. NO MAILING. NO HASSLE.



Gmail - 1st American Self Storage Rent Rem                    https://mail.google.co     .il/u/0/?ui=2&ik=02336682a6&view=pt&se...



Stephanie DeLeon <j.sdeleon7412@gmail.com>

## 1st American Self Storage Rent Reminder.
2 messages

**affiliate@emove.com** <affiliate@emove.com>                    Sat, Aug 29, 2015 at 12:56 AM
To: j.sdeleon7412@gmail.com

Dear JOHN,

Just a friendly reminder that your rent for room 192 at 1st American Self Storage will be due on 9/5/2015.

You can pay your bill by going to http://www.emove.com/ and selecting the "Pay rent/ Set up account" link.

If you want to change the date range of your notifications, or stop notifications, this option is available by clicking on the Personal Information Tab when you first login. From there, scroll to the bottom of the screen and change the date from the drop down menu.

Thank you for renting at :
1st American Self Storage
2928 Scotland Dr
Antelope, CA 95843
Phone #: (916)339-9033

If you are sending mail to the facility, please note the mailing address may be different. Please contact your facility directly for accurate mailing details.

Note that this is an automated message and a reply may go unanswered.

```
EXHIBIT
tabbies
12
```

https://emove.com/Cu. .:r/contracts/15790066/payments/?StartDat...

 1st American

Logout   About Us   Contact Us

**Home**   **Personal information**

### Payment History

| From | To | Show Type | Order | Show Rooms |
|------|-----|-----------|-------|------------|
| 05/01/2015 | 9/15/2015 | ALL | Ascending | ALL |

## Balance Due:
## $403.95

| Paid | Due | Unit | Description | Charge | Payment(s) | Balance |
|------|-----|------|-------------|--------|-----------|---------|
| ✔ | 5/5/2015 - 6/4/2015 | 192 | RENT | $100.00 | | $100.00 |
| ✔ | 5/5/2015 - 6/4/2015 | 192 | 6 MONTHS 1/2 OFF | ($50.00) | | $50.00 |
| ✔ | 5/5/2015 - 6/4/2015 | 192 | ADMINISTRATIVE FEE | $20.00 | | $70.00 |
| ✔ | 5/5/2015 - 6/4/2015 | 192 | INSURANCE $1,000 | $7.95 | | $77.95 |
| | 5/5/2015 | | CASH | | ($77.95) | $0.00 |
| ✔ | 6/5/2015 - 7/4/2015 | 192 | RENT | $100.00 | | $100.00 |
| ✔ | 6/5/2015 - | 192 | 6 MONTHS 1/2 | ($50.00) | | $50.00 |


EXHIBIT 13

9/15/2015 11:42 AM

Payment History                                           https://emove.com/Cu      .r/contracts/15790066/payments/?StartDat...

| Paid | Due | Unit | Description | Charge | Payment(s) | Balance |
|------|-----|------|-------------|--------|------------|---------|
|  | 7/4/2015 |  | OFF |  |  |  |
| ✔ | 6/5/2015 – 7/4/2015 | 192 | INSURANCE $1,000 | $7.95 |  | $57.95 |
|  | 6/5/2015 |  | VISA |  | ($57.95) | $0.00 |
| ✔ | 7/5/2015 – 8/4/2015 | 192 | RENT | $100.00 |  | $100.00 |
| ✔ | 7/5/2015 – 8/4/2015 | 192 | 6 MONTHS 1/2 OFF | ($50.00) |  | $50.00 |
| ✔ | 7/5/2015 – 8/4/2015 | 192 | INSURANCE $1,000 | $7.95 |  | $57.95 |
|  | 7/5/2015 |  | VISA |  | ($57.95) | $0.00 |
| ✔ | 8/5/2015 – 9/4/2015 | 192 | RENT | $100.00 |  | $100.00 |
| ✔ | 8/5/2015 – 9/4/2015 | 192 | 6 MONTHS 1/2 OFF | ($50.00) |  | $50.00 |
| ✔ | 8/5/2015 – 9/4/2015 | 192 | INSURANCE $1,000 | $7.95 |  | $57.95 |
|  | 7/31/2015 |  | VISA |  | ($57.95) | $0.00 |
|  | 9/2/2015 | 192 | Fee: AUCTION DEFICIENCY TIGER 1 | $331.00 |  | $331.00 |
|  | 9/5/2015 – 10/4/2015 | 192 | RENT | $100.00 |  | $431.00 |
|  | 9/5/2015 – 10/4/2015 | 192 | 6 MONTHS 1/2 OFF | ($50.00) |  | $381.00 |
|  | 9/5/2015 – 10/4/2015 | 192 | INSURANCE $1,000 | $7.95 |  | $388.95 |
|  | 9/5/2015 | 192 | 1ST STAGE DEL (POSTED SEP) | $15.00 |  | $403.95 |

✔ = Paid    ⊖ = Removed / Voided Charge

# EXHIBIT A-1

# EXHIBIT A-1

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

— Fred W. Schwinn (SBN 225575),
Consumer Law Center, Inc.
12 South First Street, Suite 1014
San Jose, California 95113-2418
TELEPHONE NO.: (408) 294-6100   FAX NO.: (408) 294-6190
ATTORNEY FOR (Name): JOHN DELEON

FOR COURT USE ONLY

**FILED
Superior Court Of California,
Sacramento
09/16/2015
emedina
By _____, Deputy
Case Number:
34-2015-00184346**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS: 720 Ninth Street, Room 611
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Sacramento County Courthouse

CASE NAME: JOHN DELEON v. ELETE SELF STORAGE
MANAGEMENT, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 34-2015-00184346 |
|---|---|---|
| [X] Unlimited   [ ] Limited (Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder   Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[X] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [X] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify): Ten (10)
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 15, 2015

Fred W. Schwinn (SBN 225575)
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
Martin Dean's
ESSENTIAL FORMS™

**CIVIL CASE COVER SHEET**

RECEIVED
SEP 16 2015
CIVIL

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

# EXHIBIT A-2

# EXHIBIT A-2

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ENDORSED

2015 SEP 24  PM 1:48

SUPERIOR COURT

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ELITE SELF STORAGE MANAGEMENT, LLC, a California limited
liability company;
Additional Parties Attachment Form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHN DELEON, individually and on behalf of all others
similarly situated and on behalf of the general public

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

**CASE NUMBER:** *(Número del caso):*
34-2015-00184346-CU-BT-GDS

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California
720 Ninth Street, Room 611
Sacramento, CA 95814

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Fred W. Schwinn (SBN 225575)          Consumer Law Center, Inc.
12 South First Street, Suite 1014
San Jose, California 95113-2418        (408) 294-6100

DATE:                    SEP 2 4 2015          Clerk, by    M. RUBALCABA          , Deputy
*(Fecha)*                                      *(Secretario)*                      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

    Budget Self Storage, LLC, D/B/A Tiger Shelf Storage, a
    California limited liability company

3. ☒ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other (specify): 17061 Limited Liability Company
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Case 2:15-cv-02087-GEB-EFB   Document 1-1   Filed 10/05/15   Page 79 of 122

## INSTRUCTIONS FOR USE

➢   This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➢   If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)* :

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

MANDOT, LLC, D/B/A 1ST AMERICAN SELF STORAGE, a California limited liability company; BUDGET SELF STORAGE, LLC, D/B/A TIGER SELF STORAGE, a California limited liability company; REPWEST INSURANCE COMPANY, an Arizona corporation; GREAT AMERICAN ASSURANCE COMPANY, an Ohio corporation; BRANDON JOSEPH LUTHYE, individually and in his official capacity; TINA LUTHYE, individually and in her official capacity; and DOES 1 through 100, inclusive.

Page ___2__ of ___2__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
UM-200(A) [Rev. January 1, 2007]

Martin Dean's
ESSENTIAL FORMS™

## ADDITIONAL PARTIES ATTACHMENT
### Attachment to Summons

Attached List

Summons;

Class Action Complaint For Declaratory Relief And Damages;

Civil Case Cover Sheet;

*Ex Parte* Application For Temporary Restraining Order And Order To Show Cause Re: Preliminary Injunction;

Memorandum Of Points And Authorities In Support Of Application For Temporary Restraining Order And Order To Show Cause Re: Preliminary Injunction;

Declaration Of John Deleon In Support Of *Ex Parte* Application For Temporary Restraining Order And Order To Show Cause Re: Preliminary Injunction;

Declaration Of Fred W. Schwinn In Support Of *Ex Parte* Application For Temporary Restraining Order And Order To Show Cause Re: Preliminary Injunction;

[Proposed] Order Granting Temporary Restraining Order And Order To Show Cause Re: Preliminary Injunction

# EXHIBIT A-3

# EXHIBIT A-3

1  Fred W. Schwinn (SBN 225575)
   Raeon R. Roulston (SBN 255622)
2  CONSUMER LAW CENTER, INC.
   12 South First Street, Suite 1014
3  San Jose, California 95113-2418
   Telephone Number: (408) 294-6100
4  Facsimile Number: (408) 294-6190
   Email Address: fred.schwinn@sjconsumerlaw.com
5
6  Attorneys for Plaintiff
   JOHN DELEON
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SACRAMENTO

10
   JOHN DELEON, individually and on          Case No. 34-2015-00184346-CU-BT-GDS
11 behalf of all others similarly situated and (Unlimited Civil Case)            **BY FAX**
   the general public,
12                                            *EX PARTE* APPLICATION FOR
                            Plaintiffs,       TEMPORARY RESTRAINING ORDER
13                                            AND ORDER TO SHOW CAUSE RE:
   v.                                         PRELIMINARY INJUNCTION
14
   ELITE SELF STORAGE                         [Code of Civil Procedure § 526]
15 MANAGEMENT, LLC, a California              [Cal. Rules of Court, 3.1150 and 3.1200, *et seq.*]
   limited liability company; MANDOT, LLC,
16 D/B/A 1ST AMERICAN SELF
   STORAGE, a California limited liability
17 company; BUDGET SELF STORAGE,              Hearing Date:      October 6, 2015
   LLC, D/B/A TIGER SELF STORAGE, a           Hearing Time:      1:30 p.m.
18 California limited liability company;       Hearing Judge:     Raymond M. Cadei
   REPWEST INSURANCE COMPANY, an              Hearing Department: 54
19 Arizona corporation; GREAT AMERICAN        Hearing Location:  800 9th Street
   ASSURANCE COMPANY, an Ohio                                    Sacramento, California
20 corporation; BRANDON JOSEPH
   LUTHYE, individually and in his official
21 capacity; TINA LUTHYE, individually and
   in her official capacity; and DOES 1
22 through 100, inclusive,
23
                            Defendants.
24
25 TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

26     Plaintiff, JOHN DELEON, hereby moves the Court for an order granting his *Ex Parte*

27 Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction,

28 restraining and enjoining the following actions of Defendant, MANDOT, LLC, D/B/A 1ST

                                    - 1 -

EX PARTE APPLICATION                          Case No. 34-2015-00184346-CU-BT-GDS

AMERICAN SELF STORAGE, pending a hearing on a Preliminary Injunction:

      1.   Refusing to accept DELEON's payment in the amount of $57.95 for the period of September 4, 2015, through October 3, 2015;

      2.   Refusing to allow DELEON unfettered access to Storage Space #192 at 1st American Self Storage, located at 2928 Scotland Drive, Antelope, California 95843 for the purpose of removing his personal property from the premises; and

      3.   To cease all future and additional charges to DELEON's account.

This Application for preliminary injunctive relief as set forth in the proposed Temporary Restraining Order filed herewith, is made upon the grounds that the conduct sought to be enjoined, if allowed to occur/not occur will cause immediate and irreparable injury to Plaintiff in that: (1) he will continue to incur unlawful charges and fees for services which he did not and does not request and (2) he will be denied access to his personal property located at Storage Space #192, 1st American Self Storage, located at 2928 Scotland Drive, Antelope, California 95843.

Additionally, DELEON seeks a preliminary injunction, ordering Defendants, ELITE SELF STORAGE MANAGEMENT, LLC, MANDOT, LLC, D/B/A 1ST AMERICAN SELF STORAGE, BUDGET SELF STORAGE, LLC, D/B/A TIGER SELF STORAGE, BRANDON JOSEPH LUTHYE, and TINA LUTHYE (collectively, "enjoined Defendants"), to cease the practice of denying their self-service storage tenants access to all storage facilities operated or managed by ELITE SELF STORAGE MANAGEMENT, LLC, for failure to pay any charges or fees due at any storage facility operated or managed by ELITE SELF STORAGE MANAGEMENT, LLC, for the duration of this litigation. The basis of this preliminary injunction is that: (1) Defendants, MANDOT, LLC, and BUDGET SELF STORAGE, LLC, are separate and distinct companies, operating separate storage facilities, which are operated or managed by Defendants, ELITE SELF STORAGE MANAGEMENT, LLC, BRANDON

-2-

JOSEPH LUTHYE and TINA LUTHYE; (2) Enjoined Defendants' business practice is to deny access to <u>all</u> self-service storage facilities operated or managed by Defendant, ELITE SELF STORAGE MANAGEMENT, LLC, for failure to pay any charges or fees due at <u>any</u> storage facility operated or managed by ELITE SELF STORAGE MANAGEMENT, LLC; (3) Enjoined Defendants do not inform tenants and prospective tenants that failure to pay rental fees and charges at <u>any</u> storage facility operated or managed by Defendant, ELITE SELF STORAGE MANAGEMENT, LLC, will result in a denial of access to <u>all</u> self-service storage facilities operated or managed by Defendant, ELITE SELF STORAGE MANAGEMENT, LLC; and (4) If enjoined Defendants are allowed to continue this business practice throughout the litigating in this case, DELEON, the proposed Class and the general public will be irreparably harmed in that they will be denied access to their personal property stored at facilities operated or managed by Defendants, ELITE SELF STORAGE MANAGEMENT, LLC, BRANDON JOSEPH LUTHYE and TINA LUTHYE.

Plaintiff requests the Court to issue an Order to Show Cause ("OSC"), pursuant to Cal. Rules of Court, rule 3.1150, affording Defendants the opportunity to appear and show cause why a Preliminary Injunction should not issue restraining and enjoining the actions as stated above.

This Application is based upon Code Civ. Proc. §§ 525, *et seq.* and Cal. Rules of Court, rule 3.1150 and Cal. Rules of Court, rules 3.1200, *et seq.*; upon the attached <u>Memorandum of Points and Authorities</u>; the Declarations of Plaintiff, JOHN DELEON, and his legal counsel, Fred W. Schwinn, filed herewith; upon records and files in this action; and upon such further evidence and argument as may be presented prior to or at the time of hearing on the motion.

oo0oo

---

EX PARTE APPLICATION                                           Case No. 34-2015-00184346-CU-BT-GDS

1          CONSUMER LAW CENTER, INC.

2

3    Dated:  September 24, 2015          By:_____
                                              Fred W. Schwinn (SBN 225575)
4                                              Attorney for Plaintiff
                                               JOHN DELEON
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

EX PARTE APPLICATION          Case No. 34-2015-00184346-CU-BT-GDS

1   Fred W. Schwinn (SBN 225575)
    Raeon R. Roulston (SBN 255622)
2   CONSUMER LAW CENTER, INC.
    12 South First Street, Suite 1014
3   San Jose, California  95113-2418
    Telephone Number: (408) 294-6100
4   Facsimile Number: (408) 294-6190
    Email Address: fred.schwinn@sjconsumerlaw.com
5

6   Attorneys for Plaintiff
    JOHN DELEON
7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                     **COUNTY OF SACRAMENTO**

10

11 | JOHN DELEON, individually and on behalf of all others similarly situated and the general public, | Case No. 34-2015-00184346-CU-BT-GDS (Unlimited Civil Case)     **BY FAX** |

12

13                     Plaintiffs,

    v.

14   ELITE SELF STORAGE
15   MANAGEMENT, LLC, a California
    limited liability company; MANDOT, LLC,
16   D/B/A 1ST AMERICAN SELF
    STORAGE, a California limited liability
17   company; BUDGET SELF STORAGE,
    LLC, D/B/A TIGER SELF STORAGE, a
18   California limited liability company;
    REPWEST INSURANCE COMPANY, an
19   Arizona corporation; GREAT AMERICAN
    ASSURANCE COMPANY, an Ohio
20   corporation; BRANDON JOSEPH
    LUTHYE, individually and in his official
21   capacity; TINA LUTHYE, individually and
    in her official capacity; and DOES 1
22   through 100, inclusive,
23
                    Defendants.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

[Code of Civil Procedure § 526]
[Cal. Rules of Court, 3.1150 and 3.1200, *et seq.*]

| Hearing Date: | October 6, 2015 |
| Hearing Time: | 1:30 p.m. |
| Hearing Judge: | Raymond M. Cadei |
| Hearing Department: | 54 |
| Hearing Location: | 800 9th Street |
| | Sacramento, California |

24

25       Plaintiff, JOHN DELEON ("DELEON"), seeks a Temporary Restraining Order ("TRO"),

26 restraining and enjoining the following acts of Defendant, MANDOT, LLC, D/B/A 1ST AMERICAN

27 SELF STORAGE ("1ST AMERICAN"), pending a hearing on a Preliminary Injunction:

28       1.   Refusing to accept DELEON's payment in the amount of $57.95 for the period of

---

                          - 1 -

1    September 4, 2015, through October 3, 2015;

2         2.    Refusing to allow DELEON unfettered access to Storage Space #192 at 1st

3    American Self Storage, located at 2928 Scotland Drive, Antelope, California 95843 for the purpose of

4    removing his personal property from the premises; and

5

6         3.    To cease all future and additional charges to DELEON's account.

7         Additionally, DELEON seeks a Preliminary Injunction, restraining and enjoining Defendants,

8    ELITE SELF STORAGE MANAGEMENT, LLC, MANDOT, LLC, D/B/A 1ST AMERICAN SELF

9    STORAGE, BUDGET SELF STORAGE, LLC, D/B/A TIGER SELF STORAGE, BRANDON

10   JOSEPH LUTHYE, and TINA LUTHYE (collectively, "enjoined Defendants"), unlawful business

11   practice of denying self-service storage tenants access to all storage facilities operated or managed by

12   Defendant, ELITE SELF STORAGE MANAGEMENT, LLC, for failure to pay all fees and charges

13

14   due at any self-service storage facility operated or managed by Defendant, ELITE SELF STORAGE

15   MANAGEMENT, LLC, for the duration of this litigation.

16   Pending a hearing on a Preliminary Injunction, Plaintiff hereby applies for, and submits that the

17   interests of justice require that, a TRO issue restraining and enjoining the enjoined Defendants from

18

19   engaging in/continuing to engage in the aforesaid unlawful business practices.

20   As set forth in the Declarations of Fred W. Schwinn and DELEON, filed herewith and

21   incorporated herein, absent a Temporary Restraining Order, DELEON, the class and the general public

22   will suffer great and immediate irreparable harm in that DELEON and the class will continue to be

23

24   charged unlawful fees not associated with or contractually due in their contract for self-service storage

25   rental and will be and continue to be refused lawful access and entry to their rented storage spaces, in

26   violation of their contractual rights with said storage facilities, thus will be denied access to personal

27   property stored therein.

28

- 2 -

MEMORANDUM OF POINTS AND AUTHORITIES        Case No. 34-2015-00184346-CU-BT-GDS

# I.

## A TEMPORARY RESTRAINING ORDER MAY ISSUE WHERE GREAT AND IRREPARABLE INJURY WILL RESULT TO THE APPLICANT UNLESS THE OFFENDING CONDUCT IS IMMEDIATELY RESTRAINED

A TRO may issue when "[i]t appears from facts shown by affidavit or by the verified complaint that great or irreparable injury will result to the applicant before the matter can be heard on notice. . . ."[1] The Court should evaluate two interrelated factors when deciding whether or not to issue a temporary restraining order.  The first is the likelihood that the plaintiff will prevail on the merits at trial. The second is the interim harm that the plaintiff is likely to sustain if the restraining order is denied, as compared to the harm that the defendant is likely to suffer if the order is issued.[2]  A TRO is distinguishable from a preliminary injunction in the following respects: It may be issued *ex parte*; a bond, though commonly required, is not essential; and it is of short duration, normally expiring at the time of the hearing on the preliminary injunction.[3]  The granting or denial of a temporary restraining order is discretionary with the trial judge and amounts to a mere preliminary or interlocutory order to keep the subject of the litigation in status quo pending the determination of the action on its merits.[4]  As set forth in the Declaration of JOHN DELEON, if the enjoined Defendants are not immediately restrained and enjoined from engaging in/continuing to engage in the aforementioned business practices, DELEON, the Class and the general public will suffer great and immediate irreparable harm in that DELEON and the Class will continue to incur unlawful charges and fees for the rental of self-service storage spaces that are unrelated to separate storage spaces operated or managed by Defendant, ELITE SELF STORAGE MANAGEMENT, LLC, and the enjoined Defendants will continue to deny DELEON and the Class access to their personal property stored at the enjoined Defendants' storage

---

[1]  Code of Civil Procedure § 527(c)(1).
[2]  *Church of Christ in Hollywood v. Sup. Ct.*, 99 Cal. App. 4th 1244, 1251 (Cal. App. 2d Dist. 2002).
[3]  *Chico Feminist Women's Health Center v. Scully*, 208 Cal. App. 3d 230, 237 (Cal. App. 3d Dist. 1989).
[4]  *Gray v. Bybee*, 60 Cal. App. 2d 564, 571, 141 P.2d 32 (Cal. App. 3d Dist. 1943).

MEMORANDUM OF POINTS AND AUTHORITIES     Case No. 34-2015-00184346-CU-BT-GDS

1   facilities.   On the other hand, the enjoined Defendants will not suffer any damages by reason of

2   granting the TRO, because the business practices to be enjoined are not authorized by the self-service

3   storage rental agreements and are otherwise unlawful.

4           As further set forth in the Declaration of Fred W. Schwinn, there is a high likelihood that

5   DELEON will prevail on the merits at trial.  As set forth in the <u>Class Action Complaint for Declaratory</u>

6   <u>Relief and Damages</u> filed herein, the enjoined Defendants have violated various California statutes

7   designed to protect self-service storage occupants and the general public, the enjoined Defendants

8   regularly fail to comply with the disclosure requirements of the California Self-Service Storage Facility

9   Act, Cal. Bus. & Prof. Code § 21700, *et seq.*, and the enjoined Defendants regularly engage in business

10  practices and activities that violate the Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200,

11  *et seq.*

12          For the above reasons, a Temporary Restraining Order should be immediately issued to prevent

13  further harm to DELEON as alleged and as set forth herein and in the accompanying declarations.

## II.

## AN ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION SHOULD ALSO ISSUE

A party requesting a preliminary injunction may give notice of the request to the opposing or responding party either by serving a noticed motion under Code of Civil Procedure section 1005 or by obtaining and serving an order to show cause ("OSC"). An OSC must be used when a temporary restraining order ("TRO") is sought, or if the party against whom the preliminary injunction is sought has not appeared in the action.  If the responding party has not appeared, the OSC must be served in the same manner as a summons and complaint.[5]

If the action is initiated the same day a TRO or an OSC is sought, the complaint must be filed first.  The moving party must provide a file-stamped copy of the complaint to the judge who will hear the application.  If an application is made in an existing case, the moving party must request that the court file be made available to the judge hearing the application.[6]

---

[5]  Cal. Rules of Court, rule 3.1150(a).
[6]  Cal. Rules of Court, rule 3.1150(b).

- 4 -

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 34-2015-00184346-CU-BT-GDS

In this action, DELEON filed the <u>Class Action Complaint for Declaratory Relief and Damages</u> in this matter on September 16, 2015. DELEON has also provided a file-stamped copy of the <u>Class Action Complaint for Declaratory Relief and Damages</u> to the Court.

DELEON requests that a TRO be issued based upon the evidence presented in the declarations submitted with this application. DELEON further requests a full hearing on a Preliminary Injunction for the same reasons and under the same authorities as set forth herein, and requests that an Order to Show Cause be issued along with the TRO to afford Defendants the opportunity to show why they should not be restrained and enjoined in the same manner for the remainder of this litigation.

"An injunction is a writ or order requiring a person to refrain from a particular act. It may be granted by the court in which the action is brought, or by a judge thereof; and when granted by a judge, it may be enforced as an order of the court."[7]

A Preliminary Injunction is proper in the following circumstances:

(1) When it appears by the complaint that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually.

(2) When it appears by the complaint or affidavits that the commission or continuance of some act during the litigation would produce waste, or great or irreparable injury, to a party to the action.

(3) When it appears, during the litigation, that a party to the action is doing, or threatens, or is about to do, or is procuring or suffering to be done, some act in violation of the rights of another party to the action respecting the subject of the action, and tending to render the judgment ineffectual.

(4) When pecuniary compensation would not afford adequate relief. . . .[8]

"A preliminary injunction may be granted at any time before judgment upon a verified complaint, or upon affidavit if the complaint in the one case, or the affidavits in the other, show satisfactorily that sufficient grounds exist therefore. No preliminary injunction shall be granted without

---

[7] Code of Civil Procedure § 525.
[8] Code of Civil Procedure § 526(a).

MEMORANDUM OF POINTS AND AUTHORITIES        Case No. 34-2015-00184346-CU-BT-GDS

notice to the opposing party."[9]  To obtain a preliminary injunction, the plaintiff/cross-complainant must establish that the defendant/cross-defendant should be restrained from the challenged activity pending trial.[10]  As with a Temporary Restraining Order, the Court weighs two interrelated factors; the likelihood the moving party will prevail on the merits, and the relative interim harm to the parties from the issuance or nonissuance of the injunction.[11]

As shown in the Declarations submitted herewith, sufficient grounds exist, and will be shown to exist, at the hearing on a preliminary injunction such that the Court should issue same upon the grounds and facts as alleged herein which support the issuance of a Temporary Restraining Order.

### III.

### EX PARTE RELIEF IS PERMITTED UNDER THESE CIRCUMSTANCES AND PLAINTIFF HAS COMPLIED WITH CALIFORNIA RULES OF COURT

#### A. Showing Required for *Ex Parte* Relief

Cal. Rules of Court, rule 3.1150 provides that "[a]pplications for ex parte temporary restraining orders are governed by the *ex parte* rules in chapter 4 of this division."  "An applicant [for an *ex parte* application] must make an affirmative factual showing in a declaration containing competent testimony based on personal knowledge of irreparable harm, immediate danger, or any other statutory basis for granting relief *ex parte*."[12]

As shown by the attached Declarations of JOHN DELEON and Fred W. Schwinn, there is an imminent and present danger of irreparable harm/immediate danger or other statutory basis for granting relief *ex parte*, in that the Defendants to be enjoined will continue to charge DELEON and the Class for sums not lawfully due and owing and DELEON and the Class will continue to be denied lawful access to their rented storage spaces and their personal property contained therein.

---

[9]  Code of Civil Procedure § 527(a).
[10] *Trader Joe's Co. v. Progressive Campaigns*, 73 Cal. App. 4th 425, 429 (Cal. App. 1st Dist. 1999).
[11] *Whyte v. Schlage Lock Co.*, 101 Cal. App. 4th 1443, 1449 (Cal. App. 4th Dist. 2002).
[12] Cal. Rules of Court, rule 3.1202(c).

MEMORANDUM OF POINTS AND AUTHORITIES        Case No. 34-2015-00184346-CU-BT-GDS

**B. Document and Notice Requirements for Ex Parte Application for TRO and OSC Will Be Satisfied in Advance of the Hearing.**

An ex parte application for an order must be accompanied by an affidavit or declaration showing: (1) that, within the applicable time period under (b) [no later than 10:00 a.m. the court day before the ex parte appearance], the applicant informed the opposing party when and where the application would be made; or (2) that the applicant in good faith attempted to inform the opposing party but was unable to do so, specifying the efforts made to inform the opposing party; or (3) that, for reasons specified, the applicant should not be required to inform the opposing party.[13]

"A party seeking an *ex parte* order must notify all parties no later than 10:00 a.m. the court day before the *ex parte* appearance, absent a showing of exceptional circumstances that justify a shorter time for notice."[14]  When notice of an *ex parte* application is given, the person giving notice must:  (1) State with specificity the nature of the relief to be requested and the date, time, and place for the presentation of the application; and (2) Attempt to determine whether the opposing party will appear to oppose the application.[15]

Pursuant to California Rules of Court, rule 3.1204(b),

An *ex parte* application must be accompanied by a declaration regarding notice stating:

(1) The notice given, including the date, time, manner, and name of the party informed, the relief sought, any response, and whether opposition is expected and that, within the applicable time under rule 3.1203, the applicant informed the opposing party where and when the application would be made;

(2) That the applicant in good faith attempted to inform the opposing party but was unable to do so, specifying the efforts made to inform the opposing party; or

(3) That, for reasons specified, the applicant should not be required to inform the opposing party.

As stated in the Declaration of Fred W. Schwinn, counsel will duly comply with the notice requirements for *ex parte* applications in advance of the hearing.

---

[13]  Cal. Rules of Court, rule 3.1201.
[14]  Cal. Rules of Court, rule 3.1203(a).
[15]  Cal. Rules of Court, rule 3.1204(a).

MEMORANDUM OF POINTS AND AUTHORITIES        Case No. 34-2015-00184346-CU-BT-GDS

1

IV.

2

CONCLUSION

3

For the foregoing reasons, supporting facts and authorities, it is respectfully requested that the

4

Court issue a Temporary Restraining Order ("Proposed" Order submitted herewith), and set an Order to

5

Show Cause hearing for Preliminary Injunction consistent with this Application ("Proposed" Order to

6

Show Cause also submitted herewith).

7

8

CONSUMER LAW CENTER, INC.

9

10

Dated: September 24, 2015                    By: _____

11

Fred W. Schwinn (SBN 225575)

12

Attorney for Plaintiff
JOHN DELEON

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

- 8 -

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 34-2015-00184346-CU-BT-GDS

1  Fred W. Schwinn (SBN 225575)
2  Raeon R. Roulston (SBN 255622)
   CONSUMER LAW CENTER, INC.
3  12 South First Street, Suite 1014
   San Jose, California 95113-2418
   Telephone Number: (408) 294-6100
4  Facsimile Number: (408) 294-6190
5  Email Address: fred.schwinn@sjconsumerlaw.com

6  Attorneys for Plaintiff
   JOHN DELEON
7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF SACRAMENTO

10
   JOHN DELEON, individually and on          Case No. 34-2015-00184346-CU-BT-GDS
11 behalf of all others similarly situated and on   (Unlimited Civil Case)          BY FAX
   behalf of the general public,
12
                            Plaintiffs,       DECLARATION OF FRED W. SCHWINN IN
13                                            SUPPORT OF *EX PARTE* APPLICATION
   v.                                         FOR TEMPORARY RESTRAINING ORDER
14                                            AND ORDER TO SHOW CAUSE RE:
   ELITE SELF STORAGE                         PRELIMINARY INJUNCTION
15 MANAGEMENT, LLC, a California
   limited liability company; MANDOT, LLC,    Hearing Date:      October 6, 2015
16 D/B/A 1ST AMERICAN SELF                    Hearing Time:      1:30 p.m.
   STORAGE, a California limited liability    Hearing Judge:     Raymond M. Cadei
17 company; BUDGET SELF STORAGE,              Hearing Department: 54
   LLC, D/B/A TIGER SELF STORAGE, a          Hearing Location:  800 9th Street
18 California limited liability company;                          Sacramento, California
   REPWEST INSURANCE COMPANY, an
19 Arizona corporation; GREAT AMERICAN
   ASSURANCE COMPANY, an Ohio
20 corporation; BRANDON JOSEPH
   LUTHYE, individually and in his official
21 capacity; TINA LUTHYE, individually and
   in her official capacity; and DOES 1
22 through 100, inclusive,

23                          Defendants.
24

25        I, Fred W. Schwinn, declare as follows:

26        1.   I am an attorney at law duly licensed to practice before all the courts of the State of

27 California and am a shareholder in the law firm Consumer Law Center, Inc., attorneys of record for

28 Plaintiff, JOHN DELEON (hereinafter "DELEON").

                                        - 1 -

DECLARATION OF FRED W. SCHWINN          Case No. 34-2015-00184346-CU-BT-GDS

2.     I have personal knowledge of the following facts, and if called as a witness, I could and would competently testify thereto.

3.     Plaintiff, JOHN DELEON, seeks a Temporary Restraining Order against Defendant, MANDOT, LLC, D/B/A 1ST AMERICAN SELF STORAGE ("1ST AMERICAN"), pending hearing on a Preliminary Injunction.  Said Temporary Restraining Order should issue because 1ST AMERICAN is engaging in the following unlawful conduct which is resulting in and continues to result in a great and irreparable injury to DELEON if not restrained:

a.     1ST AMERICAN has refused to accept payment from DELEON for his monthly rental fees associated with the rental of Storage Space #192 at 1st American Self Storage, located at 2928 Scotland Drive, Antelope, California 95843.

b.     DELEON has tendered the rental payment which is lawfully due to 1ST AMERICAN, as stated in his declaration submitted herewith, but 1ST AMERICAN has refused to accept said payment on each occasion.

c.     In spite of refusing to accept payment, 1ST AMERICAN has charged and will continue to charge DELEON late fees and other fees associated with his alleged "nonpayment."

d.     1ST AMERICAN has refused, and continues to refuse, to allow DELEON access to Storage Space #192 at 1st American Self Storage, located at 2928 Scotland Drive, Antelope, California 95843, and his personal property contained therein.

e.     Because of 1ST AMERICAN's refusal to allow DELEON access to Storage Space #192 at 1st American Self Storage, located at 2928 Scotland Drive, Antelope, California 95843, DELEON has been denied access to and use of his personal property stored inside of the storage space.

- 2 -

DECLARATION OF FRED W. SCHWINN            Case No. 34-2015-00184346-CU-BT-GDS

f.   It is my belief that 1ST AMERICAN will continue to refuse DELEON access to his personal property stored inside Storage Space #192 at 1st American Self Storage, located at 2928 Scotland Drive, Antelope, California 95843 and will ultimately sell DELEON's personal property at auction if the Court does not intervene immediately.

4.   Therefore, DELEON respectfully requests that the Court issue an immediate Temporary Restraining Order, ordering 1ST AMERICAN to <u>immediately</u>:

a.   Accept DELEON's payment in the amount of $57.95 as payment-in-full for the period of September 4, 2015, through October 3, 2015;

b.   Allow DELEON unfettered access to Storage Space #192 at 1st American Self Storage, located at 2928 Scotland Drive, Antelope, California 95843 for the purpose of removing his personal property from the premises; and

c.   Cease and desist all future and additional charges to DELEON's account.

5.   Additionally, Defendants, ELITE SELF STORAGE MANAGEMENT, LLC, MANDOT, LLC, D/B/A 1ST AMERICAN SELF STORAGE, BUDGET SELF STORAGE, LLC, D/B/A TIGER SELF STORAGE, BRANDON JOSEPH LUTHYE, and TINA LUTHYE (collectively, "enjoined Defendants"), have engaged in the following unlawful business conduct which is resulting in and continues to result in a great and irreparable injury to DELEON, the Class, and the general public if not enjoined and restrained:

a.   Defendants, MANDOT, LLC, and BUDGET SELF STORAGE, LLC, are separate and distinct companies, operating separate storage facilities, which are operated by Defendants, ELITE SELF STORAGE MANAGEMENT, LLC, BRANDON JOSEPH LUTHYE and TINA LUTHYE;

b.   Enjoined Defendants' business practice is to deny access to <u>all</u> self-service

- 3 -

storage facilities owned and/or operated by ELITE SELF STORAGE MANAGEMENT, LLC, for failure to pay any charges or fees due at <u>any</u> storage facility owned and/or operated by ELITE SELF STORAGE MANAGEMENT, LLC;

        c.    Enjoined Defendants do not inform tenants and prospective tenants that failure to pay rental fees and charges at <u>any</u> storage facility managed by ELITE SELF STORAGE MANAGEMENT, LLC, will result in a denial of access to <u>all</u> self-service storage facilities managed by ELITE SELF STORAGE MANAGEMENT, LLC; and

        d.    If enjoined Defendants are allowed to continue this business practice throughout the litigating in this case, DELEON, the proposed Class and the general public will be irreparably harmed in that they will be denied access to their personal property stored at facilities owned, operated or managed by Defendants, ELITE SELF STORAGE MANAGEMENT, LLC, BRANDON JOSEPH LUTHYE and TINA LUTHYE.

      6.    Therefore, DELEON respectfully requests that the Court set an Order to Show Cause for the issuance of a Preliminary Injunction ordering the enjoined Defendants to:

        a.    Cease the practice of denying tenants access to <u>all</u> storage facilities owned, operated or managed by Defendant, ELITE SELF STORAGE MANAGEMENT, LLC, for failure to pay fees and charges due at <u>any</u> storage facility operated or managed by Defendant, ELITE SELF STORAGE MANAGEMENT, LLC, for the duration of this litigation.

      7.    On September 15, 2015, I signed the <u>Class Action Complaint for Declaratory Relief and Damages</u> filed herein on September 116, 2015. I fully investigated the facts contained in the <u>Class Action Complaint for Declaratory Relief and Damages</u> before it was filed with the Court, including site inspections of both self-service storage facilities, review of all relevant documents and several interviews with DELEON and his wife. Based on my personal knowledge of the facts contained in the

---

- 4 -

DECLARATION OF FRED W. SCHWINN      Case No. 34-2015-00184346-CU-BT-GDS

<u>Class Action Complaint for Declaratory Relief and Damages</u>, and my 18 years experience as a licensed attorney, I believe that there is a high likelihood that DELEON will prevail on the merits of this action at trial.

8.   On September 16, 2015, I sent a letter to 1ST AMERICAN, via overnight delivery, demanding that 1ST AMERICAN accept DELEON's payment of $57.95 for monthly storage rental fees contractually and lawfully due for the period of September 4, 2015, through October 3, 2015.  I also demanded that 1ST AMERICAN allow DELEON immediate and unfettered access to Storage Space #192 at 1st American Self Storage, located at 2928 Scotland Drive, Antelope, California 95843.  In my letter, I informed 1ST AMERICAN that refusal to allow DELEON unfettered access to collect his personal property from Storage Space #192 would result in the filing of this Application for a Temporary Restraining Order and Preliminary Injunction.   A true and correct copy of my September 16, 2015, letter to 1ST AMERICAN and redacted attachment are attached hereto and marked as Exhibit "B."

9.   Thereafter, on September 22, 2015, I received an email from Defendant, BRANDON LUTHYE, in response to my September 16, 2015, letter.  Mr. LUTHYE's email was in addition to a voice message left for me by Mr. LUTHYE earlier that same day.  In his email, Mr. LUTHYE states that DELEON's outstanding balance is "$473.95 as of today."   In explaining the calculation of the alleged balance, Mr. LUTHYE states that DELEON owes an outstanding balance at BUDGET SELF STORAGE, LLC, D/B/A TIGER SELF STORAGE, and that that outstanding balance had been added to DELEON's account at 1ST AMERICAN.   A true and correct copy of Mr. LUTHYE's September 22, 2015, email is attached hereto and marked as Exhibit "C."

10.   On September 24, 2015, I engaged the process server company One Legal, LLC, effectuate service of the <u>Summons</u> and <u>Complaint</u> on all Defendants named in this action.  I also

- 5 -

DECLARATION OF FRED W. SCHWINN                    Case No. 34-2015-00184346-CU-BT-GDS

1    included for service o copy of this *ex parte* application and the moving papers herein.  When service is

2    effectuated, I will promptly file a Proof of Service attesting thereto.

3           I declare under penalty of perjury under the laws of the State of California that the foregoing is

4    true and correct.

5

6           Executed this 24th day of September, 2015, at San Jose, California.

7

8                                                   _____
                                                    Fred W. Schwinn

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

DECLARATION OF FRED W. SCHWINN          Case No. 34-2015-00184346-CU-BT-GDS

Fred W. Schwinn
fred.schwinn@sjconsumerlaw.com
Raeon R. Roulston
raeon.roulston@sjconsumerlaw.com

**CONSUMER LAW CENTER, INC.**
12 South First Street, Suite 1014
San Jose, CA  95113-2418

(408) 294-6100
Fax (408) 294-6190
www.sjconsumerlaw.com

**Via Overnight Delivery**

September 16, 2015

Mandot, LLC, dba, 1st American Self Storage
c/o Matthew F. Walter, Agent for Service
1620 Spring Mountain Road
St. Helena, CA  94574

Re:    1st American Self Storage
       2928 Scotland Drive, Antelope, CA 95843
       Storage Unit #192

Dear Sir/Madam:

This firm represents John DeLeon with regard to storage unit #192 at 1st American Self Storage, 2928 Scotland Drive, Antelope, CA 95843.  Our client has been unlawfully denied access to your facility since at least August 8, 2015, in spite of our client's adherence to the terms of the 1st American Self Storage Rental Agreement and being current with his payments at that time.  On September 2, 2015, Mr. DeLeon attempted to make a rental payment in the amount of $57.95, which was the amount contractually due on September 5, 2015, and his payment was refused.

Since Mr. DeLeon's attempt to pay his storage unit rental payment in accordance with the 1st American Self Storage Rental Agreement, you have charged Mr. DeLeon an additional $15.00 as a "late fee" and have revoked the 1/2 off discount due to his "non-payment."  Moreover, your company continues to deny our client rightful access to his personal property located in your storage facility.

Enclosed herein is a Postal Money Order in the amount of $57.95 representing our client's contractual obligation with 1st American Self Storage through October 5, 2015.  With your receipt of this Postal Money Order, we consider our client's account with 1st American Self Storage for storage unit #192 to be "paid in full" through October 5, 2015.  We therefore demand that our client be granted immediate and unfettered access to storage unit #192, pursuant to the contract between the parties.  If your company continues to refuse our client access to storage unit #192, we will have no choice but to seek an appropriate order from the Superior Court of California.

Very Truly Yours,

Fred W. Schwinn, Esq.

enc: as noted above

cc: John DeLeon

EXHIBIT
B

**UNITED STATES POSTAL SERVICE** — **POSTAL MONEY ORDER**

| Serial Number | Year, Month, Day | Post Office | U.S. Dollars and Cents |
|---|---|---|---|
| 23077436433 | 2015-09-03 | 956500 | $57.95 |

FIFTY SEVEN DOLLARS & 95¢ *********************

Clerk 0003

Pay to 1st American Self Storage

Address 2928 Scotland Drive

Antelope, CA 95843

Memo Storage 192

From John Deleon

Address 5828 Fairbairn Drive

North Highlands, CA 95660

© 2008 United States Postal Service. All Rights Reserved.     SEE REVERSE WARNING • NEGOTIABLE ONLY IN THE U.S. AND POSSESSIONS

**Fred W. Schwinn**

| | |
|---|---|
| **From:** | Luthye Brandon <brandon@elitessm.com> |
| **Sent:** | Tuesday, September 22, 2015 1:00 PM |
| **To:** | Fred W. Schwinn |
| **Subject:** | John Deleon |

Hi Mr. Schwinn,

I just left you a Voice message approximately 20 minutes ago but wanted to follow up in writing as I'm sure for your records as well as for our own legal counsel on permanent retainer should it come to that.

I am in receipt of your letter referencing Mr. John Deleon.  He has an outstanding balance of $473.95 as of today.  This balance is as a result of the following:

On March 23rd 2015 he rented unit E044 and received 3 months half off as a move in special.  His last payment was on May 26th and he failed to make any subsequent payments.  As such he did not pay the $79 per month for June July or August up to and including lien sale on Sept 2nd after all collection attempts had been unsuccessful.  The unit still had his personal lock on it and had items inside it sold for $1 at auction.  This left a remaining balance on that unit of $331.  Prior to ceasing to making payments on Unit E044, Mr. Deleon rented another unit, #192 to presumably get another move in special of 6 months 1/2 price.  This rental took place on May 5th.  As such we allowed the balances to be dealt with separately through the unknown finality which was auction.  That could have resulted in the unit selling for more than what was owed, less than, or any variable.  Once that auction took place however, and payment has still not been made in almost 4 months, now we can no longer accept partial payments.  The total as of today is $473.95 which includes the past due amount of $331 for unit E044 as well as the rent due on Sept 5th plus insurance coverage.

I will assume that you did not have the full information or would have not sent such a letter so that is why I figured I would reach out before it becomes a costly venture to both ourselves and our legal counsel on permanent retainer as well as to Mr. Deleon.  Another piece of background information is that in May upon moving his belongings into the new unit #192, he damaged with his vehicle one of our water pipes and had no intention of taking care of it until I contacted CHP officer Rice badge: 14845 who contacted Mr. Deleon after viewing the video tape and compelled him to take care of the damages to his credit he did then do to avoid any further hit and run claim.

We of course would like to come to an amicable arrangement that would resolve this matter as I'm sure your time is as valuable as mine and we would much prefer come to a resolution that will end in Mr. Deleon removing his belongings and no longer being a customer of our facilities.

1

EXHIBIT
C
tabbies

Thank you for your time and prompt resolution in this matter,


Brandon Luthye

on behalf of Tiger/1st American Self Storage

916-332-3612

1  Fred W. Schwinn (SBN 225575)
    Raeon R. Roulston (SBN 255622)
2  CONSUMER LAW CENTER, INC.
    12 South First Street, Suite 1014
3  San Jose, California  95113-2418
    Telephone Number: (408) 294-6100
4  Facsimile Number: (408) 294-6190
    Email Address: fred.schwinn@sjconsumerlaw.com
5

6  Attorneys for Plaintiff
    JOHN DELEON
7

8               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                      **COUNTY OF SACRAMENTO**

10

11  JOHN DELEON, individually and on      Case No. 34-2015-00184346-CU-BT-GDS
    behalf of all others similarly situated and on  (Unlimited Civil Case)     **BY FAX**
12  behalf of the general public,

13                Plaintiffs,    **DECLARATION OF JOHN DELEON IN**
                          **SUPPORT OF** *EX PARTE* **APPLICATION**
    v.                            **FOR TEMPORARY RESTRAINING**
14                                **ORDER AND ORDER TO SHOW CAUSE**
    ELITE SELF STORAGE               **RE: PRELIMINARY INJUNCTION**
15  MANAGEMENT, LLC, a California
    limited liability company; MANDOT, LLC,
16  D/B/A 1ST AMERICAN SELF STORAGE,
    a California limited liability company;
17  BUDGET SELF STORAGE, LLC, D/B/A
    TIGER SELF STORAGE, a California
18  limited liability company; REPWEST
    INSURANCE COMPANY, an Arizona
19  corporation; GREAT AMERICAN
    ASSURANCE COMPANY, an Ohio
20  corporation; BRANDON JOSEPH
    LUTHYE, individually and in his official
21  capacity; TINA LUTHYE, individually and
    in her official capacity; and DOES 1
22  through 100, inclusive,

23                Defendants.

24

25      I, JOHN DELEON, declare under penalty of perjury under the laws of the State of California

26  that the following statements are true:

27           1.   I am the Plaintiff in the above-captioned matter.

28           2.   I have personal knowledge of the following facts, and if called as a witness, I could

                                  - 1 -

1    and would competently testify thereto.

2         3.    On or about May 5, 2015, my wife, Stephanie DeLeon, and I went to 1st American

3    Self Storage, located at 2928 Scotland Drive, Antelope, California 95843, to rent a 10' x 10' storage

4    unit to store some of our personal property.

5         4.    On that same day, I entered into a <u>1st American Self Storage Rental Agreement</u> and

6    <u>Tenant Acknowledgment Addendum</u> (hereinafter "rental agreement") with 1st American Self Storage,

7    for the rental of Storage Space #192.  A true and correct copy of the rental agreement is attached hereto

8    and marked as Exhibit "A."

9         5.    After signing the rental agreement, my wife and I moved our personal property into

10   Storage Space #192 at 1st American Self Storage, located at 2928 Scotland Drive, Antelope, California

11   95843.

12        6.    Pursuant to the terms of the rental agreement, I made several payments to 1st

13   American Storage in the amount of $57.95 each month as the rental fee for the storage unit.  I was

14   never late with my payments, and my last payment was accepted by 1st American Self Storage on July

15   31, 2015.  This payment made my rental payments current through September 4, 2015.

16        7.    On or about August 2, 2015, I attempted to access my storage unit at the 1st

17   American Self Storage facility and was denied access.  Specifically, when I attempted to open the

18   security gate at 1st American Self Storage, my access code for the gate lockbox did not work and the

19   display read "SORRY – ACCESS SUSPEND-D."

20        8.    On that same day, I sent an electronic message to 1st American Self Storage

21   through "emove.com", an online service that processes payments for 1st American Self Storage.  In my

22   electronic message, I notified 1st American Self Storage that I could not access my storage unit.

23        9.    Thereafter, on or about August 3, 2015, at 1:42 p.m., Defendant, TINA LUTHYE,

---

- 2 -

DECLARATION OF JOHN DELEON                    Case No. 34-2015-00184346-CU-BT-GDS

left the following voice message on my cellular telephone:

> Hi John. This is Tina, Tiger Self Storage, um, returning your call. I've called several times. Ah, the reason why you're locked at 1st American is because they are owned by the same company, and um, same owner, so when we did accounting, um, you left a, you skipped out on the balance here, and never took care of it. So this needs to be taken care. Um, my number here is 916-332-3612. Thank you. Bye, bye.

10.    After hearing the voice message from Ms. Luthye, my wife and I went to Tiger Self Storage to speak with Ms. Luthye about her voice message of August 3, 2015. At Tiger Self Storage, Ms. Luthye repeated to me and my wife that 1st American Self Storage would continue to deny me access to my storage unit until I paid the alleged balance due on a separate storage unit owned by Tiger Self Storage. While speaking with Ms. Luthye, Defendant, BRANDON JOSEPH LUTHYE, appeared and restated that Tiger Self Storage and 1st American Self Storage were owned by the same company and that 1st American Self Storage would continue to deny me access to my storage unit at 1st American Self Storage until I paid the alleged balance on the unrelated Tiger Self Storage storage unit.

11.    Thereafter, on or about August 29, 2015, at 2:24 p.m., my wife and I went to 1st American Self Storage to remove our furniture, household goods and other personal belongings from the storage unit. When we arrived at 1st American Self Storage, my access code for the gate lockbox again did not work and the display read "SORRY – ACCESS SUSPEND-D." My wife and I then waited for another tenant at 1st American Self Storage to open the security gate. When we gained access to the storage facility, I discovered that 1st American Self Storage had placed an over-lock on my storage unit, thereby denying me access to my furniture, household goods and other personal belongings.

12.    On September 4, 2015, I returned to 1st American Self Storage in an attempt to pay the storage unit rental payment which was due on September 5, 2015. When my wife and I arrived at the 1st American Self Storage facility, we were greeted by an employee named "Dan", who began to

---

DECLARATION OF JOHN DELEON                Case No. 34-2015-00184346-CU-BT-GDS

accept my rental payment.  However, Dan then called Tina Luthye on the telephone and thereafter refused to accept my payment.  After his telephone call to Ms. Luthye, Dan told me and my wife that we would be required to pay 1st American Self Storage the $331.00 that was alleged to be owed to Tiger Self Storage in addition to the $57.95 in rent and insurance that was due on September 5, 2015, to 1st American Self Storage.  Dan then stated that 1st American Self Storage would not accept a "partial payment" and that I was required to pay entire balance of $388.95 if I wanted access to my storage unit at 1st American Self Storage and, consequently, my personal property.

13.   On September 16, 2015, my attorney, Fred W. Schwinn of the Consumer Law Center, Inc., sent a letter via overnight delivery to 1st American Self Storage requesting that my payment of $57.95 be accepted and that I be granted immediate and unfettered access to my storage space in order to remove my personal property.

14.   Thereafter, on September 19, 2015, at 3:32 p.m., I went to 1st American Self Storage and attempted to access my storage unit in order to remove my personal property.  However, my access was still blocked.

15.   As of the date of this declaration, I have been unable to gain access to my storage unit, Storage Space #192 at 1st American Self Storage, and therefore have been denied access to my personal property stored therein.

16.   Unless the Court enters an order requiring 1st American Self Storage to accept my payment of $57.95 and grant me immediate and unfettered access to my storage unit, I believe that I will be permanently denied access to my personal belongings and that 1st American Self Storage will seize my personal property and sell it to pay unlawful fees and charges.

Executed at Sacramento, California on September 24, 2015.

John DeLeon

- 4 -

DECLARATION OF JOHN DELEON                    Case No. 34-2015-00184346-CU-BT-GDS

# 1 st American Self Storage Rental Agreement

2928 Scotland Drive, Antelope, CA 95843  (916) 339-9033

NOTICE:  YOUR STORED PROPERTY WILL BE SUBJECT TO A CLAIM OF LIEN FOR UNPAID RENT AND OTHER CHARGES AND MAY BE SOLD TO SATISFY THE LIEN IF THE RENT OR OTHER CHARGES DUE REMAIN UNPAID FOR FOURTEEN (14) CONSECUTIVE DAYS.  THIS LIEN AND ITS ENFORCEMENT IS AUTHORIZED BY CHAPTER 10 (COMMENCING WITH SECTION 21700) OF THE CALIFORNIA BUSINESS AND PREFESSIONS CODE.

CODE # 357 4856
SS#
DL# B3574856

THIS AGREEMENT is executed in duplicate on this __S__ day __May__ of 20 15 between Lessor/Owner and

**LESSEE / OCCUPANT**
NAME _Dana DeLeon_
STREET _5825 Enochran Dr._
CITY _N. Highland_
STATE _Ca_   ZIP _95660_
RES. PHONE (916) 807-7830
BUS. PHONE ( )

**ALTERNATE PERSON FOR NOTICE**
NAME _Stephanie DeLeon_
STREET
CITY _Same_   STATE ___ ZIP ___
RES. PHONE (916) 579-2690
BUS. PHONE ( )
IF ALTERNATE REFUSED
LESSEE SIGN HERE:

SPACE # _192_
APPROX. SIZE _10x10_
MONTHLY RENT. _100.-_
E-MAIL ADDRESS

**RENT & FEE SCHEDULE**
LATE FEE(S) _15.-_   RETURN CHECK FEE ___ $25
PRE LIEN FEE ___ $20   BILLING FEE ___ N/A
LIEN FEE ___ $20   ADMIN. FEE ___ $20
LIEN SALE FEE ___ $50   GATE FEE IF AFTER 7PM ___ $100

**RENT DISCOUNT**
(CONTINGENT UPON RENT BEING PAID ON TIME)
6 mos
½ off

## MAKE PAYMENTS TO 1ST AMERICAN SELF STORAGE

1st American Self Storage, hereinafter Owner, rents to Occupant the storage space indicated above pursuant to the following terms and conditions:

**TERM:** The term of the tenancy shall commence on the date indicated above and shall continue until terminated on a month-to-month basis.  The minimum rental term is one month.

**RENT:**  The rent shall be the amount stated above and paid to Owner at the address stated above.  Rent is due each month on the rent due date in advance and without demand.  Owner reserves the right to require that rent and other charges be paid in cash, certified check or money order.  Owner may change the monthly rent or other charges by giving Occupant fifteen (15) days advanced written notice by first-class mail at the address stated in this agreement.  The new rent shall become effective on the next date rent is due.  If Occupant has made advanced rental payments, the new rent will be charged against such payments, effective upon giving notice of the new rate.  If rent is not paid on or by the end of the business day of the due date you will lose the discount amount for that particular month.  Your discount will be reinstated once the rental balance is paid in full.

**PARTIAL RENT PAYMENTS:** Owner, at Owner's sole discretion, may accept or reject partial rent payments.  Acceptance of partial payments of rent by Owner shall not constitute a waiver of Owner's rights and Occupant understands and agrees that acceptance of a partial rent payment made to cure a default for non-payment of rent shall not delay or stop foreclosure on Occupant's stored property as provided by the California Self-service Storage Facility Act.

**CHANGE OF ADDRESS:** Occupant's must provide address changes to Owner in writing.  Such change will become effective when received by Owner.  It is Occupant's responsibility to verify that Owner has received and recorded the requested change of address.

**ADMINISTRATION FEE:** Occupant agrees to pay the indicated non-refundable administration fee.

**LATE FEES AND OTHER CHARGES:** Occupant agrees to pay Owner the indicated late fee if rent is received ten (10) or more days after the due date.  Occupant will pay Owner the indicated fee for each letter sent to Occupant notifying Occupant of the default.  Occupant agrees to pay Owner the indicated bad check charge plus all bank charges for any dishonored check.  These fees are considered additional rent and are to compensate Owner for labor and other costs of collection.  In the event of default, Occupant agrees to pay all collection and lien costs incurred by Owner.
Late rent charge (if not received within 10 days of due date) $10-$20 or 15% of the rent whichever is greater
Preliminary Lien Charge (if not paid within 15 days of due date $15.00       Cut Lock Charge $50
Notice of Lien Charge   $20.00 (if not paid within 30 days of due date)      Advertising  Charge $66 (or as documented)
Motor Vehicle Lien Fee $100.00                                                Any other forclosure charges (as documented)
Abandoned  Personal Property $100 plus cost of disposal                       Dishonored check charge $25.00
After Hours Gate Fee: $100 If you are inside the facility after 9pm you will be charged $100.

**DENIAL OF ACCESS:**  When rent or other charges remain unpaid for ten (10) consecutive days, Owner may deny Occupant access to the storage space.

Do not sign this agreement until you have read it, including the provision on the other side, and fully understand it.  This agreement limits the Owner's liability for loss of or damage to your stored property.  If you have any questions concerning its legal effect, consult your legal advisor.

Occupant Signature

On Behalf of Owner

Date _5-5-15_

Date _5/5/15_

EXHIBIT
A

**TERMINATION:** Thirty (30) days advanced written notice given by Owner or Occupant to the other party will terminate this tenancy. Owner does not prorate rent. NO RENT REFUNDS. Occupant must leave the space broom clean and in good condition. Occupant is responsible for all damages.

**USE OF STORAGE SPACE:** Owner is not engaged in the business of storing goods for hire and no bailment is created under this agreement. Owner exercises neither care, custody nor control over Occupant's stored property. Occupant agrees to use the storage space only for the storage of property wholly owned by Occupant. Occupant shall not store antiques, artworks, heirlooms, collectibles or any property having special or sentimental value to Occupant. Occupant waives any claim for emotional or sentimental attachment to the stored property. Occupant agrees not to store property with a total value in excess of $5,000 without the written permission of the Owner. If such written permission is not obtained, the value of Occupant's property shall be deemed not to exceed $5,000. Nothing herein shall constitute any agreement or admission by Owner that Occupant's stored property has any value, nor shall anything alter the release of Owner's liability set forth below.

**HAZARDOUS OR TOXIC MATERIALS PROHIBITED:** Occupant is strictly prohibited from storing or using materials in the storage space or on the facility classified as hazardous or toxic under any local, state or federal law or regulation, and from engaging in any activity which produces such materials. Occupant's obligation of indemnity as set forth below specifically includes any costs, expenses, fines or penalties imposed against the Owner, arising out of the storage or use of any hazardous or toxic material by Occupant, Occupant's agents, employees, invitees or guests. Owner may enter the storage space at any time to remove and dispose of prohibited items.

**INSURANCE:** Occupant, at Occupant's expense, shall maintain a policy of fire, extended coverage endorsement, burglary, vandalism and malicious mischief insurance for the actual cash value of stored property. Insurance on Occupant's property is a material condition of this agreement and is for the benefit of both Occupant and Owner. Failure to carry the required insurance is a breach of this agreement and Occupant assumes all risk of loss to stored property that would be covered by such insurance. Occupant expressly agrees that the insurance company providing such insurance shall not be subrogated to any claim of Occupant against Owner, Owner's agents or employees for loss of or damage to stored property.

**RELEASE OF OWNER'S LIABILITY FOR PROPERTY DAMAGE:** All personal property stored within or upon the storage space by Occupant shall be at Occupant's sole risk. Owner and Owner's agents and employees shall not be liable for any loss of or damage to any personal property in the storage space or at the self storage facility arising from any cause whatsoever including, but not limited to, burglary, mysterious disappearance, fire, water damage, rodents, Acts of God, the active or passive acts or omissions or negligence of the Owner, Owner's agents or employees.

**RELEASE OF OWNER'S LIABILITY FOR BODILY INJURY:** Owner, Owner's agents and employees shall not be liable to Occupant for injury or death as a result of Occupant's use of the storage space or the self storage facility, even if such injury is caused by the active or passive acts or omissions or negligence of the Owner, Owner's agents or employees.

**INDEMNITY:** Occupant agrees to indemnify, hold harmless and defend Owner from all claims, demands, actions or causes of action (including attorneys' fees and all costs) that are hereinafter brought by others arising out of Occupant's use of the storage space and common areas, including claims for Owner's active negligence.

**LOCKS:** Occupant shall provide, at Occupant's own expense, a lock that Occupant deems sufficient to secure the space. If the space is found unlocked Owner may, but is not obligated to, take whatever measures Owner deems reasonable to re-secure the space, with or without notice to Occupant. Customer may only place 1 lock on the unit. If the customer has placed 2 locks, then if the unit goes late, management will cut the second lock in order to overlock said unit. Customer may NOT cut their own lock if key is lost. Bolt cutters and grinders etc are not permitted on the property. If you need your lock cut you MUST hire a license, bonded and insured locksmith and then they must check into the office during office hours and you must fill out a form with management authorizing the lock cut. Failure to do so may result in fines and suspension of gate code.

**RULES AND REGULATIONS:** Owner shall have the right to establish or change the hours of operation for the facility and to promulgate rules and regulations for the safety, care and cleanliness of the storage space or the preservation of good order on the facility. Occupant agrees to follow all rules and regulations now in effect, or that may be put into effect from time to time.
**PROPERTY LEFT IN THE STORAGE SPACE:** Owner may dispose of any property left in the storage space or on the storage facility by Occupant after they have terminated his or her tenancy. Occupant shall be responsible for paying all costs incurred by Owner in disposing of such property. The dumpster is NOT for customer use. If you leave trash outside the facility, by the dumpster etc you will be charged $100 disposal fee.
**OCCUPANT ACCESS:** Occupant's access to the storage facility may be conditioned in any manner deemed reasonably necessary by Owner to maintain order. Such measures may include but are not limited to, limiting hours of operation, requiring verification of Occupant's identity and inspecting vehicles that enter the storage facility.

**OWNER'S RIGHT TO ENTER:** Occupant grants Owner, Owner's agents or representatives of any governmental authority, including police and fire officials, access to the storage space upon three (3) days advanced written notice to Occupant. In the event of an emergency, Owner, Owner's agents or representatives of governmental authority shall have the right to enter the storage space without notice to Occupant, and take such action as may be necessary or appropriate to protect the storage facility, to comply with applicable law or enforce Owner's rights.

**NO SUBLETTING:** Occupant shall not assign or sublease the storage space without the written permission of the Owner. Owner may withhold permission to sublet or assign for any reason or for no reason in Owner's sole discretion.

**WAIVER OF JURY TRIAL:** Owner and Occupant waive their respective rights to trial by jury of any cause of action, claim, counterclaim, or cross complaint, in any action brought by either Owner against Occupant, or Occupant against Owner, or Owner's agents or employees, on any matter arising out of, or in any way connected with this rental agreement, Occupant's use of the storage space or this storage facility, or any claim of bodily injury or property loss or damage, or the enforcement of any remedy under any law, statute or regulation. This jury trial waiver is also made by Occupant on behalf of any of Occupant's agents, guests or invitees.

**NOTICES:** All notices required by this rental agreement shall be sent by first class mail postage prepaid to Occupant's last known address. Notices shall be deemed given when deposited in the United States mail. Occupant agrees that any such notice is conclusively presumed to have been received by Occupant five (5) days after mailing, unless returned to Owner by the U.S. Postal Service. All statutory notices shall be sent as required by law.

**NO WARRANTIES:** No expressed or implied warranties are given by Owner, Owner's agents or employees as to the suitability of the storage space for Occupant's intended use. Owner disclaims and Occupant waives any implied warranties of suitability or fitness for a particular use.

**NO ORAL AGREEMENTS:** This rental agreement contains the entire agreement between Owner and Occupant, and no oral agreements shall be of any effect whatsoever. Occupant acknowledges that no representations or warranties have been made with respect to the safety, security or suitability of the storage space for the storage of Occupant's property, and that Occupant has made his own determination of such matters solely from inspection of the storage space and the facility. Occupant agrees that he is not relying, and will not rely, upon any oral representation made by Owner or by Owner's agents or employees purporting to modify or add to this rental agreement. Occupant understands and agrees that this agreement may be modified only in writing, signed by both parties.

**SUCCESSION:** All provisions of this rental agreement shall apply to and be binding upon all successors in interest, assigns or representatives of the parties hereto.

**ENFORCEMENT:** If any part of this rental agreement is held to be unenforceable for any reason, in any circumstance, the parties agree that such part shall be enforceable in other circumstances, and that all the remaining parts of this agreement will be valid and enforceable.

**SPACE SIZE APPROXIMATE:** Space sizes are approximate and for comparison purposes only. Spaces may be smaller than indicated in advertising or other size indicators.

**NO ALTERATIONS:** Occupant shall make no alterations to the interior or exterior of the space without the written permission of the Owner authorizing such alterations.

**PRO RATING AND REFUNDS:** Owner does not pro rate rent or issue refunds.



1  Fred W. Schwinn (SBN 225575)
   Raeon R. Roulston (SBN 255622)
2  CONSUMER LAW CENTER, INC.
   12 South First Street, Suite 1014
3  San Jose, California  95113-2418
   Telephone Number: (408) 294-6100
4  Facsimile Number: (408) 294-6190
   Email Address: fred.schwinn@sjconsumerlaw.com
5
6  Attorneys for Plaintiff
   JOHN DELEON
7
8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                        COUNTY OF SACRAMENTO
10
11 JOHN DELEON, individually and on behalf      Case No. 34-2015-00184346-CU-BT-GDS
   of all others similarly situated and the general   (Unlimited Civil Case)
12 public,
                                                 [PROPOSED] ORDER GRANTING
13                              Plaintiffs,       TEMPORARY RESTRAINING ORDER
   v.                                            AND ORDER TO SHOW CAUSE RE:
14                                               PRELIMINARY INJUNCTION
   ELITE SELF STORAGE MANAGEMENT,
15 LLC, a California limited liability company;   Hearing Date:        October 6, 2015
   MANDOT, LLC, D/B/A 1ST AMERICAN             Hearing Time:        1:30 p.m.
16 SELF STORAGE, a California limited liability   Hearing Judge:       Raymond M. Cadei
   company; BUDGET SELF STORAGE, LLC,         Hearing Department:  54
17 D/B/A TIGER SELF STORAGE, a California      Hearing Location:    800 9th Street
   limited liability company; REPWEST                               Sacramento, California
18 INSURANCE COMPANY, an Arizona
   corporation; GREAT AMERICAN
19 ASSURANCE COMPANY, an Ohio
   corporation; BRANDON JOSEPH LUTHYE,        BY FAX
20 individually and in his official capacity; TINA
   LUTHYE, individually and in her official
21 capacity; and DOES 1 through 100, inclusive,
22                              Defendants.
23
24      NOW ON THIS the 6th day of October, 2015, this matter comes before the Court on Plaintiff,
25 JOHN DELEON's, Ex Parte Application for Temporary Restraining Order and Order to Show Cause
26 Re: Preliminary Injunction.
27      WHEREUPON, the Court, having read the briefs, and being otherwise fully advised in the
28

                                         - 1 -

ORDER                                            Case No. 34-2015-00184346-CU-BT-GDS

premises, finds that the motion should be and is hereby, GRANTED as follows:

Defendant,   MANDOT, LLC, D/B/A 1ST AMERICAN SELF STORAGE, is hereby ORDERED to refrain from the following acts pending a hearing on a Preliminary Injunction:

1.   Refusing to accept DELEON's payment in the amount of $57.95 for the period of September 4, 2015, through October 3, 2015;

2.   Refusing to allow DELEON unfettered access to Storage Space #192 at 1st American Self Storage, located at 2928 Scotland Drive, Antelope, California 95843 for the purpose of removing his personal property from the premises; and

3.   To cease all future and additional charges to DELEON's account.

Additionally,    the    Court    ORDERS    that    the    parties    appear    on _____ at _____ a.m./p.m., in this department for a hearing to show cause re: a preliminary injunction ordering the same as above and deciding whether Defendants, ELITE SELF STORAGE MANAGEMENT, LLC, MANDOT, LLC, D/B/A 1ST AMERICAN SELF STORAGE, BUDGET SELF STORAGE, LLC, D/B/A TIGER SELF STORAGE, BRANDON JOSEPH LUTHYE, and TINA LUTHYE, should be restrained and enjoined from continuing the business practice of denying self-service storage tenants access to all storage facilities operated or managed by ELITE SELF STORAGE MANAGEMENT, LLC, for failure to pay any charges or fees due at any storage facility operated or managed by ELITE SELF STORAGE MANAGEMENT, LLC, for the duration of this litigation.

IT IS SO ORDERED.

Dated:  October 6, 2015

_____
Honorable Raymond M. Cadei
Judge of the Superior Court

ORDER                                          Case No. 34-2015-00184346-CU-BT-GDS

# EXHIBIT A-4

# EXHIBIT A-4

1  Craig J. Mariam  (SBN: 225280)
   cmariam@gordonrees.com
2  Andrew M. Legolvan (SBN: 292520)
   alegolvan@gordonrees.com
3  GORDON & REES LLP
   275 Battery Street, Suite 2000
4  San Francisco CA, 94111
   Telephone:  (415) 986-5900
5  Facsimile:  (877) 306-0043

6  Attorneys for Defendants,
   Mandot, LLC, d/b/a 1st American Self Storage and
7  Budget Self Storage, LLC, d/b/a Tiger Self Storage
   Elite Self Storage Management, LLC;
8  Brandon Joseph Luthye; and Tina Luthye

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                           COUNTY OF SACRAMENTO

11  JOHN DELEON, individually and on behalf of  )  CASE NO. 34-2015-001843-46
    all others similarly situated and on behalf of the )
12  general public,                             )  Judge:  Hon. Raymond M. Cadei
                                                )  Dept.:   54
13                            Plaintiff,         )
                                                )  **ANSWER AND AFFIRMATIVE**
14          vs.                                 )  **DEFENSES OF DEFENDANTS ELITE**
                                                )  **SELF STORAGE MANAGEMENT,**
15  ELITE SELF STORAGE MANAGEMENT,              )  **LLC; MANDOT, LLC, D/B/A 1ST**
    LLC, a California limited liability company; )  **AMERICAN SELF STORAGE;**
16  MANDOT, LLC, D/B/A 1ST AMERICAN             )  **BUDGET SELF STORAGE, LLC, D/B/A**
    SELF STORAGE, a California limited          )  **TIGER SELF STORAGE; BRANDON**
17  liability company; BUDGET SELF              )  **JOSEPH LUTHYE; AND TINA LUTHY**
    STORAGE, LLC, D/B/A TIGER SELF              )
18  STORAGE, a California limited liability     )
    company; REPWEST INSURANCE                  )
19  COMPANY, an Arizona corporation;            )  Complaint Filed: September 16, 2015
    GREAT AMERICAN ASSURANCE                    )  Trial Date:  None
20  COMPANY, an Ohio corporation;               )
    BRANDON JOSEPH LUTHYE, individually         )
21  and in his official capacity; TINA LUTHYE,  )
    individually and in her official capacity; and )
22  DOES 1 through 100, inclusive,              )
                                                )
23                            Defendants.        )
                                                )
24  _____    )

25

26

27

28    / / /

Gordon & Rees LLP
275  Battery Street, Suite 2000
San Francisco, CA 94111

Defendants Mandot, LLC, d/b/a 1st American Self Storage ("First American");

Budget Self Storage, LLC, d/b/a Tiger Self Storage ("Tiger"); Brandon Joseph Luthye; Tina

Luthye; and Elite Self Storage Management, LLC ("Elite") hereby answer the Complaint filed

by plaintiff John DeLeon as follows:

### GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30, *inter alia*, defendants

deny specifically and generally each, every, and all allegations contained in the Complaint, and

the whole thereof, and each and every purported cause of action contained therein, and further

deny that plaintiff or the putative class is entitled to any of the relief requested. Defendants

further deny that it committed any wrongful conduct or omission, whether alleged or otherwise,

and further deny that plaintiff or the putative class have suffered any injuries or damages of any

kind attributable in any way to any act or omission of defendants.

### AFFIRMATIVE DEFENSES

Defendants alleges each and every of the following separate affirmative defenses to

each cause of action alleged in the Complaint, the applicability of which will be determined

through the course of investigation and discovery. By alleging the defenses set forth below,

defendants do not thereby agree or admit that it has the burden of proof, persuasion, or

production with respect to any elements of any defense, or that plaintiff has properly asserted

any cause of action against defendants.

### FIRST AFFIRMATIVE DEFENSE

#### (Act of Third Parties or Plaintiff)

Plaintiff's recovery against defendants must be reduced or barred to the extent that

plaintiff's or another person or entity (whether a party or not a party to this lawsuit) is

responsible for plaintiff's damages under, including, but not limited to contribution,

comparative negligence, contributory negligence, and/or indemnification.

### SECOND AFFIRMATIVE DEFENSE

#### (Estoppel)

Defendants are informed and believe, and thereon allege, that plaintiff is barred

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

from asserting his claims herein against defendants by the doctrine of estoppel.

**THIRD AFFIRMATIVE DEFENSE**

**(Waiver)**

Defendants are informed and believe, and thereon allege, that plaintiff is barred from asserting his claims herein against defendants by the doctrine of waiver.

**FOURTH AFFIRMATIVE DEFENSE**

**(Statutes of Limitation)**

Defendants are informed and believe, and thereon allege, that plaintiff's claims are barred by the applicable statutes of limitation.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Defendants are informed and believe, and thereon allege, that plaintiff has failed to mitigate his damages, which bars or reduces his recovery.

**SIXTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

Defendants are informed and believe, and thereon allege, that plaintiff voluntarily assumed a known risk of injury, which bars or reduces his recovery.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Set Off)**

Defendants are informed and believe, and thereon allege, that to the extent that plaintiff has received collateral source benefits in full or partial payments of the damages sought in this action, defendants are entitled to a set off of any recovery against them to the extent of all benefits paid, or payable to, or on behalf of the plaintiff from any collateral source.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Superseding Cause)**

Defendants are informed and believe, and thereon allege, that plaintiff is barred from recovery because any injuries or damages alleged by plaintiffs, if any, was the result of new, independent, intervening, or superseding causes that are unrelated to these answering defendants'

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

conduct. Any actions on the part of answering defendants was not the proximate or producing cause of any alleged injuries or damages plaintiff claims were sustained.

**NINTH AFFIRMATIVE DEFENSE**

**(Laches)**

Defendants are informed and believe, and thereon allege, that plaintiff has unreasonably delayed the commencement of this action to the prejudice of these answering defendants. Therefore, the complaint is barred, in whole or in part, by the doctrine of laches.

**TENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Defendants are informed and believe, and thereon allege, that plaintiff is barred by the doctrine of unclean hands from maintaining his claims in this action against these answering defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Preemption)**

Defendants are informed and believe, and thereon allege, that plaintiff's claims are preempted in whole or in part by federal law.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Article III)**

Plaintiff's claims fail to assert a "case or controversy" as required under Article III of the United States Constitution; these failures include, but are not limited to, lacking standing and asserting moot claims.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Join Required/Indispensable Party)**

Plaintiff's claims are barred in whole or in part due to plaintiff's failure to join a required or indispensable party to the action and/or real party in interest.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(*In Pari Delicto*)**

Plaintiff's claims are barred in whole or in part under the doctrine of *in pari delicto*.

-4-
ANSWER AND AFFIRMATIVE DEFENSES

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Privilege/Justification)**

Defendants' acts or omissions were privileged and/or justified by, including but not limited to, the First Amendment of the United States Constitution, common interest privilege, and/or the litigation privilege.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Release or Indemnification)**

Plaintiff's claims are barred in whole or in part because plaintiff agreed to release defendants from liability and/or agreed to indemnify defendants.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Parol Evidence)**

Plaintiff's breach of contract claim is barred to the extent that it relies on extrinsic evidence deemed inadmissible by the parol evidence rule.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Prior Material Breach)**

Plaintiff's breach of contract claim is barred because plaintiff committed a prior material breach that relieved defendants of the duty to perform.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Consideration)**

Plaintiff's breach of contract claim is barred by failure of consideration.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

Plaintiff's breach of contract claim is barred by the doctrine of accord and satisfaction.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Illegality)**

Plaintiff's breach of contract claim is barred by illegality.

/ / /

/ / /

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Unconscionability)**

Plaintiff's breach of contract claim is barred under the doctrine of unconscionability.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Consent)**

Plaintiff's claims are barred because plaintiff consented to the conduct alleged.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Arbitration, ADR, Waiver of Jury Trial)**

Plaintiff's claims are subject to arbitration, alternative dispute resolution, and/or plaintiff has waived a jury trial.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Economic Loss Doctrine)**

Plaintiff's claims are barred in whole or in part by the economic loss doctrine.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Compliance with California Code and Regulations)**

Plaintiff's claims are barred in whole or in part because defendants complied with applicable California Codes and Regulations, including, but not limited to Bus. & Prof. Code § 21700, *et al.*; Ins. Code § 1758.7, *et al.*; and 10 C.C.R. § 2194, *et al.*

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Exhaustion of Remedies)**

Plaintiff's claims are barred in whole or in part because plaintiff failed to exhaust all administrative remedies.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(No Private Right of Action)**

Plaintiff's claims are barred because the statutes and regulations alleged to have been violated do not provide for a private right of action.

/ / /

/ / /

ANSWER AND AFFIRMATIVE DEFENSES

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(End Run)**

Plaintiff's claims are barred in whole or in part to the extent that he is using Bus. & Prof Code § 17200 in an attempt to end run a restriction associated with the underlying statutes, such as the failure of the legislature to allow for a private right of action.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Primary Jurisdiction)**

Plaintiff's claims are barred in whole or in part by the doctrine of primary jurisdiction.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Judicial Abstention)**

Plaintiff's claims are barred in whole or in part because this Court should abstain from intervening in this matter. *See Desert Healthcare Dist. v. Pacificare*, *FHP, Inc.*, 94 Cal. App. 4th 781, 794–95 (2001) (dismissing Section 17200 claim challenging defendant healthcare provider's capitation agreement with an intermediary because assessing appropriate levels of capitation and industry oversight—*i.e.*, determining economic policy—"is primarily a legislative and not a judicial function").

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Predecessor Liability)**

Plaintiff's claims are barred in whole or in part to the extent that any of the alleged wrongs were committed by any of the defendants' predecessors.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Advice of Counsel)**

Plaintiff's claims are barred in whole or in part to the extent that any of the alleged wrongs were committed after defendants reasonably relied in good faith on the advice of counsel.

WHEREFORE, defendants pray for judgment as follows:

1.    That this action be dismissed in its entirety, with prejudice;

2.    That judgment be entered in favor of defendants and against plaintiff;

ANSWER AND AFFIRMATIVE DEFENSES

Gordon & Rees LLP
275  Battery Street, Suite 2000
San Francisco, CA 94111

1      3.      That defendants be awarded its costs of suit and attorneys' fees incurred herein;

2  and

3      4.      For such and other further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: October 5, 2015        GORDON & REES LLP

By:  _____

Craig J. Mariam
Andrew M. Legolvan
Attorneys for Defendants
Mandot, LLC, d/b/a 1st American Self
Storage; Budget Self Storage, LLC,
d/b/a Tiger Self Storage; Elite Self
Storage Management, LLC; Brandon
Joseph Luthye; and Tina Luthye

Gordon & Rees LLP
275  Battery Street, Suite 2000
San Francisco, CA 94111

-8-
ANSWER AND AFFIRMATIVE DEFENSES

1  Craig J. Mariam  (SBN: 225280)
   cmariam@gordonrees.com
2  Andrew M. Legolvan (SBN: 292520)
   alegolvan@gordonrees.com
3  GORDON & REES LLP
   275 Battery Street, Suite 2000
4  San Francisco CA, 94111
   Telephone:  (415) 986-5900
5  Facsimile:  (877) 306-0043

6  Attorneys for Defendants,
   Mandot, LLC, d/b/a 1st American Self Storage;
7  Budget Self Storage, LLC, d/b/a Tiger Self Storage;
   Elite Self Storage Management, LLC;
8  Brandon Joseph Luthye; and Tina Luthye

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF SACRAMENTO

| | |
|---|---|
| 11  JOHN DELEON, individually and on behalf of<br>all others similarly situated and on behalf of the<br>12  general public,<br><br>13                            Plaintiff,<br><br>14          vs.<br><br>15  ELITE SELF STORAGE MANAGEMENT,<br>LLC, a California limited liability company;<br>16  MANDOT, LLC, D/B/A 1ST AMERICAN<br>SELF STORAGE, a California limited<br>17  liability company; BUDGET SELF<br>STORAGE, LLC, D/B/A TIGER SELF<br>18  STORAGE, a California limited liability<br>company; REPWEST INSURANCE<br>19  COMPANY, an Arizona corporation;<br>GREAT AMERICAN ASSURANCE<br>20  COMPANY, an Ohio corporation;<br>BRANDON JOSEPH LUTHYE, individually<br>21  and in his official capacity; TINA LUTHYE,<br>individually and in her official capacity; and<br>22  DOES 1 through 100, inclusive,<br><br>23                            Defendants. | CASE NO. 34-2015-001843-46<br><br>Judge:  Hon. Alan G. Perkins<br>Dept.:   35<br><br>**PROOF OF SERVICE**<br><br>Complaint Filed: September 16, 2015<br>Trial Date:  None |

24

25                      **PROOF OF SERVICE**

26      I am a resident of the State of California, over the age of eighteen years, and not a party

27  to the within action.  One of my business addresses is: Gordon & Rees LLP 275 Battery Street,

28

Gordon & Rees LLP
275  Battery Street, Suite 2000
San Francisco, CA 94111

-1-
PROOF OF SERVICE

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Suite 2000, San Francisco, CA  94111.  On October 5, 2015, I served the within documents to

2  the addressee(s) below as follows:

3      **1.  ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS ELITE SELF
          STORAGE MANAGEMENT, LLC; MANDOT, LLC, D/B/A 1ST AMERICAN
4         SELF STORAGE; BUDGET SELF STORAGE, LLC, D/B/A TIGER SELF
          STORAGE; BRANDON JOSEPH LUTHYE; AND TINA LUTHYE**

5

6  ☐  **BY FAX:**  by transmitting via facsimile the document(s) listed above to the fax
       number(s) set forth below on this date before 5:00 p.m. pursuant to Code of Civil
7      Procedure § 10103e.

   ☐  **BY PERSONAL SERVICE BY CAUSE:** I caused to be personally delivered the
8      document(s) listed above to the addressee(s) set forth below pursuant to Code of Civil
       Procedure § 1011.

9  ☒  **BY MAIL:**  by placing the document(s) listed above in a sealed envelope with
       postage thereon fully prepaid, in United States mail in the State of California at San
10     Diego, addressed as set forth below.  I am familiar with this firm's practice of
       collection and processing correspondence for mailing with the United States Postal
11     Service, and that the correspondence shall be deposited with the United States Postal
       Service this same day in the ordinary course of business pursuant to Code of Civil
12     Procedure § 1013a.

13 ☐  **BY ELECTRONIC MAIL:**  by transmitting via electronic mail the document(s)
       listed above to the addressee(s) listed below on this date before 5:00 pm pursuant to
14     Code of Civil Procedure § 1010.6

15 ☐  **BY OVERNIGHT DELIVERY:** by placing a true copy thereof enclosed in a sealed
       envelope, at a station designated for collection and processing of envelopes and
16     packages for overnight delivery **by Federal Express** as part of the ordinary business
       practices of Gordon & Rees LLP, addressed as set forth below:

17 Fred W. Schwinn, Esq.
   Consumer Law Center, Inc.
18 12 South First Street, Suite 1014
   San Jose, CA  95113-2418
19 Tel: 408-294-6100
   Fax: 408-294-6190
20 Email: fred.schwinn@sjconsumerlaw.com

21 Attorneys for Plaintiff John Deleon

22

23     I declare under penalty of perjury under the laws of the State of California that the above

24 is true and correct.

25     Executed on October 5, 2015.                    _____

26                                                     Jeanne P. Farrar

27

28