UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DELEON, individually and on behalf of all others similarly situated and the general public,<br><br>Plaintiff,<br><br>v.<br><br>ELITE SELF STORAGE MANAGEMENT, LLC, et al.,<br><br>Defendants. | No. 2:15-cv-02087-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

Plaintiff John DeLeon ("Plaintiff") filed the pending Motion for Preliminary Injunction (ECF No. 11). Plaintiff seeks an order enjoining Defendants Elite Self Storage Management, LLC, Mandot LLC, doing business as 1st American Self Storage, Budget Self Storage, LLC, dba Tiger Self Storage, Repwest Insurance Company, Great American Assurance Company, Brandon Joseph Luthye, and Tina Luthye (collectively "Defendants") from engaging in the business practice of denying self-service storage tenants access to all storage facilities operated or managed by Defendant, Elite Self Storage Management, LLC (hereinafter "Elite"), for failure to pay fees and charges due at any self-service storage facility operated or managed by Elite. Plaintiff asks that the requested injunction remain effective for the duration of this litigation.

1

Defendants oppose Plaintiff's Motion on two grounds: (1) Plaintiff has already removed his personal property from Defendants' premises, and (2) because the parties have no intention of resuming a business relationship for storing Plaintiff's personal property, there is no longer any actionable "case or controversy." ECF No. 29.

The Court agrees that there is no live "case or controversy," as Article III of the United States Constitution requires. Accordingly, Plaintiff's Motion is DENIED as moot.

## BACKGROUND[1]

On March 23, 2015, Plaintiff went to Tiger Self Storage to rent a storage unit for his family's personal property. On May 5, 2015, Plaintiff went to 1st American Self Storage to rent an additional storage unit. Both Tiger Self Storage and 1st American Self Storage are owned and operated by Elite.

On August 2, 2015, Plaintiff attempted to access his storage unit at the 1st American Self Storage facility and was denied access. After contacting 1st American Self Storage to inquire as to his denied access, Plaintiff was informed that he would not have access to either of his storage units until he made his rental balance current. On September 16, 2015, after partial payment and further negotiation, Plaintiff regained access to his storage units. On October 2, 2015, Plaintiff removed his personal property from the storage units.

## ANALYSIS

Plaintiff contends that a preliminary injunction is necessary to protect him from unlawful fees and being refused lawful access to his self-service storage units and the personal property stored therein.

---

[1] The following statement of facts is based on the allegations in Plaintiff's Complaint (ECF No. 1-1, Ex. A).

Defendants counter that the following facts are undisputed: (1) Defendants granted Plaintiff access to his personal belongings, (2) Plaintiff regained possession of his personal belongings, and (3) Defendants are no longer in possession of any of Plaintiff's personal belongings. Defendants further contend that in order for Defendants to be physically capable of engaging in the same alleged conduct—that is, denying Plaintiff access to his storage unit—Plaintiff would first need to rent another storage unit from Defendants. Based on the parties' history of dealings, threats of litigation, and filing a lawsuit, there is no reasonable expectation that Plaintiff will ever give Defendants access to his property again. Because there is no reasonable expectation that Defendants will ever again have possession of Plaintiff's personal property, Plaintiff's request for a preliminary injunction should be denied as moot.

"[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971). "The inability of the federal judiciary 'to review moot cases derives from the requirement of Art[icle] III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" DeFunis v. Odegaard, 416 U.S. 312, 316 (1974) (quoting Liner v. Jafco, Inc., 375 U.S. 301, 306 n.3 (1964)). A claim is moot "'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" Already, LLC v. Nike, Inc., 133 S. Ct. 721, 726 (2013) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982) (per curiam)). Further, "[a] case becomes moot when the interim relief or events have deprived the court of the ability to redress the party's injuries." United States v. Alder Creek Water Co., 823 F.2d 343, 345 (9th Cir. 1987).

"There is a line of decisions . . . standing for the proposition that the 'voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot.'" DeFunis, 416 U.S. at 318 (quoting United States v. W.T. Grant Co., 345 U.S. 629, 632 (1953)). However, "[t]he case may nevertheless be moot if the defendant can demonstrate that 'there is no

reasonable expectation that the wrong will be repeated[;]' [t]he burden is a heavy one." W.T. Grant Co., 345 U.S. at 633.

Plaintiff no longer has any belongings stored on Defendants' property, and there is no indication that Plaintiff's commercial relationship with Defendants will resume. Consequently, there is no reasonable expectation that the alleged wrong will be repeated as to Plaintiff. Although Plaintiff emphasizes injuries that might result to the proposed class absent a preliminary injunction, the Court has not certified any class. Because Plaintiff's claim is moot prior to class certification, Plaintiff does not have standing to vindicate the alleged class-wide injury. See Genesis Healthcare Corp. v. Symcyzk, 133 S. Ct. 1523, 1532 (2013) (explaining that because Plaintiff "ha[d] no personal interest in representing putative, unnamed claimants, nor any other continuing interest that would preserve her suit from mootness[, her] suit was . . . appropriately dismissed for lack of subject-matter jurisdiction").

## CONCLUSION

Plaintiff's Motion for Preliminary Injunction (ECF No. 11) is DENIED as moot.

IT IS SO ORDERED.

Dated:  February 12, 2016

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT