1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                            EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN DELEON, individually and on          No.  2:15-CV-02087-MCE-EFB
     behalf of all others similarly situated
12   and the general public,

13              Plaintiff,                      **ORDER**

14        v.

15   ELITE SELF STORAGE
     MANAGEMENT, LLC, a California
16   limited liability company; MANDOT,
     LLC, D/B/A 1ST AMERICAN SELF
17   STORAGE, a California limited liability
     company; BUDGET SELF STORAGE,
18   LLC, D/B/A TIGER SELF STORAGE, a
     California limited liability company;
19   REPWEST INSURANCE COMPANY,
     an Arizona corporation; GREAT
20   AMERICAN ASSURANCE COMPANY,
     an Ohio corporation; BRANDON
21   JOSEPH LUTHYE, individually and in
     his official capacity; TINA LUTHYE,
22   individually and in her official capacity,

23
                Defendants. *
24

25

26

27   _____

28        * The caption has been amended according to the Dismissal of Doe Defendants portion of the
     Status (Pretrial Scheduling) Order, ECF No. 39.

1  In Plaintiff John DeLeon's ("Plaintiff's") Complaint (ECF No. 1-1 Ex. A), Plaintiff

2  alleges several causes of action against Defendants Elite Self Storage Management,

3  LLC, Mandot, LLC, dba 1st American Self Storage, Budget Self Storage, LLC, dba Tiger

4  Self Storage, Brandon Joseph Luthye, and Tina Luthye (collectively "Defendants"). Each

5  of Plaintiff's claims stem from Defendants' alleged refusal to allow Plaintiff access to his

6  personal belongings, stored in rented storage units owned by Defendants, due to

7  Plaintiff's alleged failure to fully pay the required rental costs and fees set forth in his

8  rental agreements.

9  Defendants have filed an Answer to Plaintiff's Complaint. (ECF No. 1-1 Ex. A-4.)

10  Pending before the Court is Plaintiff's Motion to Strike (ECF No. 21), which requests that

11  the Court strike all thirty-three affirmative defenses asserted by Defendants. (Pl.'s Mot. to

12  Strike Affirmative Defenses ("Mot.") 1:10-15, ECF No. 21.) Plaintiff's motion is brought

13  under Federal Rule of Civil Procedure ("Rule") 12(f). (Id. at 1:10-12.) Plaintiff argues his

14  motion should be granted because Defendants have attempted to allege defenses which

15  are not actually defenses, have raised immaterial defenses, and Defendants'' affirmative

16  defenses are not pled with sufficient particularity to provide Plaintiff with fair notice. (Id. at

17  1:11-15.) Defendants oppose Plaintiff's Motion to Strike and within their opposition

18  request leave to file crossclaims. (Defs.' Opp'n ("Opp'n"), ECF No. 37.) For the reasons

19  that follow, Plaintiff's Motion is GRANTED in part and DENIED in part; moreover,

20  Defendants' request for leave to file crossclaims is improper.

21

22  **STANDARD**

23

24  An affirmative defense is an "assertion of facts and arguments that, if true, will

25  defeat the plaintiff's . . . claim, even if all the allegations in the complaint are true."

26  Black's Law Dictionary (10th ed. 2014). A court may strike an insufficiently pled

27  affirmative defense under Rule 12(f).[1]

28  _____

[1] Rule 12(f) prescribes: "The court may strike from a pleading an insufficient defense or any

2

1    District courts in this circuit were previously split on whether the heightened

2    pleading standard that the United States Supreme Court announced in Twombly and

3    Iqbal applied to affirmative defenses. Some courts, including this Court, concluded that

4    affirmative defenses were subject to the heightened pleading standard. See, e.g., Wine

5    Group LLC, v. L. and R. Wine Co., No. 2:10–cv–022040–MCE–KJN, 2011 WL 130236,

6    at *2 (E.D. Cal. Jan.4, 2011); Dodson v. Strategic Rests. Acquisition Co. II, LLC, 289

7    F.R.D. 595 (E.D. Cal. 2013). Other courts, however, declined to apply the heightened

8    pleading standard to affirmative defenses, citing Wyshak v. City National Bank, 607 F.2d

9    824, 826 (9th Cir.1979), for the proposition that the pleadings need only provide the

10   plaintiff "fair notice" of the defense. See, e.g., Kohler v. Staples the Office Superstore,

11   LLC, 291 F.R.D. 464, 468 (S.D. Cal.2013).

12   The Ninth Circuit, however, has resolved the split in the district courts. In Kohler,

13   the Ninth Circuit explained that "the 'fair notice' required by the pleading standards only

14   require[s] describing [an affirmative] defense in 'general terms.'" Kohler v. Flava Enters.,

15   Inc., 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5 Charles Alan Wright & Arthur Miller,

16   Federal Practice and Procedure, § 1274 (3d ed. 1998)). Accordingly, this Court now

17   applies the "fair notice" standard, and not the heightened pleading standard announced

18   in Twombly and Iqbal, when evaluating motions to strike affirmative defenses.

19   "[A] district court should grant leave to amend even if no request to amend the

20   pleading was made, unless it determines that the pleading could not possibly be cured

21   by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000)

22   (internal quotation marks omitted); see also Fed. R. Civ. P. 15(a).

23   ///

24   ///

25   ///

26   ///

27   ///

28
redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

# ANALYSIS

## A. Defendants' Eleventh, Fourteenth, Fifteenth, Seventeenth, Nineteenth, Twentieth, Twenty-First, Twenty-Second, Twenty-Third, Twenty-Sixth, Twenty-Ninth, Thirty-First, Thirty-Second and Thirty-Third Affirmative Defenses

In Defendants' opposition, Defendants elected to withdraw their eleventh, fourteenth, fifteenth, seventeenth, nineteenth, twentieth, twenty-first, twenty-second, twenty-third, twenty-sixth, thirty-first, thirty-second and thirty-third affirmative defenses. (Opp'n 7:7-11, 17-19, 24-25; 8:1-12; 9:23-10:3; 10:4-6, 17-18, 24-27.) Therefore, the above-listed affirmative defenses are stricken.

## B. Defendants' Twelfth and Twenty-Eighth Affirmative Defenses

In Defendants' opposition Defendants state that they will raise the arguments set forth in their twelfth affirmative defense (Article III standing) and twenty-eighth affirmative defense (statutory standing) through an appropriate dispositive motion. (Id. at 8:16-17; 10:1-3.) Therefore, Defendants' twelfth and twenty-eight affirmative defenses are also stricken.

## C. Defendants' Remaining Affirmative Defenses

Plaintiff's Motion requests that the Court strike the remaining affirmative defenses that Defendants assert in their Answer. The Court will examine, in turn, each of those disputed defenses.

### 1. Defendants' First and Eighth Affirmative Defenses

In the first affirmative defense, Defendants assert that Plaintiff's recovery may be reduced or barred to the extent that Plaintiff or a third-party is responsible for Plaintiff's alleged damages. (Answer 2:22-25.) Similarly, Defendants' eighth affirmative defense alleges that Plaintiff's damages were the result of a superseding cause. (Id. at 3:26-4:2.) Third-party liability is an affirmative defense and Defendants' Answer gives Plaintiff fair notice of the defense. See Geurin v. Winston Indus., Inc., 316 F.3d 879, 885 (9th Cir. 2002) (suggesting that the district court erred in dismissing the "affirmative defense of third-party liability"). Accordingly, Plaintiff's Motion is DENIED as to the first and eighth affirmative defense.

4

### 2. Defendants' Second, Third, Ninth, and Tenth Affirmative Defenses

Defendants assert that Plaintiff's claims are barred by the doctrine of estoppel in their second affirmative defense (Answer 2:28-3:1). They also assert the doctrine of waiver by way of their third affirmative defense (Id. at 3:4-5), the doctrine of laches in their ninth affirmative defense (Id. at 4:5-7), and by the doctrine of "unclean hands" in their tenth affirmative defense (Id. at 4:10-12). "Defendants' statement[s] of their second[, third, ninth, and tenth] affirmative defense[s], despite being vague and general, . . . put Plaintiff on notice of Defendants' intentions to claim . . . affirmative defense[s] under the doctrine[s] of [estoppel, waiver, laches, and unclean hands; these] statement[s] sufficiently state[] the nature and grounds for the affirmative defense[s] . . . as required by the fair notice standard." Springer v. Fair Isaac Corp., No. 14-CV-002238-TLN-AC, 2015 WL 7188234, at *4 (E.D. Cal. Nov. 16, 2015). Further, "under the fair notice standard, Defendant[s do] not need to plead a detailed statement of the facts upon which the defense is based." Id. Accordingly, Plaintiff's Motion is DENIED as to the second, third, ninth, and tenth affirmative defenses.

### 3. Defendants' Fourth Affirmative Defense

In their fourth affirmative defense, Defendants assert that Plaintiff's claims are "barred by the applicable statutes of limitation." (Answer 3:8-9.) Plaintiff contends that Defendants cannot prevail on a statute of limitations defense. (Mot. 10:8-10.) Defendant rejoins that the statute of limitations defense is applicable to the class as a whole; not Plaintiff alone. (Opp'n 5:3-4.) "[F]ederal courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as best determined only after further development." Hernandez v. Balakian, No. CV-F-06-1383 OWW/DLB, 2007 WL 1649911, at *1 (E.D. Cal. June 1, 2007) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed.)). Since this portion of Plaintiff's motion concerns substantial issues of law, Plaintiff's motion to strike Defendants' fourth affirmative defense is DENIED.

///

1

### 4.  Defendants' Fifth Affirmative Defense

2          In the fifth affirmative defense, Defendants assert that Plaintiff failed to mitigate

3   his damages. (Answer 3:12-13.) "[T]he duty to mitigate damages is an affirmative

4   defense. . . ." <u>Wehrs v. Wells</u>, 688 F.3d 886, 893 (7th Cir. 2012). "'Courts have held that

5   a generalized statement meets [D]efendant's pleading burden with respect to the

6   affirmative defense of damage mitigation.'" <u>Lexington Ins. Co. v. Energetic Lath &</u>

7   <u>Plaster, Inc.</u>, No. 2:15-CV-00861-KJM, 2015 WL 5436784, at *13 (E.D. Cal. Sept. 15,

8   2015) (quoting <u>Bd. of Trs. of San Diego Elec. Pension Trust v. Bigley, Elec., Inc.</u>, No.

9   07–634-IEG (LSP), 2007 WL 2070355, at *3 (S.D. Cal. July 12, 2007)). Because

10  Defendants' Answer gives Plaintiff fair notice of the defense, Plaintiff's Motion is DENIED

11  as to the fifth affirmative defense.

12

### 5.  Defendants' Sixth Affirmative Defense

13         In the sixth affirmative defense, Defendants assert that Plaintiff "voluntarily

14  assumed a known risk of injury, which bars or reduces his recovery." (Answer 3:16-17.)

15  Defendant explains:

16              Plaintiff himself pleads throughout his complaint that his
                personal belongings were and are a subject of this action. He
17              also pleads throughout his complaint that he entered into
                agreement(s) with the various rental agencies. By extension,
18              he is aware that he assumed the risk his belongings could
                potentially be the subject of sale in the event of default or
19              contractual breach

20  (Opp'n 5:19-23.) Because Defendants' Answer gives Plaintiff fair notice of the defense,

21  Plaintiff's Motion is DENIED as to the sixth affirmative defense.

22

### 6.  Defendants' Seventh Affirmative Defense

23         In the seventh affirmative defense, Defendants argue that "to the extent that

24  [P]laintiff has received collateral source benefits in full or partial payments of the

25  damages sought in this action, [D]efendants are entitled to a set off of any recovery

26  against them. . . ." (Answer 3:20-23.) This is not an affirmative defense, as it will not

27  defeat Plaintiff's claims. <u>See</u> Black's Law Dictionary, <u>supra</u>.  Accordingly, Plaintiff's

28  Motion is GRANTED as to the seventh affirmative defense, and that defense is

1   STRICKEN from Defendants' answer. Because amendment would necessarily be futile
2   Defendants are not given leave to amend their seventh affirmative defense.

### 7.   Defendants' Thirteenth Affirmative Defense

4        In the thirteenth affirmative defense, Defendants assert that "Plaintiff's claims are
5   barred in whole or in part due to [P]laintiff's failure to join a required or indispensable
6   party to the action and/or real party in interest." (Answer 4:24-25.) "Failure to name a
7   necessary party is a legally sufficient defense." Rapp v. Lawrence Welk Resort, No. 12-
8   CV-01247 BEN WMC, 2013 WL 358268 at *3 (S.D. Cal. January 28, 2013). Accordingly,
9   the Court finds that Defendants provide fair notice of the defense, and DENIES Plaintiff's
10  Motion to Strike Defendants' thirteenth affirmative defense.

### 8.   Defendants' Sixteenth Affirmative Defense

12       Defendants' sixteenth affirmative defense states that Plaintiff's claims are barred
13  because Plaintiff agreed to release Defendants from liability and/or agreed to indemnify
14  Defendants. (Answer 5:8-9.) The Court finds that Defendants provide fair notice of the
15  defense, and DENIES Plaintiff's Motion to Strike as to Defendants' sixteenth affirmative
16  defense.

### 9.   Defendants' Eighteenth Affirmative Defense

18       Defendants' eighteenth affirmative defense is pled as follows: "Plaintiff's breach of
19  contract claim is barred because [P]laintiff committed a prior material breach that
20  relieved [D]efendants of the duty to perform." (Answer 5:16-17.) The contention that a
21  party to a contract is excused from performance because of a prior material breach by
22  the other contracting party is an affirmative defense that must be affirmatively pleaded.
23  See Comercializadora Recmaq v. Hollywood Auto Mall, LLC, No. 12-cv-0945 AJB
24  (MDD), 2014 WL 3628272 at *18 (S.D. Cal. July 21, 2014) (recognizing prior material
25  breach as an affirmative defense). The Court finds that Defendants provide fair notice of
26  the defense, and DENIES Plaintiff's Motion to Strike as to Defendants' eighteenth
27  affirmative defense.
28  ///

### 10. Defendants' Twenty-Fourth Affirmative Defense

In the twenty-fourth affirmative defense, Defendants assert that Plaintiff's claims are subject to arbitration, alternative dispute resolution, and/or Plaintiff has waived a jury trial. (Answer 6:9-10.) The Court finds that Defendants provide fair notice of the defense, and DENIES Plaintiff's Motion to Strike as to Defendants' twenty-fourth affirmative defense.

### 11. Defendants' Twenty-Fifth Affirmative Defense

Defendants' twenty-fifth affirmative defense is pled as follows: "Plaintiff's claims are barred in whole or in party by the economic loss doctrine." (Answer 6:13.) "Under the economic loss doctrine, a plaintiff's tort recovery of economic damages is barred unless such damages are accompanied by some form of physical harm (i.e., personal injury or property damage)." In re Sony Gaming Networks & Customer Data Sec. Breach Litig., 903 F.Supp.2d 942, 961 (S.D. Cal. 2012). California recognizes "the economic loss doctrine." Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal. 4th 979, 988 (2004). Therefore, the Court finds that Defendants provide fair notice of the defense, and DENIES Plaintiff's Motion to Strike as to Defendants' twenty-fifth affirmative defense.

### 12. Defendants' Twenty-Seventh and Thirtieth Affirmative Defense

In the twenty-seventh affirmative defense, Defendants argue that "Plaintiff's claims are barred in whole or in part because [P]laintiff failed to exhaust all administrative remedies." (Answer 6:21-22.) Defendants' thirtieth affirmative defense is pled as follows: "Plaintiff's claims are barred in whole or in part by the doctrine of primary jurisdiction." (Id. at 7:8.) Defendants fail to identify any administrative remedies that Plaintiff must first exhaust and has similarly not identified an administrative body or jurisdiction which would be more appropriate for this action. Therefore, Defendants' twenty-seventh and thirtieth affirmative defenses fail to provide fair notice. Accordingly, Plaintiff's Motion is GRANTED as to the twenty-seventh and thirtieth affirmative defense, and that defense is STRICKEN from Defendants' answer. Plaintiff has failed to

///

8

1   demonstrate amendment would necessarily be futile and Defendants are thus given

2   leave to amend their twenty-seventh and thirtieth affirmative defenses.

3        **D. Defendants' Request for Leave to File Crossclaims**

4        In Defendants' opposition to Plaintiff's motion to strike, Defendants include an

5   affirmative request for leave to file crossclaims. Local Rule 230(e) states that "[a]ny

6   counter-motion or other motion that a party may desire to make that is related to the

7   general subject matter of the original motion shall be served and filed in the manner and

8   on the date prescribed for the filing of opposition." However, Defendants' request for

9   leave to file cross-claims is not related to the general subject matter of the underlying

10  motion to strike affirmative defenses. Therefore, Defendants' motion is defective

11  pursuant to Local Rule 230(b). Accordingly Defendants' request for leave to file cross-

12  claims is void and should instead be filed as a separate, noticed motion.

13

14                    **CONCLUSION**

15

16       For the reasons stated, Plaintiff's motion to strike is GRANTED as to Defendants'

17  seventh affirmative defense without leave to amend. Plaintiff's motion to strike is also

18  GRANTED as to Defendants' twenty-seventh and thirtieth affirmative defenses.

19  Defendants have fourteen (14) days from the date on which this order is filed to file an

20  amended answer addressing any deficiencies in Defendants' twenty-seventh and

21  thirtieth affirmative defense.

22       Based upon Defendants' withdrawal the Court also strikes Defendants' eleventh,

23  twelfth, fourteenth, fifteenth, seventeenth, nineteenth, twentieth, twenty-first, twenty-

24  second, twenty-third, twenty-sixth, twenty-eighth, twenty-ninth, thirty-first, thirty-second,

25  and thirty-third affirmative defenses.

26  ///

27  ///

28  ///

1       Plaintiff's motion is DENIED as to Defendants' first, second, third, fourth, fifth,

2 sixth, eighth, ninth, tenth, thirteenth, sixteenth, eighteenth, twenty-fourth and twenty-fifth

3 affirmative defenses. Lastly Defendants' request for leave to file cross-claims is defective

4 and Defendants shall file a separate, noticed motion in order for their request in that

5 regard to be considered by the court.

6       IT IS SO ORDERED.

7 Dated:  March 7, 2016

8

9

10 _____

     MORRISON C. ENGLAND, JR., CHIEF JUDGE

11      UNITED STATES DISTRICT COURT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28