UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DELEON, individually and on behalf of all others similarly situated and the general public,<br><br>        Plaintiff,<br><br>    v.<br><br>ELITE SELF STORAGE MANAGEMENT, LLC, a California limited liability company; MANDOT, LLC, D/B/A 1ST AMERICAN SELF STORAGE, a California limited liability company; BUDGET SELF STORAGE, LLC, D/B/A TIGER SELF STORAGE, a California limited liability company; REPWEST INSURANCE COMPANY, an Arizona corporation; GREAT AMERICAN ASSURANCE COMPANY, an Ohio corporation; BRANDON JOSEPH LUTHYE, individually and in his official capacity; TINA LUTHYE, individually and in her official capacity,<br><br>        Defendants.* | No. 2:15-cv-02087-MCE-EFB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL REMAND** |

///

///

---

    * The caption has been amended according to the Dismissal of Doe Defendants portion of the Status (Pretrial Scheduling) Order, ECF No. 39.

1

Plaintiff John DeLeon moves for an order partially remanding his claim for injunctive relief back to the Superior Court of California, Sacramento County, under 28 U.S.C. § 1447(c). For the reasons stated below, Plaintiff's motion is DENIED.[1]

## BACKGROUND

Plaintiff initially brought this action in Sacramento Superior Court and Defendants removed it, citing diversity of citizenship under 28 U.S.C. § 1332. (Notice of Removal, ECF No. 1.) Plaintiff's lawsuit stems from Defendants' alleged refusal to allow Plaintiff to access his personal belongings contained within storage units owned by and rented from Defendants. Defendants denied that access because Plaintiff had failed to pay all of the fees required by his rental contract with Defendants

Although Defendants ultimately granted Plaintiff access to his personal belongings, Plaintiff nonetheless persisted in his request for a preliminary injunction preventing Defendants from denying such access in the future. Because Plaintiff had already received the relief he requested and because there was no likelihood of Plaintiff restarting his relationship with Defendants, the Court denied his request for preliminary injunction as moot. (ECF No. 48.) Plaintiff now moves for an order partially remanding his claim for injunctive relief back to the Superior Court of California, Sacramento County. (Pl.'s Mot. for Remand ("Mot."), ECF No. 50.)

## ANALYSIS

Plaintiff earlier requested that his request for preliminary injunction be remanded if the Court were inclined to grant it. Instead, however, the Court simply denied Plaintiff's claim for injunctive relief as moot. (See Pl.'s Reply Br. in Support of Mot. for Prelim. Inj.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for March 24, 2016.

4:22-5:1, ECF No. 34 ("If there is an issue with [Plaintiff]'s Article III standing, the appropriate remedy is remand back to the state court from whence this case came."))

Because the instant Motion seeks relief that has already been denied, it is construed as a motion for reconsideration. See Rao v. AmerisourceBergen Corp., No. CIV S–08–1527 DAD PS, 2011 WL 1464378, *1-2 (E.D. Cal. Apr. 15, 2011) ("the court construes plaintiff's motion as one for reconsideration pursuant to Local Rule 230"). Local Rule 230(j) prescribes:

> Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge . . . an affidavit or brief . . . setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including:
>
> (1) when and to what Judge . . . the prior motion was made;
>
> (2) what ruling, decision, or order was made thereon;
>
> (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
>
> (4) why the facts or circumstances were not shown at the time of the prior motion.

E.D. Cal. L.R. 230(j). Plaintiff has not met the requirement of Local Rule 230(j). He has failed to demonstrate any changed facts or circumstances that did not exist at the time of his initial motion for injunctive relief, let alone why such facts or circumstances were not raised earlier. Plaintiff's current Motion accordingly fails. See Rao, 2011 WL 1464378 at *2 ("plaintiff has not presented in her brief any new or different facts or circumstances which did not exist or could have been shown prior to the filing of the court's order granting defendant's motion for summary judgment. Accordingly, the court finds that plaintiff is not entitled to reconsideration pursuant to Local Rule 230.")

///
///
///
///

**CONCLUSION**

For the above-stated reasons, Plaintiff's Motion for Partial Remand (ECF No. 50) is DENIED.

IT IS SO ORDERED.

Dated: June 22, 2016

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE