UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DELEON, individually and on behalf of all others similarly situated and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>ELITE SELF STORAGE MANAGEMENT, LLC, a California limited liability company, et al.,<br><br>Defendants. | No. 2:15-cv-02087-MCE-EFB<br><br>**ORDER** |

Defendants Mandot, LLC (dba 1st American Self Storage), Budget Self Storage, (dba Tiger Self Storage), Elite Self Storage Management, LLC, Brandon Joseph Luthye and Tina Luthye (collectively "Moving Defendants") have filed a motion in this matter seeking leave to file a cross-complaint against Defendant Repwest Insurance Company ("Repwest") as well as a third-party complaint against Sage Insurance Servicing, LLC ("Sage") and Ponderosa Insurance Agency, LLC ("Ponderosa"). As set forth below, those Motions are GRANTED.[1]

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered the matter submitted on the briefs. E.D. Local Rule 230(g).

1

Moving Defendants operate self-storage facilities, and for a time permitted Ponderosa, as well as Defendant Repwest, to sell property insurance to tenants of 1st American.  Defendant Tiger Self Storage similarly permitted the sale of policies to its tenants through Sage.  Moving Defendants now seek to file a cross-complaint seeking equitable indemnity from Repwest if Repwest's actions in securing insurance failed to satisfy various statutory and regulatory requirements.  Similarly, Moving Defendants seek to file a third-party complaint against Sage, who is not yet a party to this litigation, on grounds that Sage may also have failed to comply with similar requirements.  Defendant Repwest opposes Moving Defendant's Motion on grounds that equitable indemnity claims are unavailable to claims brought against Moving Defendants pursuant to California's Unfair Competition Law ("UCL") as codified at California Business and Professions Code § 17200, et seq.  Repwest further contends that Moving Defendants have not met the essential elements of a claim for equitable indemnity in any event because they do not allege to have been joint tortfeasors.

Federal Rule of Civil Procedure 13(g)[2] permits a defendant to assert a cross-claim against a co-party who may be liable to the defendant for claims arising out of the same transaction or occurrence as the subject matter of the original action.  Similarly, Rule 14(a) permits a defending party to serve a summons and complaint on a nonparty alleged to be liable for all or part of the claims being asserted against the defendant.   In asserting the propriety of a motion to amend, courts looks generally to whether 1) the moving party has acted in bad faith;  2) the presence of undue delay; 3) likely prejudice to the opposing party; 4) the futility of the amendment sought; and 5) the moving party's previous amendments.  Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990).  If any of these factors justifies denying an opportunity to amend, a court has discretion to foreclose amendment.  Foman v. Davis, 371 U.S. 178, 182 (1962).

///

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1    In addressing these factors, Moving Defendants assert that there is no evidence
2 of any bad faith, that neither undue delay or prejudice is an issue since the case is still in
3 its infancy, that the asserted grounds for indemnity are not futile, and that no previous
4 amendment to the pleadings has been sought.   Repwest takes no issue with those
5 assertions other than to argue, as indicated above, that the proposed amendments are
6 futile since Moving Defendants cannot state a viable claim for equitable indemnity under
7 the circumstances.
8    The Court disagrees with the contention that the proposed cross-claim or third-
9 party complaint would necessarily be futile.  While Repwest argues that statutory
10 violations of the UCL, like those asserted against moving defendants, cannot form the
11 basis for equitable indemnity, the authority it cites interprets not the UCL but instead
12 other statutory schemes containing their own contribution and indemnity provisions.
13 See, e.g., Employers Ins. v. Musick, Peeler & Garrett, 948 F. Supp. 942, 945 (S.D. Cal.
14 1995) (no equitable indemnity where the California Corporations Code contained its own
15 system for contribution and indemnity).  Repwest cites no authority pertaining specifically
16 to UCL violations, and Moving Defendants assert that the UCL contains no such
17 provisions.  Moreover, Repwest's argument that equitable indemnity requires the
18 presence of a joint tortfeasor appears misplaced.  See BFGC Architects Planners, Inc. v.
19 Forcum/Mackey Construction, Inc., 119 Cal. App. 4th 848, 852 (2004) ("[J]oint and
20 several liability in the context of equitable indemnity is fairly expansive."  We agree it is
21 not limited to 'the old common term 'joint tortfeasor' . . . 'It can apply to acts that are
22 concurrent or successive, joint or several, as long as they create a detriment caused by
23 several actors.").
24    Repwest does correctly point out that the futility of amendment must be measured
25 by the standards applicable to the sufficiency of a challenged pleading under Rule
26 12(b)(6).  See Kuschner v. Nationwide Credit, Inc., 256 F.R.D. 684, 687 (E.D. Cal.
27 2009).  Nonetheless, a proposed amendment is futile only if it would be immediately
28 subject to dismissal.  Johnson v. Serenity Transp., Inc., 2015 WL 4913266 at *3 (N.D.

3

1 | Cal. Aug. 17, 2015).  Here, no such showing has been made as indicated above.
2 | Additionally, and in any event, the Court declines to exhaustively adjudicate the propriety
3 | of pleadings in the context of a motion to amend.  Instead, such a challenge under the
4 | circumstances present here should be made, if necessary, through a fully briefed motion
5 | to dismiss.
6 |      In sum, for all the foregoing reasons, Moving Defendants' Motion for Leave to File
7 | Cross-Complaint and Third-Party Complaint (ECF No. 59) is GRANTED.  Moving
8 | Defendants are directed to file and serve their proposed Cross-Complaint and Third-
9 | Party Complaint within seven (7) days from the date this order is electronically filed.
10 |      IT IS SO ORDERED.
11 | Dated:  June 24, 2016

*[signature]*
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE