RICHARD AMOROSO (AZ Bar No. 010756 – *Admitted Pro Hac Vice*)
JENNIFER J. AXEL (AZ Bar No. 023883 – *Admitted Pro Hac Vice*)
POLSINELLI PC
CityScape, One E. Washington St., Ste. 1200
Phoenix, AZ 85004
Telephone:  602.650.2000
Email:  ramoroso@polsinelli.com
Email:  jaxel@polsinelli.com

ZUZANA S. IKELS (State Bar #208671)
POLSINELLI PC, POLSINELLI LLP in California
Three Embarcadero Center, Suite 1350
San Francisco, CA 94111
Telephone: 415-248-2100
Facsimile: 415-248-2101
Email: zikels@polsinelli.com

Attorneys for Defendant
REPWEST INSURANCE COMPANY

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| JOHN DELEON, individually and on behalf of all others similarly situated and on behalf of the general public,<br><br>                    Plaintiffs,<br><br>v.<br><br>ELITE SELF STORAGE MANAGEMENT, LLC, a California limited liability company; MANDOT, LLC, D/B/A 1ST AMERICAN SELF STORAGE, a California limited liability company; BUDGET SELF STORAGE, LLC, D/B/A TIGER SELF STORAGE, a California limited liability company; REPWEST INSURANCE COMPANY, an Arizona corporation; GREAT AMERICAN ASSURANCE COMPANY, an Ohio corporation; BRANDON JOSEPH LUTHYE, individually and in his official capacity; TINA LUTHYE, individually and in her official capacity; and DOES 1 through 100, inclusive,<br><br>                    Defendants. | Case No. 2:15-CV-02087-MCE-EFB<br><br>**STIPULATED AND [~~PROPOSED~~] PROTECTIVE ORDER**<br><br>[FED. R. CIV. PROC. RULE 26; E.D. LOCAL RULES, RULES 141.1, 143 AND 302(C)(2)] |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending, or settling this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal. Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. DEFINITIONS

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 CONFIDENTIAL: any information that a Designating Party in good faith believes constitutes or reveals proprietary and/or confidential business information or information that is private and personal in nature, the public disclosure of which could cause material harm. Confidential information might include, but is not limited to: trade secrets; research, development, or commercial information of the Designating Party or of the Designating Party's clients, customers, affiliates, agents or independent contractors; non-public financial information; non-public information related to the organization, structure, operations or performance of a Designating Party; non-public lists showing clients, customers, affiliates, agents or independent contractors of a Party; other non-public information, including that which is related to clients, customers, affiliates, agents or independent contractors, that the Designating Party reasonably believes might expose the Designating Party to claims or liability if such non-public information is publically disclosed.

2.3 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Document:  all objects from which information may be derived including, but not limited to, writings, letters, notes, memoranda, correspondence, investigation files, reports, emails, messages, records, logs, invoices, bills, statements, contracts, agreements, leases, opinions, drawings, plans, graphs, charts, photographs, images, audio files or recordings.  "Document" also includes electronically maintained information, including, but not limited to, electronic or computerized forms of any document, data and databases, electronic mail and spreadsheets.

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person who: (1) is not a current officer, director, or employee of a Party or of a competitor of a Party or anticipated to become one; (2) has specialized knowledge or experience in a matter pertinent to the litigation; and (3) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8     Highly Confidential – Attorneys' Eyes Only: any information that a Designating Party in good faith believes constitutes or reveals extremely sensitive Confidential information, disclosure of which to another Party or Non-Party, with the exception of allowing Plaintiff John Deleon access to the information as indicated in Section 7.3, would create a substantial risk of serious harm.

2.9     House Counsel: attorneys who are employees of a party to this action or a parent, subsidiary or affiliate of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12 <u>Party</u>: any party to this action (and its parents, subsidiaries and affiliates) including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.16 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of

Protected Material at trial shall be governed by a separate agreement or order, pursuant to Local Rule 141.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates materials or information for protection under this Order must take reasonable care to limit any such designation to specific material that qualifies under appropriate standards, in light of the information known to the Designating Party and volume, nature and complexity of the materials or information at issue, to limit any such designation to specific materials or information that qualify under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those pages of material documents or parts of other material items for which protection is warranted. Mass, indiscriminate, or routinized designations are prohibited.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must notify all other Parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

1     (a)     <u>For information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend or the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material.

(b)     <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify at the deposition or up to 21 days afterwards if that period is properly involved, that the entire transcript shall be treated as "CONFIDENTIALLY" or "HIGHLY CONFIDENTIAL."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material so that the other parties can ensure that only authorized individuals who have

signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The parties shall cooperate in informing the court reporter(s) of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>For information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.2 <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items as protected does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material unless the correction is both (1) substantially prejudicial to the Receiving Party and (2) unreasonable in light of the sensitivity of the information or items not designated, the delay in making the correction, and the volume, nature and complexity of the information or items involved. The Receiving Party may dispute the corrected designation pursuant to the provisions of this Order for challenging designations. Upon receiving a correction and until any dispute concerning the correction is resolved, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the corrected designation.

6. CHALLENGING DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order. The parties shall attempt to resolve each challenge in good faith. The parties must begin the process by conferring within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material in light of such explanation, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Local Rule 141.1(b)(1) (and in compliance with Local Rules 230 and 251) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. Failure by

the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designating for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in each motion, whether by the Challenging Party or the Designating Party, shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.   Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles.

(a) A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

(b) Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(c) Protected Material shall not be copied or reproduced except to the extent such copying or reproduction is reasonably necessary to the conduct of this action, and all such copies and reproductions shall be subject to the terms of this Order. If the duplicating process by which copies and reproductions of Protected Materials are made does not preserve the confidentiality designation

legends that appear on the original documents, all such copies and reproductions shall be stamped or labeled appropriately in accordance with the terms of this Order.

(d) Any work product or other materials generated in preparation for this Action by experts or other consultants retained for purposes of this Action that contain or reference information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall have the following text clearly displayed: "CONTAINS CONFIDENTIAL INFORMATION PROTECTED BY COURT ORDER FROM UNAUTHORIZED USE" or "CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION PROTECTED BY COURT ORDER FROM UNAUTHORIZED USE" as applicable. For documents that contain or reference Protected Materials, including but not limited to memoranda, drafts and other materials, the text shall also be placed prominently on the first page of such document. For file folders, such as red-welds or binders, that hold papers containing or referencing Protected Materials, the text shall be affixed on the outside of such file. For electronic files, the text shall be affixed to the labels for any discs containing or referencing Protected Materials.

(e) Notwithstanding the foregoing, nothing in this Order shall limit a Party's use or disclosure of its own information.

(f) No information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall lose such status under this Order as the result of the use of such document or information in any hearing, trial, or other Court proceeding in this Action, provided that such use is consistent with the terms of this Order. In the event that any Party wishes to use such information in a Court proceeding in this action, then counsel for the Parties shall consult with each other to work out any objections to the use of such information and to propose such amendments to this Order as the Parties agree are necessary, to determine whether and how such information can be used while still protecting its confidentiality.

(g) This Order is without prejudice to the right of any Party hereto to: (a) object to any discovery request; (b) apply to the Court for any further order relating to any confidential information; or (c) apply to the Court for an order permitting disclosure of Protected Materials or

Information other than as provided herein. The provisions of this Order may also be modified on a Party's or the Court's own motion.

   7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

   (a) The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Additionally, Plaintiff shall sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) prior to viewing or accessing any information or item designated "CONFIDENTIAL";

   (b) The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (c) Employees or former employees of the Defendants (and its parents, subsidiaries, affiliates and agents), who are actively working with Defendants' counsel in the defense of this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (e) The Court and its personnel;

   (f) Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (g) Any witnesses or deponents or potential witnesses or deponents, including any authors, addressees, and recipients of the Confidential Information, if disclosure of particular Confidential Information is, in counsel's good faith judgment, necessary to a Party's prosecution or

defense of the case, provided that such persons are advised of the confidential nature of the materials involved and they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)  The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)  Mediators engaged by the Parties to assist in this Action provided that all such persons have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(j)  Insurers, reinsurers, and retrocessionaires provided that all such persons have signed the "Acknowledgment and Agreement to Be Bound (Exhibit A); and

(k)  Other persons upon order of this Court or upon stipulation of the Designating Party.

7.3  <u>Disclosure of "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" only to:

(a)  The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  The Court and its personnel;

(d)  Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)  Any witnesses or deponents or potential witnesses or deponents, including any authors, addressees, and recipients of the "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" information, if disclosure of this information is, in counsel's good faith judgment, necessary

to a Party's prosecution or defense of the case, provided that: (1) such persons are advised of the confidential nature of the materials involved and they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) such persons are not, nor anticipated to become, officers, directors, or employees of a Party (other than the Designating Party) or of a competitor of the Designating Party;

(f) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g) Mediators engaged by the Parties to assist in this Action provided that all such persons have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(h) The parties agree and stipulate that Plaintiff John Deleon is permitted to review any document designated as "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY," but only in the office of his counsel of record and after signing the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Plaintiff agrees that he will not remove any document designated as "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" from the office of his counsel of record or otherwise cause reproductions of any document or portions thereof designated "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" to be made.

7.4 Other persons upon order of this Court or upon stipulation of the Designating Party.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party or Non-Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" that Party or Non-Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party or Non-Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party or Non-Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

9.1     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2     If a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)     Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)     Promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)     Make the information requested available for inspection by the Non-Party.

9.3     If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Party that received the discovery request may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Party that received the discovery request shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.[1]  Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of its seeking protection in this Court of its Protected Material.  The Party that received the discovery request may seek a protective order prohibiting, limiting, or conditioning production of the Non-Party's confidential information, but it is not required to do so.

10.     **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

11.     **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL OR INFORMATION**

Inadvertent production of materials or information that are or may be subject attorney client privilege, work product protection, or other protection shall not automatically constitute waiver of any applicable privilege or other protection.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material or information is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file any Protected Material under seal must comply with Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Party's request to file Protected Material under seal pursuant to Local Rule 141 is denied by the Court, then that Party may file the information in the public record, unless otherwise instructed by the Court.

13. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts,

compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

CONSUMER LAW CENTER, INC.

Dated: August 31, 2016          By: /s/ *Fred W. Schwinn*
                                Fred W. Schwinn (SBN 225575)
                                Raeon R. Roulston (SBN 255622)
                                Attorneys for Plaintiff
                                JOHN DELEON

GORDON & REES LLP

Dated: August 31, 2016          By:/s/ *Craig J. Mariam*
                                Craig J. Mariam (SBN 225280)
                                Andrew M. Legolvan (SBN 292520)
                                Attorneys for Defendants
                                ELITE SELF STORAGE MANAGEMENT, LLC;
                                MANDOT, LLC
                                BUDGET SELF STORAGE, LLC
                                BRANDON JOSEPH LUTHYE
                                TINA LUTHYE

SEDGWICK LLP

Dated: August 31, 2016          By: /s/ *Bruce D. Celebrezze*
                                Bruce D. Celebrezze (SBN 102181)
                                Alexander E. Potente (SBN 208240)
                                Attorneys for Defendant
                                GREAT AMERICAN ASSURANCE COMPANY

POLSINELLI LLP

Dated: August 31, 2016          By: /s/ *Jennifer J. Axel*
                                Zuzana S. Ikels (SBN 208671)
                                Richard Amoroso (*Pro Hac Vice*)
                                Jennifer J. Axel (*Pro Hac Vice*)
                                Attorneys for Defendant
                                REPWEST INSURANCE COMPANY

54483633.2                          16                    2:15-CV-02087-MCE-EFB
STIPULATED AND [~~PROPOSED~~] PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on **[date]** in the case of *John DeLeon v. Elite Self Storage Management, LLC*, *et al.*, Case No. 2:15-CV-02087-MCE-EFB. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**ORDER**

Having reviewed the above Stipulation and Proposed Protective Order, considered the applicable law, and good cause appearing, the Court ORDERS that the parties' stipulation is approved.

IT IS SO ORDERED.

Dated:  September 6, 2016.

_____
The Honorable Edmund F. Brennan
United States Magistrate Judge